ORIGINAL



20

5-7-02

SC

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **United States Fidelity and** | : | **Civil No. 1:01-CV-0813** |
| **Guaranty Company,** | : | **FILED** |
| **Plaintiff** | : | HARRISBURG. PA |
| | : | |
| **v.** | : | MAY 0 6 2002 |
| | : | (Judge Kane)  MARY E. D'ANDREA, CLERK |
| **Bruce J. Brown and Brown,** | : | Per _____ |
| **Schultz, Sheridan & Fritz,** | : | √(Magistrate Judge Smyser) |
| **Defendants** | : | |

## JOINT MOTION FOR A LIMITED MODIFICATION OF THE CASE MANAGEMENT ORDER

The parties hereby jointly request that the Court modify the case management

order to extend the deadline for completion of discovery as well as the corresponding

deadlines for submission of expert reports and the filing of dispositive motions.   In

support of the motion the parties state:

1.  This is an action is which Plaintiff, a company that issued surety credit to a

construction company, seeks to recover damages from the defendant accountants for

alleged negligent misrepresentations contained in three years of audited financial

statements prepared by defendants for CCI Construction Company.

2.  Plaintiff claims that it issued 19 sets of payment and performance bonds to

CCI Construction Company in reliance on the audited financials and alleges it has

sustained over $31,000,000 in losses as a result.

3.  Discovery has been proceeding with the parties exchanging their self-

executing disclosures as well as responding to formal written discovery, including

interrogatories and requests for production of documents.

4.  Defendants have produced to plaintiff their audit workpapers for the years

at issue as well as other files in their possession relating to CCI.

5. Plaintiff initially produced its underwriting materials and, subsequently,

produced the takeover agreements and proof of claim filed in CCI's bankruptcy

proceeding.  Thereafter, Plaintiff produced fifty nine boxes of documents from their

offices in Baltimore and Richmond. The production, initial review and scanning of

those documents took a number of weeks and is now complete.

6.  Defendants, now that they have those documents in their possession,

are in the process of further reviewing those documents. Defendants require

additional time to review and assimilate these materials.

7.  Both parties have propounded follow up written discovery based on

information obtained during discovery.  Responses to those requests are due shortly.

The parties will likely require additional time to review and assimilate those

materials and conduct what limited follow up discovery may be necessary as a result

of those responses.

8.  In addition to written discovery, a number of depositions of party witnesses

have been taken by the parties and several other party depositions have been noticed

2

and third party witnesses subpoenaed for deposition.

9.  Due to the schedules of the witnesses and counsel, it has been difficult to schedule the depositions and will not be possible to complete these depositions within the time remaining notwithstanding the parties' efforts to do so.  The parties seek additional time in which to conduct depositions and take steps necessary to obtain documents from third parties.  Currently, the period for discovery is scheduled to conclude on May 15, 2002.

10.  Given the complexity of the case, the magnitude of plaintiff's alleged damages, the volume of documents produced and the deposition discovery completed to date, as well as the parties' diligence in pursuing discovery, there is good cause for the extension of the deadlines in the case management order.

11.  The parties jointly request that the schedule be modified as follows:

|  | **Requested extension** | **Current deadline** |
| --- | --- | --- |
| Discovery Deadline | June 21, 2002 | May 15, 2002 |
| Plaintiff's Expert Report | July 22, 2002 | July 1, 2002 |
| Defendant's Expert Report | August 22, 2002 | August 1, 2002 |
| Dispositive Motions | August 30, 2002 | August 15, 2002 |

12.  The foregoing modifications will not affect the remaining dates in the case management order including the due date for motions in limine and the dates for the final pre-trial conference and trial.

WHEREFORE, the parties jointly request that the court enter an order

3

extending the discovery, expert report and dispositive motion deadlines as set forth

above.

Respectfully submitted,

**SWARTZ, CAMPBELL & DETWEILER**


BY:_____
Jeffrey B. McCarron
Kathleen M. Carson
1601 Market Street
34th Floor
Philadelphia, PA 19103
(215) 299-4272

Attorneys for Defendants, Bruce Brown
and Brown, Schultz, Sheridan & Fritz

**BERNKOPF, GOODMAN & BASEMAN**


BY:_____
Peter McGlynn
Bruce Levin
125 Summer Street
Boston, MA 02110-1621
(617) 790-3000

Attorneys for Plaintiff,
United States Fidelity & Guaranty Company


Dated: May 3, 2002


#244743 v1/36432/87

4

# CERTIFICATE OF SERVICE

I, Kathleen M. Carson, Esquire, counsel for defendants, Bruce J. Brown and

Brown, Schultz Sheridan & Fritz, hereby certify that a copy of The Joint Motion for

Limited Modification of the Case Management Order, was served upon all counsel

listed below by first class U.S. mail, postage prepaid on May 3, 2002.


Jeffrey Rettig, Esquire
Thomas, Thomas & Hafer
305 North Front Street
Harrisburg, PA 17101

Peter B. McGlynn, Esquire
Bruce D. Levin, Esquire
Bernkopf, Goodman & Baseman LLP
125 Summer Street, Suite 1300
Boston, MA 02110


Kathleen M. Carson

Date: May 3, 2002