ORIGINAL

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA

MAY 2 4 2002

MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk
M.J Smyser

UNITED STATES FIDELITY AND :
GUARANTY COMPANY :
 :
V. :
 :   No: 01-CIV-813
 :
BRUCE J. BROWN AND BROWN, :
SCHULTZ, SHERIDAN & FRITZ :

### DEFENDANTS' BRIEF IN RESPONSE TO
### PLAINTIFF'S MOTION TO COMPEL

In this litigation, USF&G claims the audited financial statements prepared by defendants, Bruce Brown and Brown Schultz Sheridan & Fritz, for CCI Construction, Inc. misrepresented the financial condition of CCI. USF&G contends that it relied on the audited financials in issuing various payment and performance bonds.

Plaintiff seeks to compel defendants to produce documents in its possession relating to Pennsylvania Contractors Insurance Company ("PCIC"). Both PCIC and CCI were owned by John Ortenzio. PCIC provided remedial insurance to CCI on certain of its construction jobs. Brown Schultz provided auditing services for PCIC.

Plaintiff, in its discovery requests sought: (1) any and all documents, including audit reports, referring or relating to PCIC; and (2) any and all agreements between CCI and PCIC. Defendants asserted that the documents requested by defendants were irrelevant. In addition,

defendants raised the accountant client privilege in response to plaintiffs request.

First, the scope of the plaintiff's discovery requests is such that the information sought is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff has raised an issue with regard to whether a $1.2 million claim on one of CCI's projects, the Mahanoy Prison job, should have been included as revenue in the 1998 audited financials. Plaintiff questioned Brown Schultz's knowledge of PCIC's ability to satisfy that claim. Given this very limited issue, Plaintiff should not be permitted to conduct a wholesale inquiry into the finances of PCIC during the entire course of its existence. That information is not relevant to the issues in this litigation.

With respect to the request for any and all agreements between CCI and PCIC, it appears that plaintiff already has the documents that are even arguably relevant in its possession. Plaintiff has attached the insurance agreement relating to Mahanoy Prison job to its motion to compel. In addition, the Guaranty Agreement between PCIC and CCI relating to the Mahanoy Prison project was produced by defendants at Bates number BSSF 2333-2334. Finally, with respect to other insuring agreement, while not relevant to the issues in this case, Mr. Ortenzio testified at his deposition that to the extent that an insuring agreement

2

was issued by PCIC on a CCI construction job, that agreement would be in the file for that particular project. He further testified that those files were turned over to USF&G.

Defendants have also asserted the accountant client privilege in response to plaintiff's request. The Pennsylvania accountant-client privilege is a statutory privilege set forth in 63 P.S. § 9.11a and provides:

> Except by permission of the client, . . . a certified public accountant . . . holding a license to practice under this act shall not be required to, and shall not voluntarily, disclose or divulge information of which he may have become possessed relative to and in connection with any professional services as a certified public accountant. . . . The information derived from or as the result of such professional services shall be deemed confidential and privileged. Provided, however, that nothing herein shall be taken or construed as prohibiting the disclosure of information required to be disclosed by the standards of the profession in reporting on the examination of financial statements, or in making disclosures in a court of law or in disciplinary investigations or proceedings when the professional services of the certified public accountant. . . are at issue in an action, investigation of proceeding in which the certified public accountant . . . are parties.

The privilege objection was raised to protect the interests of the client. Although Brown Schultz can probably produce the materials in spite of the privilege to assist with the defense, there exists a basis for the contention by the client that the materials are protected from disclosure since the professional services provided by defendants to PCIC are not at issue in this action and because Mr. Ortenzio, the owner of PCIC has not, as yet, consented to disclosure of the requested information.

3

Defendants respectfully request that this court deny Plaintiff's motion to compel on grounds that requests are overly broad and, as such, seek information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

        SWARTZ, CAMPBELL & DETWEILER

BY: _____
for   JEFFREY B. MC CARRON
       KATHLEEN M. CARSON

Dated: May 24, 2002

4

## CERTIFICATE OF SERVICE

I, Kathleen M. Carson, Esquire, counsel for defendants, Bruce J. Brown and

Brown, Schultz Sheridan & Fritz, hereby certify that a copy of defendants' Brief in

Opposition to Plaintiff's Motion to Compel, was served upon all counsel listed below

by first class U.S. mail, postage prepaid on May 24, 2002.

Jeffrey Rettig, Esquire
Thomas, Thomas & Hafer
305 North Front Street
Harrisburg, PA 17101

Peter B. McGlynn, Esquire
Bruce D. Levin, Esquire
Bernkopf, Goodman & Baseman LLP
125 Summer Street, Suite 1300
Boston, MA 02110

_____
Kathleen M. Carson

Date: May 24, 2002