ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(Harrisburg Division)

UNITED STATES FIDELITY AND )
GUARANTY COMPANY, )
    Plaintiff )
)
v. ) CIVIL ACTION NO. 1:01-CV-00813
)
) JUDGE KANE
BRUCE J. BROWN and BROWN )
SCHULTZ SHERIDAN & FRITZ, )
    Defendants. )

FILED
HARRISBURG, PA

JUN 0 3 2002

MARY E. D'ANDREA, CLERK
Per_____
    Deputy Clerk

**PLAINTIFF'S REPLY MEMORANDUM IN
SUPPORT OF ITS MOTION TO COMPEL**

Plaintiff, United States Fidelity and Guaranty Company ("USF&G") submits this Reply Memorandum to address several issues raised in the Defendants' Response to USF&G's Motion to Compel (the "Response").

In short, not only is USF&G's request for documentation related to Pennsylvania Contractors Insurance Company ("PCIC") neither overbroad nor irrelevant, but all relevant documents have *not* been previously produced by the Defendants. Moreover, to the extent that the Defendants continue their unjustified reliance on 63 P.S. §9.11a – the Pennsylvania accountant-client privilege statute – the Response shows that such privilege has been waived.

## Discussion

PCIC is or was a corporation incorporated in the Turks and Caicos Islands, B.W.I., purportedly for the purpose of furnishing "remedial" or "warranty" insurance for CCI Construction Company ("CCI"). Upon information and belief, both CCI and PCIC are wholly-

owned by the same individual, John Ortenzio ("Ortenzio"). The above-captioned action is a claim by USF&G against the Defendants arising out of the Defendants' audit of CCI's books and records for the years 1996-1998. The Defendants also served as PCIC's auditors and performed audit, tax and/or accounting work for numerous other entities owned by Ortenzio or entities in which he has an interest.

Hundreds of thousands, and perhaps millions of dollars, of CCI's funds were purportedly "paid" to PCIC in exchange for remedial or warranty work insurance protection. During Ortenzio's deposition last week – which was suspended at Ortenzio's request because of his alleged need to consult with counsel – he testified that literally dozens of insurance policies were "issued" by PCIC to CCI. These policies had no limits of liability, and Ortenzio testified that PCIC established no reserves for its liability expense on such policies. In fact, Ortenzio acknowledged that claims payments to CCI were made at his discretion.

At least one (and possibly more) of CCI's extra work claims was purportedly "guaranteed" by PCIC. These insurance policies and the "guaranty" issued by PCIC to CCI purportedly formed the basis for the Defendants' determination that such claims – amounting to $1.2 million – would be included in CCI's gross revenue in the Defendants' annual audit reports. Accordingly, it is entirely relevant to the above captioned action to learn, *inter alia*, about the number of policies that PCIC issued to CCI, the amount of money that PCIC received from CCI, and the amounts available in PCIC's bank account to satisfy all outstanding insured and guaranteed claims.

The Defendants assert – with no specificity – that USF&G has all documents relevant to PCIC in its possession. However, Defendants do not disclose what *other* documents are in its possession, custody or control which have *not* been produced. USF&G acknowledges that the

Defendants have previously produced one insurance policy, one "Guaranty Agreement" *and nothing else*. However, by virtue of the Defendants' audit engagements on PCIC's behalf, there are, quite likely, additional work papers in Defendants' possession, custody and control which will show, *inter alia*, the financial position of PCIC as reflected in the audited financial reports. Conspicuous by its absence in the Response is any comment as to what documents the Defendants have with respect to such policies and the reserve and premiums paid therefor.

Finally, in connection with the above-referenced litigation, the Defendants have previously produced hundreds of pages of documents pertaining to CCI, as well as the two documents pertaining to PCIC described above. No claim of accountant-client privilege was ever made with respect to those documents, nor was there any privilege claim raised when questions pertaining to CCI and PCIC were propounded during the depositions of the Defendants' present and former employees, Bruce Brown, Deborah Bowman and Corinne Rebinski.

Thus, it must be assumed that the Defendants obtained the consent of both CCI and PCIC to the disclosures and document production previously made. Therefore, CCI and PCIC must be deemed to have waived any accountant-client privilege which attaches to such disclosures and documents. Therefore, the Defendants cannot now insist upon the accountant-client privilege in refusing to turn over additional documents and divulge additional information. Finally, neither CCI nor PCIC have intervened to assert the privilege in this particular proceeding.

### Conclusion

For the reasons advanced in this Reply and in USF&G's initial moving papers, USF&G's Motion should be granted and it should be awarded such other and further relief as is proper and just.

Respectfully submitted,
UNITED STATES FIDELITY
& GUARANTY COMPANY,
By its attorneys,

_/s/ PBM_

Peter B. McGlynn, Esquire
Bruce D. Levin, Esquire
Bernkopf, Goodman & Baseman LLP
125 Summer Street, Suite 1300
Boston, MA 02110
Telephone:   (617) 790-3000
Facsimile:    (617) 790-3300

and

Peter Speaker, Esquire
Thomas, Thomas & Hafer
305 North Front Street
Harrisburg, PA 17101
Telephone:   (717) 237-7100
Facsimile:    (717) 237-7105

Dated: May 31, 2002
#246569 v1/36432/87

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each other party by mail (by hand) 5/31/02

_/s/ PBM_