

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY, | CIVIL NO. 1:01-CV-0813 |
| Plaintiff | (Judge Kane) |
| v. | (Magistrate Judge Smyser) |
| BRUCE J. BROWN and BROWN SCHULTZ SHERIDAN & FRITZ, | FILED HARRISBURG, PA |
| Defendants | JUN 1 3 2002 |
| | MARY E. D'ANDREA, CLERK Per_____ Deputy Clerk |

### ORDER

The plaintiff, United States Fidelity and Guaranty Company, commenced this action by filing a complaint on May 9, 2001. The defendants are Bruce J. Brown and Brown Schultz Sheridan & Fritz.

The plaintiff alleges the following facts in the complaint. The plaintiff is in the business of issuing payment and performance bonds on behalf of contractors and subcontractors engaged in the performance of work on public and private construction projects. *Complaint* at ¶7.
CCI Construction Co. was a contractor engaged in construction work on public and private construction projects. *Id.* at ¶6.

As a condition of the issuance of payment and performance bonds to CCI, the plaintiff required CCI to furnish to it annually an audit report by an independent certified public accountant consisting of, *inter alia*, an audit of CCI's balance sheet and income statement. *Id.* at ¶10. The defendants perform work as independent certified public accountants including preparing audited financial statements for construction contractors and subcontractors for use by bonding companies. *Id.* at ¶11.

The defendants prepared audited financial statements for CCI for the years ending December 31, 1996, December 31, 1997 and December 31, 1998. *Id.* at ¶12. The defendants knew that the audited financial statements would be provided by CCI to its bonding company, which at all relevant times was the plaintiff. *Id.* at ¶13. The defendants knew that CCI's bonding company would rely upon the audited financial statements to determine whether to issue payment and performance bonds to CCI. *Id.* at ¶14. In reliance on the audited financial statements prepared by the defendants, the plaintiff extended surety credit to CCI and issued payment and performance bonds to CCI. *Id.* at ¶¶16, 18 & 20. The audited financial

statements prepared by the defendants were inaccurate, contained omissions and were misleading. *Id.* at ¶¶21, 32.

On or about September of 1999, CCI informed the plaintiff that it lacked the financial resources to continue its operations and that it would not be able to complete its work and pay its suppliers and subcontractors on the projects for which the plaintiff had issued payment and performance bonds. *Id.* at ¶ 22. On May 19, 2000, CCI filed for bankruptcy. *Id.* at ¶24. As surety for the payment and performance bonds, the plaintiff was required to and did expend substantial sums in completing the projects and satisfying the claims of CCI's unpaid vendors, employees and subcontractors. *Id.* at ¶23. The plaintiff has incurred losses of approximately $31,816,895 in connection with the bonds issued to CCI. *Id.* at ¶25.

The complaint contains only one count - a claim for negligent misrepresentation.

On May 8, 2002, the plaintiff filed a motion to compel the production of documents. On May 24, 2002, the defendants filed a brief in opposition, and on June 3, 2002, the plaintiff filed a reply brief.

The plaintiff's motion to compel concerns the following document requests:

> 3. Any and all documents, including audit reports, referring or relating to PCIC, also known at Pennsylvania Contractors Insurance Co.
>
> 4. Any and all agreements between CCI and PCIC.

The defendants objected to these document requests on the basis that the requests seek information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The defendants further objected to the document requests on the basis that the requests seek information subject to the accountant-client privilege as codified at 63 Pa.C.S.A. § 9.11a.

We will first address the defendants' relevancy objection.

Federal Rule of Civil Procedure 26(b)(1) provides, in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books,

>documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

The discovery rules "are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials." *Herbert v. Lando*, 441 U.S. 153, 177 (1979). When relevance is in doubt the court should be permissive in allowing discovery. *Heat & Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017, 1024 (Fed.Cir. 1986).

The plaintiff asserts that the requested documents are relevant to this action because in the audited financial statements of CCI reference is made by the defendants to claims made by CCI against an insurance policy written by PCIC. The plaintiff contends that CCI and PCIC are related companies and that what the defendants knew or should have known regarding PCIC is crucial to a determination as to whether the defendants were negligent in including insurance claims against PCIC in

5

CCI's gross revenue and/or were negligent in not sufficiently disclosing the relationship between CCI and PCIC.

We conclude the requested documents may lead to the discovery of evidence relevant to the plaintiff's claims that the defendants were negligent in the preparation of the CCI's financial statements.

Next, we address the accountant-client privilege.

> 63 Pa.C.S.A. § 9.11a provides:
>
> Except by permission of the client engaging him or the heirs, successors or personal representatives of a client, a licensee or a person employed by a licensee shall not be required to, and shall not voluntarily, disclose or divulge information of which he may have become possessed unless the sharing of confidential information is within the peer review process.  This provision on confidentiality shall prevent the board from receiving reports relative to and in connection with any professional services as a certified public accountant, public accountant or firm.  The information derived from or as the result of such professional services shall be deemed confidential and privileged. Nothing in this section shall be taken or construed as prohibiting the disclosure of information required to be disclosed by the standards of the profession in reporting on the examination of financial statements, or in making disclosures in a court of law or in disciplinary investigations or proceedings

>when the professional services of the certified public accountant, public accountant or firm are at issue in an action, investigation or proceeding in which the certified public accountant, public accountant or firm is a party.

"Since the statute is in derogation of the common law which does not accord an accountant-client privilege the privilege which it accords must be strictly construed." *United States v. Bowman*, 358 F.2d 421, 423 (3d Cir. 1966).

In their brief in opposition to the motion to compel, the defendants do not argue that the court should deny the plaintiff's motion to compel on the basis of the accountant-client privilege. Rather, after setting forth the text of 63 Pa.C.S.A. §9.11a, the defendants state:

>The privilege objection was raised to protect the interests of the client. Although Brown Schultz can probably produce the materials in spite of the privilege to assist with the defense, there exists a basis for the contention by the client that the materials are protected from disclosure since the professional services provided by the defendants to PCIC are not at issue in this action and because Mr. Ortenzio, the owner of PCIC has not, as yet, consented to disclosure of the requested information.

*Doc.* 24 at 3.

7

By its explicit terms, the privilege created by 63 Pa.S.C.A. § 911.a does not apply to disclosures made in a court of law when the accountant is a party to the case. The accountants in this instance are the defendants in this case. We will not deny the plaintiff's motion to compel on the basis of the accountant-client privilege.

AND NOW, this 13th day of June, 2002, **IT IS HEREBY ORDERED** that the plaintiff's motion (doc. 21) to compel is **GRANTED**. Within seven days of the date of this Order the defendants shall provide to the plaintiff the documents requested by the plaintiff. Pursuant to Fed.R.Civ.P. 37(a)(4), **IT IS FURTHER ORDERED** that the defendants shall pay to the plaintiff the reasonable expenses, including attorney's fees, the plaintiff incurred in filing its motion to compel.

J. Andrew Smyser
Magistrate Judge

Dated: June 13, 2002.