UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(Harrisburg Division)

| | |
|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY,<br><br>Plaintiff<br><br>v.<br><br>BRUCE J. BROWN and BROWN SCHULTZ SHERIDAN & FRITZ,<br><br>Defendants. | CIVIL ACTION NO. 1:01-CV-00813<br><br>JUDGE KANE |

**FILED**
HARRISBURG, PA
JUN 1 2 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

### MOTION TO AMEND CASE MANAGEMENT ORDER REGARDING EXPERT REPORTS

United States Fidelity & Guaranty Company ("USF&G") hereby moves to amend the Case Management Order to provide that USF&G have the opportunity to submit expert reports and designate experts that may be needed in response to experts designated by Brown Schultz Sheridan & Fritz and Bruce J. Brown (collectively, "Brown Schultz").

In support of this Motion, USF&G avers and asserts as follows:

1. By this action, USF&G has asserted a cause of action of negligent misrepresentation by which it seeks to recover from Brown Schultz damages incurred by USF&G relative to performance and payment bonds underwritten by USF&G on behalf of CCI Construction ("CCI") based on audits of CCI prepared by Brown Schultz.

2. According to the Case Management Order dated August 17, 2001, as amended by Order dated May 8, 2002, the deadline for submission of expert reports by USF&G is July 22,

2002. The deadline for submission of expert reports by Brown Schultz is August 21, 2002. Any supplements to reports shall be submitted on or before October 18, 2002.

3. USF&G intends to submit an expert report as to what it avers are various auditing and accounting errors by Brown Schultz no later than July 22, 2002. This USF&G believes will be the only expert necessary for USF&G to prove its *prima facie* case – which requires, *inter alia*, that USF&G prove that Brown Schultz did not exercise the skill and knowledge normally possessed by accountants in the community relative to audit reports prepared by Brown Schultz. *See, Robert Wooler Co. v. Fidelity Bank*, 370 Pa. Super. 523, 479 A. 2d 1027 (1984); Restatement (Second) of Torts §299A. Possessed of this expert's report no later than July 22, 2002, Brown Schultz will have the opportunity to retain an expert and submit expert reports in support of its position on the issues raised by USF&G.

4. USF&G proposes that no later than July 22, 2002 that USF&G submit the report of its expert on accounting standards and practices. No later than August 21, 2002, Brown Schultz may submit its rebuttal expert. In the event that Brown Schultz seeks to designate any experts other than its rebuttal expert on accounting, Brown Schultz shall also file the appropriate expert reports by that date. USF&G will then have thirty (30) days after Brown Schultz' deadline – until September 20, 2002 – to file expert reports in rebuttal to the designations made by Brown Schultz.

5. In essence, the relief sought by USF&G is justified for the same reason that Brown Schultz' expert reports need not be submitted until 30 days after USF&G has done so; to wit, it is difficult, if not impossible, for a party to determine the nature of all expert testimony it may need until the other party has fully made known the detailed nature of its claims (or, as applicable to Brown Schultz, its defenses). During the course of discovery, it has become

apparent that Brown Schultz may rely upon various affirmative defenses – such as failure to mitigate – for which it will bear the burden of proof. Unless and until expert reports are provided by Brown Schultz, USF&G is unable to submit any expert reports to rebut or respond to such defenses.

6. The relief sought by USF&G is not prejudicial to Brown Schultz. Brown Schultz will be in possession of USF&G's expert reports prior to the date Brown Schultz must submit its own such reports. Brown Schultz will be given full opportunity to respond to issues and topics raised by USF&G. Moreover, if Brown Schultz believes further issues and topics require expert testimony, it will be fully able to submit appropriate expert reports; USF&G merely seeks the ability to timely respond to any such expert reports. Moreover, the approach suggested by USF&G will likely result in considerable savings for both sides. In addition to being highly speculative, it would be expensive and wasteful for USF&G to retain experts and to provide expert reports on topics that may never be raised at trial. If USF&G submits expert reports on speculative topics solely to preserve its rights, Brown Schultz may have to retain experts and submit expert reports to rebut testimony and topics that it might not otherwise present at trial.

WHEREFORE, USF&G respectfully requests that the Court issue an order:

1. Allowing USF&G a period of 30 days in which to file expert reports in rebuttal to expert reports submitted by Brown Schultz, other than those submitted by Brown Schultz in rebuttal to USF&G's expert reports; and

2. Providing such other and further relief as is just and proper.

          UNITED STATES FIDELITY
          & GUARANTY COMPANY,
          By its attorneys,

          _____
          Peter B. McGlynn, Esquire
          Bruce D. Levin, Esquire
          Bernkopf, Goodman & Baseman LLP
          125 Summer Street, Suite 1300
          Boston, MA 02110
          Telephone: (617) 790-3000
          Facsimile: (617) 790-3300

          and

          Peter Speaker, Esquire
          Thomas, Thomas & Hafer
          305 North Front Street
          Harrisburg, PA 17101
          Telephone: (717) 237-7100
          Facsimile: (717) 237-7105

Dated: June 10, 2002
#246749 v1/36432/87

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each other party by mail (by hand) 6/10/02

_____