UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(Harrisburg Division)

|  |  |
|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY,<br>Plaintiff<br><br>v.<br><br>BRUCE J. BROWN and BROWN SCHULTZ SHERIDAN & FRITZ,<br>Defendants. | CIVIL ACTION NO. 1:01-CV-00813<br><br>JUDGE KANE |

**UNITED STATES FIDELITY AND GUARANTY COMPANY'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

United States Fidelity and Guaranty Company (USF&G) hereby opposes the Defendants' Motion to Compel Production of Documents (the "Motion to Compel"). The information sought consists of confidential communications between USF&G and its reinsurers. Such information is irrelevant to any elements of either USF&G's cause of action or any affirmative defenses that have been raised. Except for policy coverage disputes, reinsurance information is not generally discoverable. Additionally, a significant portion of the documents sought are protected from production by the work product doctrine. Accordingly, the Motion to Compel should be denied.

In further support of its Opposition, USF&G avers and asserts as follows:

1.    The information sought is irrelevant to the instant action. In fact, the Motion to Compel contains no legal authority in which the production of reinsurance documents has been compelled in any action other than an insurance policy coverage dispute. The instant action is an action for negligent misrepresentation concerning alleged accounting malpractice by Bruce J.

Brown and Brown Schultz Sheridan & Fitz (collectively, "Brown Schultz"). Simply, the two types of actions are "apples and oranges".

2. Many of the documents sought are protected by the work product doctrine. Not only has Brown Schultz failed to demonstrate either need or relevance but the documents sought contain the mental impressions and thoughts of legal counsel, which are accorded the highest level of protection from discovery. Because of the "common interest" doctrine, the work product protection is not destroyed by the previous production of such material to USF&G reinsurers.

3. The harm that will befall USF&G if the production of documents is ordered greatly outweighs any harm to Brown Schultz if further production is denied. The information sought is highly confidential and proprietary. Additionally, the production of the information sought could adversely affect USF&G's ongoing relationship with its reinsurers.

USF&G files contemporaneously herewith and incorporates herein by reference United States Fidelity and Guaranty Company's Memorandum of Law in Support of its Opposition to Defendant's Motion to Compel Production of Documents.

WHEREFORE, USF&G respectfully requests that the Court enter an Order:

1. Denying the Motion to Compel;

  2. Awarding USF&G its fees and costs incurred in opposing the Motion to Compel; and

  3. Providing such other and further relief as is necessary and just.

UNITED STATES FIDELITY & GUARANTY COMPANY,
By its attorneys,

*[signature]*

Peter B. McGlynn, Esquire
Bruce D. Levin, Esquire
Bernkopf, Goodman & Baseman LLP
125 Summer Street, Suite 1300
Boston, MA  02110
Telephone: (617) 790-3000
Facsimile: (617) 790-3300

and

Peter Speaker, Esquire
Thomas, Thomas & Hafer
305 North Front Street
Harrisburg, PA  17101
Telephone: (717) 237-7100
Facsimile: (717) 237-7105

Dated: July 3, 2002
#248722 v1/36432/87

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each other party by mail (by hand) on  7/3/02

*[signature]*