**ORIGINAL**

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(Harrisburg Division)

|  |  |
|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY, <br> Plaintiff <br><br> v. <br><br> BRUCE J. BROWN and BROWN SCHULTZ SHERIDAN & FRITZ, <br> Defendants | FILED <br> HARRISBURG, PA <br> JUL 18 2002 <br> MARY E. D'ANDREA, CLERK <br> Per _____ Deputy Clerk <br><br> CIVIL ACTION NO. 1:01-CV-00813 <br><br> JUDGE KANE <br><br> MJ Smyser |

### DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION OF MAGISTRATE SMYSER'S ORDER REGARDING PRODUCTION OF PCIC DOCUMENTS

1. Defendants' seek partial reconsideration of this court's June 13, 2002 order which required production of documents relating to Pennsylvania Contractor's Insurance Company ("PCIC") and ordered defendants to pay plaintiff's reasonable attorneys fees in connection with bringing its motion to compel.

2. Defendants have produced all documents in their possession relating to PCIC and seek reconsideration only of that portion of the order requiring defendants to pay plaintiff's reasonable attorneys fees in bringing the motion.

3. This court assessed reasonable expenses including attorneys fees that plaintiff incurred in its motion pursuant to F.R.C.P. 37(a)(4).

4. Defendants respectfully submit their objections to that discovery were substantially justified for the reasons set forth in the accompanying memorandum

and, as such, did not warrant an award of fees.

5. In addition, this court only awarded the "reasonable expenses", including attorneys fees, incurred by plaintiff in bringing its motion. Plaintiff has demanding payment of $2613 as the amount of fees it incurred in connection with this motion. A copy of Plaintiff's letter and accompanying invoices are attached hereto as Exhibit A.

6. The fees requested by plaintiff are unreasonable both in terms of the rates charged and the total amount charged.

WHEREFORE, Defendants respectfully request that the order awarding attorney's fees to plaintiff should be vacated or, in the alternative, should be for a fraction of the amount demanded by plaintiff.

SWARTZ, CAMPBELL & DETWEILER

BY: _____
JEFFREY B. MC CARRON
KATHLEEN M. CARSON

Dated: July 17, 2002

**EXHIBIT "A"**

# BERNKOPF, GOODMAN & BASEMAN LLP

COUNSELLORS AT LAW
125 SUMMER STREET
BOSTON, MASSACHUSETTS 02110-1621
TELEPHONE (617) 790-3000
TELECOPIER (617) 790-3300

June 27, 2002

Bruce D. Levin
DIRECT DIAL: (617) 790-3314
e-mail: blevin@bgblaw.com

*VIA FACSIMILE AND FIRST CLASS MAIL*

Kathleen Carson, Esquire
Swartz Campbell Detweiler
1601 Market Street
Philadelphia, PA 19103-2316

Re: United States Fidelity & Guaranty Company v. Brown Schultz Sheridan & Fritz

Dear Kathy:

As you are no doubt aware, Magistrate Judge Smyser ordered that your client pay my client the attorneys' fees incurred relative to the motion to compel.

I am enclosing a summary sheet of the fees, as well as redacted copies of the actual bills to my client. All entries not directly and necessarily related to the preparation and filing of the motion to compel have been redacted. My client seeks to recover only those fees represented by the billing entries provided. The documents demonstrate that my client is owed the sum of $2,613. If you have any questions regarding this, please contact me promptly. Otherwise, I will expect to receive payment within 10 days of this letter.

Please feel free to call me if you have any questions or comments.

Very truly yours,

Bruce D. Levin

Enclosures
cc: Mark Holtschneider, Esquire
    Peter B. McGlynn, Esquire
BDL/mlb
#248453 v1/36432/87

# FEES REGARDING THE MOTION TO COMPEL

April 2002

71.00
118.00
177.00
324.50

690.50


May 2002

300.00
50.00
550.00
162.50
300.00
260.00
300.00

1,922.50

**TOTAL:**     **$2,613.00**


| Attorney | Rate |
|---|---|
| Bruce D. Levin | $295.00 |
| Peter B. McGlynn | $355.00 |

BERNKOPF, GOODMAN & BASEMAN LLP
125 Summer Street
Boston, Massachusetts 02110
(617) 790-3000

Mark Holtschneider, Esq.
The Saint Paul Companies
St. Paul Surety - Claim
5801 Centennial Way (MC41)
Baltimore        MD 21209 3653

Statement No.   70331 PBM
May 10, 2002
Client No. 36432   -00087
BROWN, SCHULTZ, SHERIDAN &
FRITZ (CCI)

