, 2 Cx

ORIGINAL

(39)
7/26/0

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(Harrisburg Division)

FILED
HARRISBURG, PA

JUL 2 5 2002

MARY E. D'ANDREA, CLER
Per _____
Deputy Clerk

|  |  |  |
|---|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY, Plaintiff | ) ) ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 1:01-CV-00813 |
| BRUCE J. BROWN and BROWN SCHULTZ SHERIDAN & FRITZ, Defendants. | ) ) ) ) ) | JUDGE KANE |

mag J. Smyse/

**OPPOSITION OF UNITED STATES FIDELITY AND GUARANTY COMPANY TO DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION OF MAGISTRATE SMYSER'S ORDER REGARDING PRODUCTION OF PCIC DOCUMENTS**

United States Fidelity and Guaranty Company (USF&G) hereby opposes the Defendants'

Motion for Partial Reconsideration of Magistrate Smyser's Order Regarding Production of PCIC

Documents ("Motion to Reconsider").  Flouting the Local Rules, Brown Schultz Sheridan &

Fritz ("Brown Schultz") quite belatedly seeks a second bite at the apple despite bringing forth no

new law and no new facts.  Rather, Brown Schultz – absent any documentation – broadly claims

the fees sought by USF&G are "unreasonable" and seeks the indeterminate relief of having such

fees reduced to "a fraction of the amount demanded."  The Motion to Reconsider should be

denied and USF&G should be awarded its costs, including reasonable attorneys' fees, incurred in

opposing such a frivolous motion.

In further support of this Opposition, USF&G avers and asserts as follows:

1.      By Order dated June 13, 2002, the Court allowed United States Fidelity & Guaranty Company's Motion to Compel Production of Documents and ruled that Brown Schultz was compelled to produce certain documents it wrongfully withheld and "to pay the plaintiff the reasonable expenses, including attorneys' fees, the plaintiff incurred in filing its motion to compel."

2.      Aware of the Court's obvious intent and desire to have the parties consensually resolve any dispute as to the amount of fees recoverable by USF&G, by letter dated June 27, 2002, USF&G sent to Brown Schultz a cover letter accompanied with documentation in support of the fees sought.  A true and complete copy of the letter dated June 27, 2002 is attached hereto and incorporated herein as Exhibit "A."  The cover letter unambiguously invites Brown Schultz to discuss any disagreements or questions it may have.  No reply was ever received.

3.      By letter dated July 15, 2002 USF&G inquired as to Brown Schultz' intentions regarding compliance with the Court's order.  A true and complete copy of that letter is attached hereto and incorporated herein as Exhibit "B."  No reply was ever received.  However, during a conversation between counsel on July 16, 2002, Brown Schultz indicated that it would not pay USF&G the fees sought and that it intended to file a motion for reconsideration.  Brown Schultz did not indicate any specific problems regarding the amount of attorneys' fees requested by USF&G or the documentation sent by USF&G in support of such fees. In fact, other than indicating an intent to file the motion for reconsideration, the matter was not discussed.

4.      The Motion for Reconsideration was filed on July 15, 2002.  No conference was held prior to filing the Motion for Reconsideration, as required by Local Rule 26.3 (other than the

terse statement of intention to file that was made during a conversation on another matter held on July 16, 2002). No certification of such conference has been filed by Brown Schultz.

5.      Not only was the Motion for Reconsideration filed more than ten (10) days after entry of the relevant order but it was filed more than ten (10) days after USF&G provided Brown Schultz with the amount it was owed, including documentation, on June 27, 2002.

6.      The Motion for Reconsideration is also legally inadequate. A motion for reconsideration is not a means by which parties can rehash previously made arguments. *In re Grand Builders, Inc.*, 122 B.R. 673, 675 (Bankr. W.D. Pa. 1990). To succeed in a motion for reconsideration, the moving party is generally required to show newly discovered evidence or a manifest error of fact or law. *See, Hayes v. Douglass Dynamics, Inc.*, 8 F.3d 88, 93 (1st Cir. 1993). *In re Armstrong Store Fixtures Corp.*, 139 B.R. 347, 350 (Bankr. W.D. Pa. 1992) (arguments fully considered and rejected by the court the first time will not be considered when repeated by counsel the second time). Brown Schultz has introduced neither new (nor different) law nor has it directly or cogently addressed the only "new" issue; namely, the amount of attorneys' fees sought.

7.      Imposition of sanctions for abuse of discovery is a matter within discretion of the trial court. *Newman v. GHS Osteopathic Inc.*, 60 F.3d 153 (3rd Cir. 1995). In particular, a prevailing party is entitled to reasonable expenses, including attorneys' fees, "unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(4); *Carney v. Int'l Brotherhood of Electrical Workers*, 2001 WL 1243581 (E.D. Pa.). It is difficult for Brown Schultz to credibly contend that its refusal to produce documents based on a certain statutory privilege, 63 Pa. C.S.A. §9.11a

when – as the Court found – the privilege does not, "by its explicit terms," apply to disclosures when the accountant is a party to the case.

