ORIGINAL

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
### (Harrisburg Division)

FILED
HARRISBURG, PA

AUG 0 2 2002

MARY E. D'ANDREA, CLERK
Per _____
               Deputy Clerk

|  |  |
|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY, **Plaintiff** | ) ) ) ) ) |
| v. | ) ) |
| BRUCE J. BROWN and BROWN SCHULTZ SHERIDAN & FRITZ, **Defendants.** | ) ) ) ) ) |

CIVIL ACTION NO. 1:01-CV-00813

JUDGE KANE

**UNITED STATES FIDELITY AND GUARANTY
COMPANY'S MOTION TO FILE SUR-REPLY BRIEF**

Pursuant to Local Rule 7.7, United States Fidelity and Guaranty Company ("USF&G")

seeks leave to file a sur-reply brief in response to the Reply Brief in Support of Defendants'

Motion to Compel Production of Documents (the "Reply Brief"). USF&G avers that the sur-

reply brief, a copy of which is attached hereto and incorporated herein by reference as Exhibit

"A" – is concise, terse and designed solely to address arguments raised in the Reply Brief.

WHEREFORE, USF&G respectfully requests that this Court enter an Order:

1. Allowing USF&G to file a sur-reply brief; and

2.    Providing such other and further relief as is necessary and just.

UNITED STATES FIDELITY & GUARANTY
COMPANY,
By its attorneys,

Peter B. McGlynn, Esquire
Bruce D. Levin, Esquire
Bernkopf, Goodman & Baseman LLP
125 Summer Street, Suite 1300
Boston, MA  02110
Telephone:    (617) 790-3000
Facsimile:    (617) 790-3300

and

Peter Speaker, Esquire
Thomas, Thomas & Hafer
305 North Front Street
Harrisburg, PA  17101
Telephone:    (717) 237-7100
Facsimile:    (717) 237-7105

Dated: August ____, 2002
#250606 v1/36432/87

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above
document was served upon (each party appearing
pro se and) the attorney of record for each other party
by mail (by hand)    8/1/02

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(Harrisburg Division)

|  |  |  |
|---|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY, <br> Plaintiff <br><br> v. <br><br> BRUCE J. BROWN and BROWN SCHULTZ SHERIDAN & FRITZ, <br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. 1:01-CV-00813 <br><br> JUDGE KANE |

## UNITED STATES FIDELITY AND GUARANTY COMPANY'S SUR-REPLY BRIEF

United States Fidelity and Guaranty Company ("USF&G") files this sur-reply in further support of United States Fidelity and Guaranty Company's Opposition to Defendants' Motion to Compel Production of Documents (the "Opposition"). In the Reply Brief in Support of Defendants' Motion to Compel Production of Documents (the "Reply Brief"), Bruce J. Brown and Brown Schultz Sheridan & Fritz (collectively, "Brown Schultz") again fail to indicate how the production of reinsurance documents in litigation *about insurance coverage* is even roughly analogous to the instant case or to reference a single case where production of reinsurance documents was ordered in any other than an insurance policy coverage case. Moreover, in the Reply Brief, Brown Schultz maintains the untenable position that *post-litigation* correspondence between USF&G and its reinsurers could conceivably bear upon the facts pertinent to issues raised in the instant litigation.

In further support of its Opposition, USF&G avers and asserts as follows:

1.      Although Brown Schultz may be insured, they are a firm of certified public accountants, not an insurance company. The instant action is one for accounting malpractice.

Brown Schultz avers that "reinsurance communications [are] relevant where an *insurer* ha[s] raised misrepresentation as a defense to coverage . . . ." Reply Brief, p. 2 (emphasis supplied). This may well be true. However, Brown Schultz is not an "insurer" and policy coverage is not at issue. *Despite having filed two legal memoranda on the subject, Brown Schultz still has not been able to reference a case where reinsurance is relevant to anything other than an insurance policy coverage dispute.* That Brown Schultz is an accounting firm with insurance coverage does not an insurance policy coverage dispute make – at least between Brown Schultz and USF&G.

2.      The implication that the case of *Rhone Poulenc Rorer, Inc. v. Home Indem. Co.,* 139 F.R.D. 609 (E.D. Pa. 1991) "was reversed, in part, . . . to permit discovery of reinsurance information where an insurer raised a defense of misrepresentation . . ." is misleading. Reply Brief, p. 2, n.1. The reasoning of the *Rhone Poulenc* case cited by USF&G was *not* reversed on the grounds for which it was cited – production of reinsurance documents was ordered by the court in that insurance policy coverage case only by "[a]ll *defendant insurance companies* who have raised as *affirmative defenses* lack of notice or late notice, misrepresentation, or non-disclosure; as well as all defendant insurers from whom plaintiffs' seek monetary damages on the policies based on defense of or settlement . . . ." *Rhone Poulenc,* 1991 WL 237636 *5. (emphasis supplied). Not only have no defenses of misrepresentation been raised, but the opinion not only *strongly* questions the relevancy of reinsurance in any but the limited delineated defenses in coverage issues but the court vigorously upholds work produce doctrine objections to the production of information that might "reveal the mental impressions, thoughts, and conclusions of an attorney in evaluating a legal claim [because such information is] by [its] very nature . . . prepared in anticipation of litigation and . . . protected from discovery . . . ." *Id.* at *4.

- 2 -

3.     The Reply Brief discusses burdens of proof but fails to indicate either the relevance of the post-litigation thoughts of USF&G's counsel or why such mental impressions are not protected from disclosure by the work product doctrine. Brown Schultz is not only "fishing" but is doing so in legally prohibited water. Such overreaching should not be countenanced, particularly in light of a complete failure to indicate any relevance or legitimate need for the information sought.

WHEREFORE, USF&G respectfully requests that the Court enter an order:

1.     Denying Defendants' Motion to Compel Production of Documents; and

2.     Providing such other and further relief as is just and proper.

UNITED STATES FIDELITY & GUARANTY COMPANY,
By its attorneys,

_____
Peter B. McGlynn, Esquire
Bruce D. Levin, Esquire
Bernkopf, Goodman & Baseman LLP
125 Summer Street, Suite 1300
Boston, MA  02110
Telephone:    (617) 790-3000
Facsimile:    (617) 790-3300

and

Peter Speaker, Esquire
Thomas, Thomas & Hafer
305 North Front Street
Harrisburg, PA  17101
Telephone:    (717) 237-7100
Facsimile:    (717) 237-7105

Dated: August ___, 2002
#250608 v1/36432/87

- 3 -