**ORIGINAL**

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(Harrisburg Division)

| | |
|---|---|
| UNITED STATES FIDELITY AND ) <br> GUARANTY COMPANY, ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> BRUCE J. BROWN and ) <br> BROWN SCHULTZ SHERIDAN & ) <br> FRITZ, ) <br> Defendants | CIVIL ACTION NO. 1:01-CV-00813 <br><br> Judge Kane <br><br> Magistrate Smyser ✓ |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR PARTIAL RECONSIDERATION**

Defendants submit this reply brief in support of their motion for reconsideration of this court's June 13, 2002 order. That order required production of documents relating to Pennsylvania Contractor's Insurance Company ("PCIC") and ordered defendants to pay plaintiff's reasonable attorneys fees in connection with bringing its motion to compel. Defendants sought reconsideration only of that portion of the order requiring defendants to pay plaintiff's reasonable attorneys fees in bringing the motion.

Defendants opposition to plaintiff's request for production of the PCIC documents was substantially justified. Defendants were in the difficult position of having to disclose information derived from professional services provided to PCIC, where the client had not

consented. The accountant client privilege statute allows the accountant to disclose the documents to the extent necessary to defend itself from a claim. Plaintiff's discovery request did not involve disclosure by the accountant to establish a defense. Rather, the discovery request was by plaintiff in connection with plaintiff's fact gathering process. John Ortenzio, the owner of PCIC, a client of Brown Schultz, would not consent to the disclosure of the PCIC documents. The professional services provided by Brown Schultz to PCIC are not at issue in this lawsuit and PCIC is not a party to the action. Brown Schultz was not free to capitulate to the request by plaintiff in the face of an absence of consent by PCIC and circumstances under which the statute provided an exception to protection of the materials. The objection by Brown Schultz to production of the PCIC documents on this ground, as well as relevance grounds, given the scope of plaintiff's request was substantially justified. As such, defendants respectfully request that this court reconsider that portion of its order awarding reasonable attorneys fees to USF&G.

Defendants objection to the amount of the fees sought by USF&G is simply that the amount charged by plaintiff--$2613.00–appears to be excessive for what was a straightforward discovery motion. Over six hours was spent drafting the initial motion and another two hours drafting a three page reply memorandum.

2

Defendants respectfully submit that the order awarding attorney's fees to plaintiff should be vacated or, in the alternative, should be for a fraction of the amount demanded by plaintiff.

>Respectfully submitted,
>
>SWARTZ, CAMPBELL & DETWEILER
>
>BY: _____
>for   JEFFREY B. MC CARRON
>      KATHLEEN M. CARSON

Dated: August 7, 2002

SWARTZ, CAMPBELL & DETWEILER
ATTORNEYS AT LAW • 1631 NORTH FRONT STREET • HARRISBURG, PA 17102

## CERTIFICATE OF SERVICE

Kathleen M. Carson certifies that a true and correct copy of Defendants' Reply

Memorandum in Support of Their Motion for Partial Reconsideration was served on

all counsel by facsimile and first class mail, postage pre- paid, this 7th day of August,

2002.

*[signature]* for  Kathleen M. Carson

SWARTZ, CAMPBELL & DETWEILER
ATTORNEYS AT LAW • 1631 NORTH FRONT STREET • HARRISBURG, PA 17102