ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(Harrisburg Division)

| | |
|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY,<br>    Plaintiff<br><br>v.<br><br>BRUCE J. BROWN and BROWN SCHULTZ SHERIDAN & FRITZ,<br>    Defendants. | CIVIL ACTION NO. 1:01-CV-00813<br><br>JUDGE CONNOR |

FILED
HARRISBURG, PA
OCT 10 2002
MARY E. D'ANDREA, Cl
Deputy Clerk

## UNITED STATES FIDELITY AND GUARANTY COMPANY'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56, United States Fidelity & Guaranty Company ("USF&G") hereby opposes Defendants' Motion for Summary Judgment (the "Summary Judgment Motion"). The Summary Judgment Motion not only incorrectly states the pertinent law concerning accountant liability to non-clients but ignores the existence of numerous disputed material facts concerning, *inter alia,* the numerous errors and omissions contained in audited financial statements prepared by Brown Schultz Sheridan & Fritz ("Brown Schultz") for CCI Construction, Inc. ("CCI"). As such, the entry of summary judgment in favor of Brown Schultz is improper.

In further support of its Opposition, USF&G avers and asserts as follows:

1. USF&G, a construction performance and payment bond surety to CCI, seeks to recover approximately $28 million in damages it has sustained as a result of its extension of surety credit and construction surety bonds to CCI in reliance upon audited financials prepared by Brown Schultz that contain substantial and material misrepresentations, omissions and/or

inaccurate information. To that end, USF&G has asserted a cause of action of negligent misrepresentation against Brown Schultz.

2. In spite of substantial evidence proving, *inter alia*, the magnitude and nature of Brown Schultz' errors in the audited financial statements and Brown Schultz' knowledge that USF&G would receive and rely upon those audited financial statements relative to its decision to continue to extend its bonding program for CCI, Brown Schultz seeks to escape liability by asserting that, *inter alia*, a negligent misrepresentation action may not be brought against an accountant by a party not in direct contractual privity with that accountant. Alternatively, Brown Schultz claims that USF&G cannot comply with the requirements of Restatement (Second) of Torts §552.

3. In denying Brown Schultz' Motion to Dismiss, the Court determined that privity is *not* an element of negligent misrepresentation and that Restatement (Second) of Torts §552 governs the liability of accountants to non-clients. *See, Williams Controls, Inc. v. Parente, Randolph, Orlando, Carey & Associates*, 39 F.Supp. 2d 577 (M.D. Pa. 1999); Restatement (Second) of Torts §552. Section 552 of the Restatement provides that an accountant may be liable to non-parties who can demonstrate "actual knowledge on the part of accountants of the limited – though unnamed – group of potential [third parties] that will rely upon the [report], as well as actual knowledge of the particular financial transaction that such information is designed to influence." *Id.* USF&G has raised numerous issues of material fact regarding both Brown Schultz' knowledge of USF&G's intended reliance upon certain audited financial statements and Brown Schultz' knowledge of the transaction the audited financial statements were designed to influence.

- 2 -