UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(Harrisburg Division)

|  |  |
|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY,<br><br>Plaintiff<br><br>v.<br><br>BRUCE J. BROWN and BROWN SCHULTZ SHERIDAN & FRITZ,<br><br>Defendants. | CIVIL ACTION NO. 1:01-CV-00813<br><br>JUDGE CONNOR |

## JOINT MOTION FOR A MODIFICATION OF THE CASE MANAGEMENT ORDER

Plaintiff, United States Fidelity and Guaranty Company ("USF&G") and Defendants, Bruce J. Brown and Brown Schultz Sheridan & Fritz (collectively, "Brown Schultz") hereby jointly request that the Court modify the Case Management Order to extend deadlines for the following: motions in limine; pretrial memoranda; pretrial and settlement conference; and trial.[1] A copy of the Case Management Order dated June 13, 2002 is attached hereto as Exhibit "A." Supplements and amendments to that Order are attached hereto as Exhibits "B" and "C."

In support of the motion the parties state as follows:

1. On August 30, 2002, Brown Schultz filed its Motion for Summary Judgment (the "Summary Judgment Motion") and Statement of Material Facts. On September 16, 2002, Brown Schultz filed its Memorandum of Law in Support of Motion for Summary Judgment and Exhibits to Motion for Summary Judgment.

---

[1] Since a jury trial has not been requested, no extension is sought of the deadlines in the Case Management Order relative to activities, such as preparation of jury instructions, that are not needed relative to a bench trial.

WHEREFORE, the parties jointly request that the court enter an order extending the deadlines as set forth above.

Respectfully submitted,

| UNITED STATES FIDELITY AND GUARANTY COMPANY, By its counsel, | BROWN SCHULTZ SHERIDAN & FRITZ and BRUCE J. BROWN, By their counsel, |
|---|---|
| *Bruce D. Levin (ms)* | *Kathleen M. Carson (ms)* |
| Peter B. McGlynn, Esquire | Jeffrey B. McCarron, Esquire |
| Bruce D. Levin, Esquire | Kathleen M. Carson, Esquire |
| Bernkopf, Goodman & Baseman LLP | Swartz Campbell Detweiler |
| 125 Summer Street, Suite 1300 | 1601 Market Street |
| Boston, Massachusetts 02110 | Philadelphia, PA 19103-2316 |
| Telephone: (617) 790-3000 | Telephone: (215) 299-4272 |
| Facsimile: (617) 790-3300 | |

and

Peter Speaker, Esquire
Thomas, Thomas & Hafer
305 North Front Street
Harrisburg, PA 17101
Telephone:   (717) 237-7100
Facsimile:    (717) 237-7105

Dated: October 30, 2002
#254920 v1/36432/87

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each other party by mail (by hand) by fax  10/3/02 .

*Meredith Susler*

3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY, Plaintiff | : : : : : | CIVIL ACTION NO. 1:CV-01-813 |
| v. | : : : | J. Kane |
| BRUCE J. BROWN, Defendant | : : : : | |

FILED
HARRISBURG
JUN 1 3 2002
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

## CASE MANAGEMENT ORDER

I. **GENERAL**

    a. **COUNSEL AND PRO SE LITIGANTS ARE RESPONSIBLE FOR READING THIS ENTIRE ORDER.**

    b. This case is placed on the **Standard Case Management Track**.

    c. The following deadlines, described in greater detail throughout this order, have been established for this case, and may not be modified by the parties, except with leave of court obtained before expiration of the time limits has passed:

| | |
|---|---|
| Close of Fact Discovery: | June 28, 2002 |
| Report of Experts: | July 12, 2002 |
| Response Reports to Experts Report: | July 26, 2002 |
| Dispositive Motions and Supporting Briefs Due: | August 16, 2002 |
| Local Rule 16.3 - Attorney Conference and Exchange of Proposed Jury Instructions: On or before: | October 25, 2002 |
| Motions In Limine Due: | November 1, 2002 |
| Pretrial Memoranda Due: | November 15, 2002 |
| Pretrial and Settlement Conference: | November 19, 2002 - 10:00 a.m. |
| Joint Jury Instructions with Objections and Proposed Voir Dire Questions Due: | November 27, 2002 |
| Jury Selection and Trial: | December 2, 2002 - 9:30 a.m. |

1

d. Requests for extension of the following time periods will not be granted except under exceptional circumstances and must comply with Local Rule 7.5.

e. Counsel are encouraged to consent to the disposition of this case by the United States Magistrate Judge pursuant to 28 U.S.C.§ 636(c).

f. Counsel and pro se litigants are requested to file all documents in this case with the Clerk of Court, P. O. Box 983, Room 1060, Federal Building, Harrisburg, PA 17108. Do not sent courtesy copies directly to the court unless requested by the court.

g. **Facsimile transmission.** No document may be faxed to Chambers or to the Clerk's Office without express permission obtained in advance from the judge or her secretary or law clerk, which permission shall be limited to each document request, unless otherwise indicated.

h. Parties should contact the Court through our Deputy Clerk, Jennifer Kennedy, at 221-3920. No contact should be made with law clerks unless directed to do so by the court.

