

11/21/02
RW

D to court

● **ORIGINAL** ●

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

United States Fidelity and       :
Guaranty Company                 :
                                 :
              v.                 :        Judge Conner
                                 :
Bruce J. Brown and Brown, Schultz :
Sheridan & Fritz                 :        No: 01-CIV-813

FILED
HARRISBURG, PA
NOV 20 2002
MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

## DEFENDANTS' OBJECTIONS TO MAGISTRATE'S SMYSER'S REPORT AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants, Bruce J. Brown and Brown Schultz Sheridan & Fritz (collectively

"Brown Schultz") pursuant to Local Rule 72.3 hereby makes the following

objections to Magistrate Smyser's Report and Recommendation of

November 5, 2002 with regard to defendants' motion for summary judgment

motion insofar as it recommends against summary judgment in defendants'

favor for the 1997 and 1998 audit reports and in support thereof states as

follows:

1.    This is an action for alleged negligent misrepresentation.

2.    Plaintiff, United States Fidelity & Guaranty Company

("USF&G") claimed that there were negligent misrepresentations

contained in audited financial statements prepared by Brown Schultz for

CCI Construction Company for the years ended December 31, 1996, 1997

and 1998.

3.    The action is based on the contention that Plaintiff issued certain payment and performance bonds for CCI based on the financial statements.

4.    Brown Schultz sought summary judgment on grounds that USF&G cannot establish the required elements of its negligent misrepresentation claim.

5.    Magistrate Smyser, in his report and recommendation, recommended that the summary judgment motion be granted as to the audit report for the year ended December 31, 1996 but denied as to the 1997 and 1998 audit reports.

6.    Defendants object to that portion of Magistrate Smyser's report and recommendation that addresses the 1997 and 1998 audit reports.

7.    The Magistrate, in making his findings as to the 1997 and 1998 audits, failed to require that plaintiff satisfy its burden of providing competent evidence that a genuine issue of material fact exists as each element that it bears the burden of proof at trial.

8.    Magistrate Smyser's  determination that privity or a pecuniary interest in a transaction are not requirements under Pennsylvania law for a negligent misrepresentation claim was incorrect.

9.    Pennsylvania has not relaxed the privity requirement and, in

SWARTZ, CAMPBELL & DETWEILER
ATTORNEYS AT LAW • 1631 NORTH FRONT STREET • HARRISBURG, PA 17102

the absence of such privity, Pennsylvania law requires some actual interest in the transaction and not merely the rendering of professional services.

10.    The Magistrate accepted plaintiff's so-called evidence of Brown Schultz's knowledge with regard to USF&G's intended use of the audit reports without regard to whether it was competent evidence.

11.    The magistrate cited no competent evidence that Brown Schultz, prior to releasing its audit report in the years at issue, was aware of the specific bonds to be issued by USF&G during the coming year or that Brown Schultz released its audit reports with the intention of influencing those transactions.

12.    Defendants agree with the Magistrate's conclusion that the original expert report of Stephen DeBruyn, plaintiff's expert with regard to the audits performed by Brown Schultz, was deficient.

13.    Defendants, however, object to the magistrate's conclusion that Plaintiff's failure to produce a report that complied with Rule 26 until after the deadline to produce such a report and after defendants moved for summary judgment raising the deficiencies in the report was harmless.

14.    Pursuant to Fed. R. Civ. P. 37, consideration of the Supplemental Report of Mr. DeBruyn and his Affidavit should not have been precluded.

15.    Even if it was appropriate for Magistrate Smyser to consider the

3

supplemental DeBruyn Report and the affidavit, defendants object to the report and recommendation because the magistrate failed to analyze the sufficiency of Mr. DeBruyn's opinion therein.

16.    The Supplemental Report and the DeBruyn Affidavit are inadequate to satisfy plaintiff's burden in defeating summary judgment. DeBruyn provides no basis for the conclusion that any failure to comply with Generally Accepted Auditing Standards was the cause of any misstatement in the financial statements.

17.    At most the reports can be read to say that if Brown Schultz had the benefit of information prepared by CCI at the end of 1999, it would have determined that certain jobs did not perform as estimated.

