UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| United States Fidelity and Guaranty Company | : | |
| | : | |
| v. | : | No. 1:01-CV-00813 |
| | : | |
| Bruce J. Brown and Brown, Schultz Sheridan & Fritz | : | JUDGE CONNOR |

**REPLY BRIEF OF DEFENDANTS' IN SUPPORT OF THEIR OBJECTIONS TO MAGISTRATE SMYSER'S REPORT AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants, Bruce J. Brown and Brown Schultz Sheridan & Fritz (collectively "Brown Schultz") submit the following brief in reply to USF&G's Response to Defendants' Objections to Magistrate Smyser's Report and Recommendation. Without reiterating all of the points made in their objections to Magistrate Smyser's report and recommendations, Brown Schultz replies to the following points raised by Plaintiff in its response to the objections.

A.  **The DeBruyn Reports**

The Magistrate's determination that the initial report of Stephen DeBruyn was deficient under F.R.C.P. 26 was correct. His determination that the supplemental report and affidavit cured this deficiency and that the failure to timely disclose the how the expert arrived at his restated income and balance sheets for the 1997 and 1998 audit reports was harmless, however, is incorrect.

Plaintiff, in its response to defendants' objections to the magistrate's report, implies that the supplemental report and affidavit of Stephen DeBruyn submitted in support of the opposition to defendants summary judgment motion were timely because they were submitted prior to the date for supplementations set forth in the case management order. However, Mr. DeBruyn did not *supplement* his expert report on September 20, 2002. His opinion was not amended or amplified based information that was not previously available to him. He merely disclosed that which should have been disclosed on July 22, 2002 when the report was due. It is difficult to imagine that the deadline in the case management order for supplementations was intended to allow plaintiff three additional months to disclose that which was necessary to comply with the rules. Federal Rule of Civil Procedure 26(a)(2)(A) requires that an expert report "provide the substantive rationale in detail with respect to the basis and reasons for the proffered opinions. It must explain factually why and how the witness reached them." *Dunkin Donuts, Inc. v. Patel*, 174 F. Supp. 2d 202, 211 (D.N.J. 2001). In essence, plaintiff

> would have the Court allow it to file preliminary expert reports and then freely supplement them with information and opinions that should have been disclosed in the initial report. That result would effectively circumvent the requirement for the disclosure of a timely and complete expert report. *See, e.g., Keener v. United States*, 181 F.R.D. 639, 642 (D. Mont. 1998). The concept of preliminary expert reports is contrary to the policies underlying Rule 26. *See In re TMI Litig.*, 922 F. Supp. 997, 1005 n.9; *Smith v. State Farm Fire & Cas. Co.*, 164 F.R.D. 49, 53-54 (S.D. W. Va. 1995). Allowing preliminary expert reports as a matter of course would afford litigants an opportunity to

2

"mold their expert reports to meet [their opponent's] legal challenges." *In re TMI Litig.*, 922 F. Supp. at 1005 n.10.

*Stein v. Foamex Int'l, Inc.*, 2001 U.S. Dist. LEXIS 12211 (E.D. Pa. Aug. 15, 2001).There is no basis for plaintiff's contention that the DeBruyn Supplemental Report or Affidavit were timely because they were submitted prior to the deadline for supplementations.

Under Fed. R. Civ. P. 37(c)(1), the non-producing party bears the burden of proving substantial justification for its conduct or that the failure to produce was harmless. *See, Tolerico v. The Home Depot*, 205 F.R.D. 169, 175 (M.D. Pa. 2002). The magistrate made no finding that the conduct of plaintiff was substantially justified and plaintiff cannot justify its conduct. It does not dispute that it could have disclosed how its expert arrived at the alleged misstatements contained in the audited financials for 1997 and 1998 at the time it produced Mr. DeBruyn's initial report. It was requested to provide documentation from which defendants could ascertain the basis for the restated financials and it declined to do so. Disclosure of the basis for the restated income statements and balance sheets is not a matter on which parties could differ as to whether disclosure was required. *See Tolerico v. The Home Depot*, 205 F.2d at 175 (the test of substantial justification is satisfied if there exists a genuine dispute concerning compliance.) Moreover, as set forth above, plaintiff's argument that it was not required to disclose the basis for the restated financials until either the deadline for submission of rebuttal reports or

the deadline for supplementations lacks merit. This information was not submitted in rebuttal to anything offered by defendants' experts or to supplement Mr. DeBruyn's initial report. The information was, however, required to be produced on July 22, 2002 in order for plaintiff to have met the requirement for the disclosure of a timely and complete expert report.

Plaintiff also contends that the magistrate's report and recommendation was correct because the supplemental report, taken in conjunction with initial DeBruyn report, is sufficient to ensure surprise is eliminated and presumably, therefore, that the non-disclosure was harmless. However, there is nothing to suggest that the circumstances presented by plaintiff's non-disclosure involve what the Advisory Committee Notes to Rule 37 indicate would be considered harmless.

Further, the purported "cure" of the deficiency after the filing of summary judgment does not render the non-disclosure harmless. Having completed factual discovery and exchanged expert reports, defendants should be permitted to rely on the records as it then stands to pursue summary judgment.