Federal Tax ID #: 04-2207221

---

DESCRIPTION OF SERVICES RENDERED THROUGH    4/30/02

Date    Init    Description                                              Hours          Amount



Mark Holtschneider, Esq.                          Statement No.   70331
Client No. 36432  -00087                          May 10, 2002
                                                  Page         2

**REDACTED**

| Date | Init | Description | Hours | Amount |
|---|---|---|---|---|
| 4/19/02 | PBM | Telephone call with J. McCarron re: Pennsylvania Contractors Insurance Co. | .20 | 71.00 |
| 4/19/02 | BDL | Letter to K. Carson re. PCIC documents. | .40 | 118.00 |

Mark Holtschneider, Esq.　　　　　　　　　　Statement No.　70331
Client No. 36432　-00087　　　　　　　　　　May 10, 2002
　　　　　　　　　　　　　　　　　　　　　　Page　　　9

| | | | | |
|---|---|---|---|---|
| 4/29/02 | BDL | Review local rules and draft pre-motion letter to K. Carson re. motion to compel documents. | .60 | 177.00 |
| 4/29/02 | BDL | Draft motion to compel. | 1.10 | 324.50 |

# REDACTED

BERNKOPF, GOODMAN & BASEMAN LLP
125 Summer Street
Boston, Massachusetts 02110
(617) 790-3000

Mark Holtschneider, Esq.  
The Saint Paul Companies  
St. Paul Surety - Claim  
5801 Centennial Way (MC41)  
Baltimore         MD 21209 3653  

Statement No.   70850 PBM  
June 14, 2002  
Client No. 36432   -00087  
BROWN, SCHULTZ, SHERIDAN &  
FRITZ (CCI)  

Federal Tax ID #: 04-2207221

---

DESCRIPTION OF SERVICES RENDERED THROUGH    5/31/02

| Date | Init | Description | Hours | Amount |
|------|------|-------------|-------|--------|

**REDACTED**

| Date | Init | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 5/01/02 | BDL | Draft and revise motion to compel. | 1.20 | 300.00 |

Mark Holtschneider, Esq.                        Statement No.  70850
Client No. 36432  -00087                        June 14, 2002
                                                Page      2

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 5/02/02 | BDL | Conference with A. Boutin re. PCIC documentation. | .20 | 50.00 |
| 5/02/02 | BDL | Draft and revise motion to compel PCIC documents. | 2.20 | 550.00 |
| 5/03/02 | PBM | Review and revise motion to compel. | .50 | 162.50 |



| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 5/06/02 | BDL | Draft and revise motion to compel production of documents. | 1.20 | 300.00 |

| Mark Holtschneider, Esq. | Statement No. | 70850 |
| Client No. 36432 -00087 | June 14, 2002 | |
| | Page | 11 |

**REDACTED**

| | | | | |
|---|---|---|---|---|
| 5/31/02 | PBM | Draft reply to Brown Schultz's response to motion to compel. | .80 | 260.00 |

Mark Holtschneider, Esq.                Statement No.    70850
Client No. 36432  -00087                June 14, 2002
                                        Page       13

| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| 5/31/02 | BDL | Revise, proof and send out reply brief on motion to compel. | 1.20 | 300.00 |

**REDACTED**

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(Harrisburg Division)

| | |
|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY,<br>Plaintiff<br><br>v.<br><br>BRUCE J. BROWN and<br>BROWN SCHULTZ SHERIDAN & FRITZ,<br>Defendants | CIVIL ACTION NO. 1:01-CV-00813<br><br>JUDGE KANE |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION FOR PARTIAL RECONSIDERATION OF MAGISTRATE SMYSER'S ORDER REGARDING PRODUCTION OF PCIC DOCUMENTS

Defendants' seek partial reconsideration of this court's June 13, 2002 order which required production of documents relating to Pennsylvania Contractor's Insurance Company ("PCIC") and ordered defendants to pay plaintiff's reasonable attorneys fees in connection with bringing its motion to compel. Defendants have produced all documents in their possession relating to PCIC and seek reconsideration only of that portion of the order requiring defendants to pay plaintiff's reasonable attorneys fees in bringing the motion.

This court assessed reasonable expenses including attorneys fees that plaintiff incurred in its motion pursuant to F.R.C.P. 37(a)(4). Defendants respectfully submit their objections to that discovery were substantially justified and, as such, did not warrant an award of fees. In addition, this court only awarded "reasonable

expenses", including attorneys fees, incurred by plaintiff in bringing its motion. Plaintiff forwarded a letter to defendants demanding payment of $2613 as the amount of fees incurred in connection with this motion. Defendants submit that the $2,613 requested by plaintiff is unreasonable.