8.     Brown Schultz' precatory averments that the fees sought are inappropriately high are particularly noxious in that: (1) Brown Schultz refused to respond to USF&G's letter seeking input from Brown Schultz as to the fee; (2) Brown Schultz does not suggest what, in fact, might be appropriate – other than to suggest a "fraction" of the amount sought; (3) Brown Schultz lacked a cogent basis for withholding material that is not only relevant but is vitally important to the instant case; and (4) Brown Schultz filed the Motion for Reconsideration in contravention to the Local Rules.  Moreover, in light of the importance of the information sought by USF&G, Brown Schultz is in no position to question USF&G's decision to utilize appropriate resources and its best efforts to enforce its right to obtain relevant documentation.  Without wavier of its contention that Brown Schultz' high-handed and undocumented disparagement of USF&G's counsel does not merit a response, USF&G attaches hereto and incorporates herein by reference as Exhibit "C" the Affidavit of Bruce D. Levin, Esquire, which contains testimony as to the work performed and the legal rates utilized.

WHEREFORE, USF&G respectfully requests that this Court enter an Order:

1.     Denying the Motion to Reconsider;

2.     Awarding USF&G its costs and expenses, including reasonable attorneys' fees incurred in opposing the Motion to Reconsider; and

- 4 -

3.    Providing such other and further relief as is necessary and just.

UNITED STATES FIDELITY & GUARANTY
COMPANY,
By its attorneys,

Peter B. McGlynn, Esquire
Bruce D. Levin, Esquire
Bernkopf, Goodman & Baseman LLP
125 Summer Street, Suite 1300
Boston, MA  02110
Telephone:    (617) 790-3000
Facsimile:    (617) 790-3300

and

Peter Speaker, Esquire
Thomas, Thomas & Hafer
305 North Front Street
Harrisburg, PA  17101
Telephone:    (717) 237-7100
Facsimile:    (717) 237-7105

Dated: July 24, 2002
#249659 v1/36432/87

# EXHIBIT A

Case 1:01-cv-00813-CCC    Document 39    Filed 07/25/2002    Page 6 of 20

# BERNKOPF, GOODMAN & BASEMAN LLP

COUNSELLORS AT LAW

125 SUMMER STREET

BOSTON, MASSACHUSETTS 02110-1621

TELEPHONE (617) 790-3000

TELECOPIER (617) 790-3300

June 27, 2002

Bruce D. Levin
DIRECT DIAL: (617) 790-3314
e-mail: blevin@bgblaw.com

*VIA FACSIMILE AND FIRST CLASS MAIL*

Kathleen Carson, Esquire
Swartz Campbell Detweiler
1601 Market Street
Philadelphia, PA  19103-2316

Re:    United States Fidelity & Guaranty Company v. Brown Schultz Sheridan & Fritz

Dear Kathy:

As you are no doubt aware, Magistrate Judge Smyser ordered that your client pay my client the attorneys' fees incurred relative to the motion to compel.

I am enclosing a summary sheet of the fees, as well as redacted copies of the actual bills to my client. All entries not directly and necessarily related to the preparation and filing of the motion to compel have been redacted. My client seeks to recover only those fees represented by the billing entries provided. The documents demonstrate that my client is owed the sum of $2,613. If you have any questions regarding this, please contact me promptly. Otherwise, I will expect to receive payment within 10 days of this letter.

Please feel free to call me if you have any questions or comments.

Very truly yours,

Bruce D. Levin

Enclosures
cc:    Mark Holtschneider, Esquire
       Peter B. McGlynn, Esquire
BDL/mlb
#248453 v1/36432/87

# FEES REGARDING THE MOTION TO COMPEL

### April 2002

71.00
118.00
177.00
324.50

690.50


### May 2002

300.00
50.00
550.00
162.50
300.00
260.00
300.00

1,922.50

## TOTAL:        $2,613.00


| Attorney | Rate |
| --- | --- |
| Bruce D. Levin | $295.00 |
| Peter B. McGlynn | $355.00 |

BERNKOPF, GOODMAN & BASEMAN LLP
125 Summer Street
Boston, Massachusetts   02110
(617) 790-3000

Mark Holtschneider, Esq.
The Saint Paul Companies
St. Paul Surety - Claim
5801 Centennial Way (MC41)
Baltimore          MD 21209 3653

Federal Tax ID #: 04-2207221

Statement No.    70331 PBM
May 10, 2002
Client No. 36432   -00087
BROWN, SCHULTZ, SHERIDAN &
FRITZ (CCI)

---

DESCRIPTION OF SERVICES RENDERED THROUGH    4/30/02

| Date | Init | Description | Hours | Amount |
|------|------|-------------|-------|--------|



Mark Holtschneider, Esq.                    Statement No.    70331
Client No. 36432   -00087                   May 10, 2002
                                            Page       2

REDACTED

| 4/19/02 PBM | Telephone call with J. McCarron re: Pennsylvania Contractors Insurance Co. | .20 | 71.00 |
|---|---|---|---|
| 4/19/02 BDL | Letter to K. Carson re. PCIC documents. | .40 | 118.00 |