## II. DISCOVERY

a. Fact discovery shall be completed by the parties expeditiously and diligently on or before **June 28, 2002**. All requests for discovery must be made so as to allow for compliance before the close of discovery. The following limits on discovery apply to this case:

1. Depositions (excluding experts) to be taken by:
   Plaintiffs:   10         Per Defendant        10
                            Or group of Defendants

2

    2. Interrogatories:

| | | | |
|---|---|---|---|
| Plaintiffs: | 25 | Per Defendant<br>Or group of Defendants | 25 |

    3. Request for Production of Documents

| | | | |
|---|---|---|---|
| Plaintiffs: | 25 | Per Defendant: | 25 |

    4. Request for Admissions:

| | | | |
|---|---|---|---|
| Plaintiffs: | 25 | Per Defendant: | 25 |

**Discovery in excess of these limits must be approved by the Court.**

    b. Except as noted herein, the limitations on discovery imposed by the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Pennsylvania will be applied to this case. The parties must make application to the court to exceed the limitations established by the rules.

    c. All written requests for continuance of discovery deadlines or trial shall be signed by counsel in conformity with the Civil Justice Reform Act of 1990, 28 U.S.C. §473(b)(3). Furthermore, all requests for extensions of discovery deadline must be made at least thirty (30) days prior to the expiration of the discovery period.

    d. Discovery related motions shall be filed only after a telephone conference with the Court and with the approval of Court.

### III. MOTIONS

    a. Dispositive motions <u>and</u> supporting briefs must be filed by **August 16, 2002**. Briefs must adhere to the page limitations set forth in the local rules. In multiple defendant cases, any defendant contemplating a dispositive motion shall confer with other defense counsel and shall agree to file joint motions and briefs whenever possible. Those parties needing to brief separate issues may do so by filing separate

3

briefs. Parties filing motions for summary judgment shall comply with Middle District Rule 7.4.

  b. Motions <u>in</u> <u>limine</u> **and** supporting briefs shall be filed no later than **November 1, 2002**.

IV.  **PRETRIAL MATTERS**

  a. Each party shall file on or before **November 15, 2002** a pretrial memorandum in conformity with the local rules. Failure to timely file pretrial memoranda will result in an appropriate sanction. Fed. R. Civ. P. 16(f).

  b. If counsel file trial briefs they must be filed by noon, two (2) working days prior to commencement of the listed trial date.

  c. A pretrial conference will be held on **November 19, 2002** at **10:00 a.m.** in the chambers of Courtroom No. 4, Eighth Floor, Federal Building, Third and Walnut Streets, Harrisburg, Pennsylvania. **Counsel as well as litigants must be present at this conference in order to have effective settlement discussions.**

  d. Local Rule 16.2, as it relates to settlement authority, will apply to this conference.

  e. Counsel who will try the case shall attend the pretrial conference unless the court, upon written request, approves the substitution of another attorney who is fully familiar with the case and has the settlement authority required by Local Rule 16.2. A copy of the local rules may be obtained from the Clerk of the Court by writing: Clerk of Court, Federal Building, P.O. Box 983, Harrisburg, Pennsylvania 17108-0983.

  f. At the pretrial conference, counsel for the plaintiff shall be required to set forth the elements of the particular type of claim (or claims) being made. Counsel for the defendant shall be required to identify any legal defenses he/she expects to make. It should be noted that the court expects to hold counsel for both sides to the course

4

they outline here unless good cause is shown for allowing additional legal theories, claims and/or defenses to be argued at trial and unless this court is apprised of these additional legal theories, claims and/or defenses in sufficient time to consider and evaluate them before trial.

g. No later than the beginning of the first day of trial, counsel shall file **joint** jury instructions in conformity with Local Rule 51.

h. **THREE WEEKS prior to the date scheduled for the submission of the pretrial memoranda, counsel for the parties shall hold the attorneys' conference required by Local Rule 16.3**. This conference shall be face-to-face unless the court, upon written request, approves another arrangement. Failure of the plaintiff to initiate the holding of the conference or the defendant to respond to such initiative in an appropriate manner may result in the imposition of sanctions, including possible dismissal of the action.

V. **SETTLEMENT, MEDIATION, ARBITRATION, USE OF MAGISTRATES**

a. In non-jury cases, counsel shall meet within four (4) weeks after the close of discovery and discuss settlement. Subsequent to that meeting, counsel shall notify this court should the assistance of the United States Magistrate be requested in conducting a formal settlement conference.

b. No later than the pretrial conference, counsel shall notify the court of their desire to employ the summary jury trial procedure.