18.    The "look back method" utilized by Mr. DeBruyn fails to take into account information available to Brown Schultz at the time of the audits which would be the only information relevant for purposes of evaluating the quality of the audits.  Magistrate Smyser did not address this issue in his report and recommendation.

19.    Defendants further object to the report and recommendation, insofar as the magistrate found that the affidavits of Mr. Daily and Mr. Phillips created a triable issue of fact with regard to whether  the supposed changes in CCI's financial condition would have been material to USF&G's decision to continue with the bonding program it had established.

4

20.    Magistrate Smyser found that USF&G had no specific underwriting criteria. None of the USF&G underwriters could identify underwriting criteria used by USF&G in its decisions to extend surety credit to CCI. None of the underwriters could state whether and to what extent "correct" financial information would have changed their decision to continue bonding CCI.

21.    Evidence was presented that USF&G bonded CCI when it was aware that CCI had sustained significant losses and in circumstances when CCI had less working capitol and less equity than portrayed in the restated financials for 1997.

22.    The self serving affidavits of Messrs. Phillips and Daily stating that had the financials reflected the restated amounts contained in the bonding program they would have suspended CCI's bonding program is the only "evidence" cited as to the materiality of the purported misrepresentations.

23.    Those affidavits are contradicted by prior deposition testimony and cannot establish a fact dispute on this issue.

24.    The Magistrate was incorrect in his determination that plaintiff submitted sufficient evidence for which a reasonable factfinder could conclude that the purported misrepresentations were material to its decisions to issue the bonds that are the subject matter of this litigation.

5

25.     Defendants object to Magistrate Smyser's determination that a triable issue of fact exists as to whether plaintiff justifiably relied on the Brown Schultz audited financials in making its underwriting decisions.

26.     Magistrate Smyser's found that it was undisputed that there was no evidence that anyone from USF&G analyzed the 1998 audit report prior to August 20, 1999.

27.     Accordingly, there is no basis for him to have found that plaintiff submitted sufficient evidence that it, in fact, relied on the 1998 audit report in issuing bonds prior to this date.

28.     The only evidence cites by the magistrate in support of his finding that plaintiff's reliance on the 1997 and 1998 audited financials was justifiable is the Affidavit of Richard Farnsworth which was untimely and not submitted in rebuttal to any report of defendants. As such it should not have been considered by the magistrate.

29.     The paragraph of the Farnsworth Affidavit cited by the magistrate also does not create an issue of fact as to whether USF&G's reliance was justifiable.

30.     The magistrate cites paragraph 15 of the affidavit the full text of which states

> The overall physical appearance of the Brown Schultz audit reports was good.   They were a full report with supporting schedules, including schedules of completed contracts and work-in-progress. From a surety underwriter's perspective, these audit reports

6

SWARTZ, CAMPBELL & DETWEILER
ATTORNEYS AT LAW • 1631 NORTH FRONT STREET • HARRISBURG, PA 17102

appeared to be professional and lent itself to a high degree of reliance by USF&G.

31.     There was no basis for the magistrate to find that there was a triable issue of fact with regard to justifiable reliance based solely on the physical appearance of the financial statements.

32.     In addition, the magistrate ignored undisputed evidence that USF&G was a sophisticated user of financial statements and that USF&G had equal or greater access than Brown Schultz to financial information regarding the CCI.

33.     The magistrate further failed to take into consideration the fact that certain of the bonds were issued by USF&G when had more current financial information provided by CCI and upon which it could base its decisions.  Its claimed reliance on stale audit reports was not justified as a matter of law.

SWARTZ, CAMPBELL & DETWEILER

BY: _____
    Jeffrey B. McCarron,
    Kathleen M. Carson
    1601 Market Street
    34th Floor
    Philadelphia, PA 19103
    (215) 564-5190

    Attorney for Defendants
    Bruce Brown and Brown, Schultz
    Sheridan & Fritz

7

**Dated: November 20, 2002**

SWARTZ, CAMPBELL & DETWEILER

ATTORNEYS AT LAW • 1631 NORTH FRONT STREET • HARRISBURG, PA 17102