Finally, defendants' argument regarding the sufficiency of the supplemental report and affidavit does not fail without expert support. It is evident from the DeBruyn reports themselves that the most the reports can be read to say is that if Brown Schultz had the benefit of information prepared by CCI at the end of 1999, it would have determined that certain

4

jobs did not perform as estimated. It is further evident from the supplemental report that the "look back method" utilized by Mr. DeBruyn does not take into account information available to Brown Schultz at the time of the audits which would be the only information relevant for purposes of evaluating the quality of the audits. Notwithstanding plaintiff's arguments to the contrary, the magistrate should not have considered the supplemental report and affidavit for this reason as well.

B.  The Farnsworth Report

Plaintiff contends that defendants incorrectly assert that the Farnsworth report is untimely. Plaintiff takes the position that this report was submitted in rebuttal to the report of Rolf Neuschaefer, defendants' expert with regard to USF&G's underwriting of the CCI account. However, Mr. Farnsworth offers the opinions that

> (1) USF&G's underwriting of the CCI account generally conformed to applicable standards of care of the surety industry that were in effect during 1994-1999; and (2) it was reasonable and justifiable for USF&G's underwriters to rely on the audited financial statements prepared by Brown, Schultz, Sheridan & Fritz in reaching their underwriting decisions concerning CCI.

*See* Affidavit of Richard D. Farnsworth at ¶ 4. A cause of action for negligent misrepresentation requires that plaintiff establish, among other things, injury to a party acting in justifiable reliance on the misrepresentation. *Bortz v. Noon*, 729 A.2d 555, 561 Pa. 1999).

The Farnsworth report is not being submitted in rebuttal to a report of one of defendants's experts. Plaintiff is offering Mr. Farnsworth to establish an element of its case in chief, i.e., justifiable reliance. His report, upon which his affidavit is based, therefore, should have been produced on July 22, 2002. As such, his report and his Affidavit, which was submitted in support of USF&G's opposition to defendants' summary judgment motion should not be considered as they are untimely.

C.   Justifiable Reliance.

Plaintiff's position appears to be that the issue of justifiable reliance is never appropriate on a motion for summary judgment. However, given the magistrate's finding that there was no evidence that plaintiff analyzed the 1998 audit report prior to August 20, 1999, it is difficult to see how there could be a basis for his recommendation that plaintiff relied on the audit report or that its claimed reliance was reasonable as a matter of law.

With regard to the 1998 audited financials, the magistrate found that it was undisputed that no annual review of the December 31, 1998 financials has been found. Mr. Phillips in his Affidavit acknowledged that to his knowledge none was prepared by Mr. Salazar for the 12/31/98 audited financials. There is no evidence that any analysis of the 1998 audited financials was conducted by USF&G until August 20, 1999. *See* Plaintiff's Response to Defendants' Material Undisputed Facts at No. 98. As such, USF&G could not have, in fact, relied on the 1998 financial statement

6

with regard to its decision to issue to bonds prior to August 20, 1998.  *See, Bily v. Arthur Young & Co.,* 834 P.2d 745 (Cal. 1992) (no reliance where plaintiff had not read the audit report).  This includes all of the bonds plaintiff contends it issued in reliance upon the December 31, 1998 audited financial statements with the exception of the Cool & Cold Aquaculture (Buried Process Water Lines) project. *See* Complaint at ¶ 20.

The Magistrate found that the Farnsworth report was evidence presented by plaintiff that their reliance was justifiable.  Farnsworth cannot and does not establish either reliance in fact or the reasonableness of the reliance with regard to the 1998 audited financials.  With regard to the 1998 financials, Mr. Farnsworth appears to base his opinion with regard to reasonable reliance principally on his own analysis of those financials.  Mr. Farnsworth, however, does not opine that it was reasonable for USF&G to rely on the December 31, 1998 audited financials prior to having analyzed them.  The Farnsworth Affidavit does not was not support a finding of reasonable reliance on the part of USF&G on the 1998 audit report prior to August 20, 1998.

Based on the foregoing and defendants' objections to Magistrate Smyser's report and recommendation, Bruce J. Brown and Brown, Schultz, Sheridan & Fritz request that this Court reject that report and recommendation of Magistrate Smyser insofar as it addresses the 1997 and

7

1998 audited financials and enter summary judgment favor of defendants and against plaintiff with regard to those audit reports.

                Respectfully submitted,

                SWARTZ, CAMPBELL & DETWEILER

                BY: *Kathleen M. Carson*
                    Jeffrey B. McCarron
                    Kathleen M. Carson
                    1601 Market Street
                    Philadelphia, PA 19103
                    Attorneys for Defendants

Dated: December 15, 2002

## CERTIFICATE OF SERVICE

I, Kathleen M. Carson, Esquire, counsel for defendants, Bruce J. Brown and Brown, Schultz Sheridan & Fritz, hereby certify that a copy of defendants' reply brief in support of their objections to the magistrate's report and recommendations with regard to defendants' motion for summary judgment was served upon all counsel listed below by first class U.S. mail, postage prepaid on December 16, 2002.

Peter Speaker, Esquire
Thomas, Thomas & Hafer
305 North Front Street
Harrisburg, PA 17101

Peter B. McGlynn, Esquire
Bruce D. Levin, Esquire
Bernkopf, Goodman & Baseman LLP
125 Summer Street, Suite 1300
Boston, MA 02110

*Kathleen M. Carson*
Kathleen M. Carson

Date: December 16, 2002

SWARTZ, CAMPBELL & DETWEILER
ATTORNEYS AT LAW • 1631 NORTH FRONT STREET • HARRISBURG, PA 17102