In connection with plaintiff's motion to compel, Defendant raised two objections to the requests. First, that the materials sought were irrelevant and second, a concern that the accountant client privilege codified at 63 Pa. C.S.A. § 9.11a precluded production of the information sought.

Rule 37(a)(4)(A) provides that, if a motion to compel discovery is granted, the court shall, "after affording an opportunity to be heard," require the party whose conduct necessitated the filing of the motion to pay to the moving party reasonable expenses incurred in opposing the motion unless the court finds that the opposing party's non-disclosure, response or objection was substantially justified, or that other circumstances make an award of expenses unjust. F.R.C.P. 37(a)(4)(A). Whether a discovery motion is "substantially justified" depends on the particular facts of each case. Hutchinson v. Pfeil, 1999 U.S. App. LEXIS 29523 (10th Cir. 1999). The controlling definition of "substantially justified" is set forth in Pierce v. Underwood, 487 U.S. 552, 564-65, 101 L. Ed. 2d 490, 108 S. Ct. 2541 (1988), where the Supreme Court found that "substantially justified" means "justified in substance or in the main -- that is, justified to a degree that could satisfy a reasonable person."

Defendants submit that there was a substantial basis to argue that wholesale

2

discovery into the finances of PCIC was not relevant to the issues at hand and that USF&G already had in its possession the documents which might be relevant. To date, plaintiff has only identified the Mahanoy Prison claim as a claim under a PCIC issued policy that should not have been included in gross revenues in the financials for the year ended December 31, 1998. Plaintiff had in its possession, the policy issued by PCIC to CCI and the Guaranty Agreement between PCIC and CCI with regard to the claim pursuant to which PCIC agreed to pay that portion of the claim which was not paid by the project's owner, the Commonwealth of Pennsylvania. Plaintiff's request regarding the PCIC documents were not limited to the 1998 time frame but rather were unlimited in time and required production of financial information going back to the year end 1994. In addition, the requests sought information wholly unrelated to the matters at issue. As an example, documents relating to PCIC's tax returns are included within the scope of the request. While the court ultimately disagreed with defendants regarding the relevance objection, defendants respectfully request that the court reconsider its determination that this objection was not justified in the main.

Similarly, as to the accountant client privilege, defendants submit that the issues raised in connection with that privilege were not insubstantial. Defendants were in the difficult position of having to disclose information derived from professional services provided to PCIC, where the client had not consented. The accountant client privilege statute allows the accountant to disclose the documents to

3

the extent necessary to defend itself from a claim. Plaintiff's discovery request did not involve disclosure by the accountant to establish a defense. Rather, the discovery request was by plaintiff in connection with plaintiff's fact gathering process. John Ortenzio, the owner of PCIC, a client of Brown Schultz, would not consent to the disclosure of the PCIC documents. Moreover, the services provided by Brown Schultz to PCIC are not at issue in this lawsuit and PCIC is not a party to the action. Brown Schultz was not free to capitulate to the request by plaintiff in the face of an absence of consent by PCIC and circumstances which the statute provided and exception to protection of the materials. The objection by Brown Schultz was not only reasonable but warranted.

Based on the foregoing, defendants request that this court reconsider its order insofar as it awards attorneys' fees to plaintiff.

Defendants also object to the reasonableness of the fees sought. Plaintiff has demanded $2613 from defendants in connection with the motion. Defendants object that both the rates charged, $295 per hour for Mr. Levin and $355 per hour for Mr. McGlynn are unreasonable, and the total amount is excessive for a straightforward discovery motion which litigators charging rates of highly qualified and experienced litigators should have completed within a couple of hours and without the substantial involvement of two lawyers.

Defendants respectfully submit that the order awarding attorney's fees to plaintiff should be vacated or, in the alternative, should be for a fraction of the amount demanded by plaintiff.

>Respectfully submitted,
>
>SWARTZ, CAMPBELL & DETWEILER
>
>BY: *Kathleen M Carson*
>JEFFREY B. MC CARRON
>KATHLEEN M. CARSON

Dated: July 17, 2002

## CERTIFICATE OF SERVICE

Kathleen M. Carson certifies that a true and correct copy of the within Motion for Reconsideration of Magistrate's Smyser's Order Regarding Production of PCIC Documents was served on all counsel by facsimile and first class mail, postage pre-paid, this 17th day of July, 2002

*[signature]*
Kathleen M. Carson