Mark Holtschneider, Esq.                    Statement No.    70331
Client No. 36432   -00087                   May 10, 2002
                                            Page       9

_____

4/29/02 BDL    Review local rules and draft pre-motion
               letter to K. Carson re. motion to compel
               documents.
4/29/02 BDL    Draft motion to compel.                    .60        177.00
                                                         1.10        324.50

REDACTED

BERNKOPF, GOODMAN & BASEMAN LLP
125 Summer Street
Boston, Massachusetts   02110
(617) 790-3000

Mark Holtschneider, Esq.
The Saint Paul Companies
St. Paul Surety - Claim
5801 Centennial Way (MC41)
Baltimore            MD 21209 3653

Statement No.   70850 PBM
June 14, 2002
Client No. 36432   -00087
BROWN, SCHULTZ, SHERIDAN &
FRITZ (CCI)

Federal Tax ID #: 04-2207221

---

DESCRIPTION OF SERVICES RENDERED THROUGH    5/31/02

| Date | Init | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 5/01/02 | BDL | Draft and revise motion to compel. | 1.20 | 300.00 |

REDACTED

Mark Holtschneider, Esq.                    Statement No.   70850
Client No. 36432  -00087                    June 14, 2002
                                            Page        2

5/02/02 BDL     Conference with A. Boutin re. PCIC
                documentation.                              .20          50.00
5/02/02 BDL     Draft and revise motion to compel PCIC
                documents.
                                                           2.20         550.00

5/03/02 PBM     Review and revise motion to compel.
                                                            .50         162.50



5/06/02 BDL     Draft and revise motion to compel
                production of documents.
                                                           1.20         300.00

Mark Holtschneider, Esq.
Client No. 36432  -00087

Statement No.    70850
June 14, 2002
Page        11

REDACTED

| Date | | Description | | |
|---|---|---|---|---|
| 5/31/02 | PBM | Draft reply to Brown Schultz's response to motion to compel. | .80 | 260.00 |

Mark Holtschneider, Esq.                    Statement No.    70850
Client No. 36432   -00087                   June 14, 2002
                                            Page      13

5/31/02 BDL     Revise, proof and send out reply brief
                on motion to compel.
                                                    1.20          300.00

# REDACTED

# EXHIBIT B

# BERNKOPF, GOODMAN & BASEMAN LLP

COUNSELLORS AT LAW

125 SUMMER STREET

BOSTON, MASSACHUSETTS 02110-1621

TELEPHONE (617) 790-3000

TELECOPIER (617) 790-3300

July 15, 2002

Bruce D. Levin
DIRECT DIAL: (617) 790-3314
e-mail: blevin@bgblaw.com

*VIA FACSIMILE*

Kathleen Carson, Esquire
Swartz Campbell Detweiler
1601 Market Street
Philadelphia, PA 19103-2316

     Re:    United States Fidelity & Guaranty Company v. Brown Schultz Sheridan & Fritz

Dear Kathy:

No response to my letter dated June 27, 2002 regarding the payment of attorneys' fees relative to the motion to compel has been received. Accordingly, if this matter is not satisfactorily resolved by the close of business on July 17, 2002, my client will aggressively pursue all available remedies, which may include, without limitation, an action for contempt of the Court's order.

Please feel free to call me if you have any questions or comments.

Very truly yours,

Bruce D. Levin

cc:    Mark Holtschneider, Esquire
        Peter B. McGlynn, Esquire
BDL/mlb
#249354 v1/36432/87

# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(Harrisburg Division)

|  |  |
|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY,<br>       Plaintiff<br><br>v.<br><br>BRUCE J. BROWN and BROWN SCHULTZ SHERIDAN & FRITZ,<br>       Defendants. | CIVIL ACTION NO. 1:01-CV-00813<br><br>JUDGE KANE |

## AFFIDAVIT OF BRUCE D. LEVIN, ESQUIRE

Bruce D. Levin, on oath, deposes and states as follows:

1.      I am a partner in the firm of Bernkopf, Goodman & Baseman LLP ("BGB") and have an office at 125 Summer Street, Boston, Massachusetts. I am one of the attorneys representing United States Fidelity & Guaranty Company in the above-referenced action.

2.      The billing records attached to my letter to Kathleen Carson dated June 27, 2002 – and attached to the Opposition of United States Fidelity & Guaranty Company to Defendants' Motion for Partial Reconsideration of Magistrate Smyser's Order Regarding Production of PCIC Documents as Exhibit "A" – are true and accurate records of the legal work performed relative to the Motion to Compel Production of Documents. These records represent actual time expended and I believe the time spent to have been reasonable and necessary.

3.      My normal billing rate is $295 an hour. I believe this to be a typical rate for attorneys with my level of experience in similarly situated law firms. The normal billing rate of Peter B. McGlynn is $355 an hour. Attorney McGlynn is a highly experienced attorney and is

the head of the litigation department at BGB.  I believe his rate to be a typical rate for attorneys

with a similar level of experience in similarly situated law firms.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 24 DAY OF

JULY, 2002.

Bruce D. Levin, Esquire

#250079 v1/36432/87

- 2 -