VI. **TRIAL**

a. The captioned case is placed on the **December** trial list. Jury selection for trials on the **December** list will commence at 9:30 a.m. on **December 2, 2002**, in Courtroom No. 4, Eighth Floor, Federal Building, Third and Walnut Streets,

5

Harrisburg, Pennsylvania. Trials will commence following the completion of jury selections. Counsel should note that criminal matters take priority and may delay the beginning of the civil trial list. Unless otherwise ordered, the cases will be tried in order of the docket numbers, with the earliest docket numbers going first and continuing to the most recent docket number. Non-jury matters will be tried last. Counsel should be aware that settlements, etc., will often reduce the actual number of cases for trial as the date approaches, and counsel should be prepared to go to trial on 24 hours notice. Counsel may contact the court one week prior to the scheduled jury selection to determine the approximate starting date. However, counsel should be aware that the trial list may change drastically; therefore, counsel shall be prepared to go to trial at any point during the trial term.

  b. If the parties intend to use depositions at trial in place of live testimony, they shall review the depositions prior to the time of trial. If there are objections which cannot be resolved among counsel, said objections and copies of the relevant depositions shall be submitted to the court at least fifteen (15) days prior to trial. Where counsel have failed to meet the time requirement in this paragraph, the court may, in its discretion, deem the objections withdrawn. If the deposition to be used are videotaped, a transcript must be provided to the court in advance of trial.

  c. If a party intends to introduce 15 or more exhibits into evidence, that party shall provide the court with two copies of all exhibits in 3-ring binders at the beginning of that party's case.

  d. Videotape equipment shall be set up in the courtroom prior to the commencement of trial in the morning, if its use is anticipated in the morning, or during the lunch break, if its use is anticipated in the afternoon.

  e. Whenever any civil action scheduled for jury trial is settled or otherwise disposed of in advance of the actual trial, jurors' costs, including mileage and per

diem, shall be assessed equally against the parties unless the Clerk's Office at the place the trial is to be held is notified of the settlement in sufficient time to permit the Clerk to advise the jurors that their attendance will not be necessary. Notice to such Clerk's Office before 2:00 p.m. on the last business day preceding the day on which the trial of the action is to start shall be adequate for such purpose.

Dated: 6/13/02

YVETTE KANE, Judge
Middle District of Pennsylvania

Case No: 1:01-cv-813  Document No: 28,  1 Copy Printed: Jun, 13, 2002  01:33 PM

Peter B. McGlynn
Bernkopf, Goodman & Baseman LLP
125 Summer Street, Suite 1300
Boston, MA 02110

The U. S. District Court for the Middle District of PA has
established a Fax/Noticing Program effective 2/1/02.
To participate in the program, and receive notices of orders
and judgments by electronic means, please complete the
authorization form attached.

215 299 4301   SWARTZ CAMPBELL&DETWEILR   #7451   PAGE: 2/2
2002  TO: JEFFREY B. MCCARRON  FR: SCAN31

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| United States Fidelity and Guaranty Company,<br>          Plaintiff<br><br>v.<br><br>Bruce J. Brown and Brown, Schultz, Sheridan & Fritz,<br>          Defendants | Civil No. 1:01-CV-0813<br><br><br>(Judge Kane)<br><br>(Magistrate Judge Smyser) |

FILED
HARRISBURG, P

MAY 09 2002

MARY E. D'ANDREA,
Per _____ Deputy Clerk

## ORDER

AND NOW, this **8TH** day of **MAY**, 2002, upon consideration of the parties' Joint Motion for Limited Modification of the Case Management Order, *(Doc. 20)* it is hereby ORDERED that the motion is GRANTED and the deadlines in the August 17, 2001 Case Management Order are modified as set forth below:

Discovery Deadline:             June 22, 2002

Submission of Expert Reports
     Plaintiff                         July 22, 2002
     Defendants                   August 21, 2002

Dispositive Motions            August 30, 2002

All other dates and/or deadlines in the August 17, 2002 Case Management Order remain in effect.

BY THE COURT:

_____
                                                   M.J.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(Harrisburg Division)

| | |
|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY,<br>Plaintiff<br><br>v.<br><br>BRUCE J. BROWN and BROWN SCHULTZ SHERIDAN & FRITZ,<br>Defendants. | CIVIL ACTION NO. 1:01-CV-00813<br><br>JUDGE KANE<br><br>**FILED**<br>HARRISBURG, PA<br><br>JUN 14 2002<br><br>MARY E. D'ANDREA, CLERK<br>Per _____ |

**[PROPOSED] ORDER REGARDING MOTION TO AMEND
CASE MANAGEMENT ORDER REGARDING EXPERT REPORTS**

AND NOW, this 14TH day of JUNE, 2002, upon consideration of United States Fidelity & Guaranty Company's Motion to Amend Case Management Order Regarding Expert Reports, *(Doc. 29)* it is hereby ORDERED that the motion is GRANTED and the deadlines in the August 17, 2001 Case Management Order, as modified by the Order dated May 8, 2002, are modified as set forth below:

Submission of Rebuttal Expert Reports

    USF&G                                              9/20/02

All other dates and/or deadlines in the August 17, 2001 Case Management Order, as modified by the Order dated May 8, 2002, remain in effect.

By the Court:

_____

Dated: JUNE 14, 2002
#246993 v1/36432/87