UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA

FEB 07 2003

MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

| | |
|---|---|
| United States Fidelity and Guaranty Company | : <br> : <br> : |
| v. | : <br> : Judge Christopher Connor |
| Bruce J. Brown and Brown, Schultz Sheridan & Fritz | : <br> : No: 01-CIV-813 |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE SUPPLEMENTAL EXPERT REPORT AND AFFIDAVIT OF STEPHEN DEBRUYN, CPA

Defendants, Bruce J. Brown and Brown, Schultz, Sheridan & Fritz seek an order striking the Supplemental Expert Report of Stephen Debruyn, CPA ("Supplemental Debruyn Report") and Mr. Debruyn's Affidavit submitted in support of Plaintiff's opposition to defendants' motion for summary judgment which plaintiff now seeks to designate as yet another supplemental expert report ("Affidavit").[1] Both were submitted after the deadline set forth in the case management order, without leave of court and without good case and, therefore, plaintiff should not be permitted to use the information contained in the reports at trial.

---

[1] Defendants in their objections to Magistrate's Smyser's Report and Recommendation regarding defendants' motion for summary judgment addressed the question of whether the Supplemental DeBruyn Report and Affidavit should have been considered by the court in denying summary judgment with regard to the 1997 and 1998 audit reports.

I. **Factual Background**

This action involves a claim for negligent misrepresentation against an accountant and his accounting firm. Defendants audited the financial statements for CCI Construction Company ("CCI") for a number of years including the years ended December 31, 1996, 1997 and 1998. Plaintiff issued surety bonds on CCI's behalf during the period from 1993 to 1999. CCI, in the winter of 2000, defaulted on those projects in process as of that time and filed for bankruptcy in May of 2000 requiring USF&G to fulfill its obligations under the payment and performance bonds issued on CCI's behalf. USF&G contends that it would not have issued certain payment and performance bonds had the audited financials for the years ended December 31, 1997 and December 31, 1998 not negligently misrepresented the financial condition of the CCI. Plaintiff seeks to recover the amounts it contends it has spent in performing its obligations under those payment and performance bonds issued on CCI's behalf.

Pursuant to the Case Management Order dated August 17, 2001, as amended by order dated May 8, 2002, plaintiff's expert reports were due on July 22, 2002 and defendants' expert reports were due on August 21, 2002. On or about June 5, 2002, plaintiff requested defendants' concurrence in a proposal whereby plaintiff would be permitted to submit expert reports in rebuttal to reports received from defendants. Specifically plaintiff stated

2

> Based on various exchanges during the discovery process, it appears that you [sic] client may assert as defenses certain issues possibly requiring the submission of expert testimony. Because the exact topics for which your client may introduce expert testimony will be unknown by my client until approximately August 21, 2002, it will be difficult, if not impossible, for my client to produce reports or to designate topics for which it is currently unaware. Accordingly my client is considering filing a motion that would provide it with 30 days from receipt of Brown Schultz' expert reports to file expert report (and designate experts) in rebuttal to the reports received from your client.

On June 10, 2002, prior to receiving a response from defendants regarding the proposal, USF&G requested leave of court to file expert reports in rebuttal to designations made by Brown Schultz by September 20, 2002. With regard to that motion USF&G advised the court that it intended to submit an expert report as to "what it avers are the various accounting errors by Brown Schultz no later than July 22, 2002. This USF&G believes will be the only expert necessary for USF&G to prove its prima facie case. . . ."

> Plaintiff indicated that the relief sought was justified because
>
> It is difficult, if not impossible, for a party to determine the nature of all expert testimony it may need until the other party has fully made known the detailed nature of its claims (or, as applicable to Brown Schultz, its defenses). During the course of discovery, it has become apparent that Brown Schultz may rely upon various affirmative defenses–such as failure to mitigate–for which it will bear the burden of proof. Unless and until expert reports are provided by Brown Schultz, USF&G is unable to submit any expert reports to rebut or respond to such defendants.
>
> Magistrate Smyser, by order dated June 14, 2002, prior to any response to the motion being due, granted plaintiff's motion to

amend case management order regarding expert reports to permit the filing of rebuttal expert reports.

On July 22, 2002, Plaintiff submitted to defendants the Expert Report of Stephen Debruyn, CPA. Mr. Debruyn's report contained restated balance sheets and income statements for CCI Construction Company for the years ended December 31, 1997 and December 31, 1998. The report, however, contained no information as to how Mr. Debruyn arrived at the restated amounts contained in those exhibits, the source of the restated amounts or the means by which Mr. Debruyn determined the adjustments for the restated amounts.

Defendants on August 6 and 7, 2002 requested that plaintiff produce Mr. Debruyn's work papers so defendants could ascertain the basis for the restated financials set forth in Mr. Debruyn's work papers. Plaintiff refused to produce Mr. Debruyn's work papers.

Defendants, in their motion for summary judgment, which was filed on September 1, 2002, raised the issue that the Debruyn report did not comply with F.R.C.P. 26 in that it did not provide the substantive rationale in detail with respect to the basis and reasons for the proffered opinions.[2]

---

[2] Magistrate Smyser in his report and recommendation with regard to defendants' motion for summary judgment agreed that the original report was deficient because it did not explain how the expert arrived at the

After defendants produced their expert witness reports on August 21, 2002, and after receiving defendants' summary judgment motion, plaintiff, on September 20, 2002, submitted a Supplemental Report of Mr. Debruyn. The Supplemental Report purported to explain the basis for the restated financials. The supplemental report was not submitted in rebuttal to any expert report submitted by defendants on a defense on which they would bear the burden at trial which was the basis upon which plaintiff requested and was granted leave to submit such reports. Rather, the supplemental report included the detail which should have been included in Mr. Debruyn's original report.

On or about October 9, 2002, in support of its opposition to defendants summary judgment motion, plaintiff submitted an affidavit from Mr. Debruyn which contained further information with regard to how Mr. Debruyn arrived at his restated financials and, for the first time, by way of exhibits, provided specific information on a job by job basis. By letter dated October 16, 2002, Plaintiff purported to formally designate this affidavit as yet a further supplemental expert report, long after both the deadline for expert reports and the deadline for

---

specific figures set forth in the restated balance sheets and income statements for 1997 and 1998. He further found that the methodology used by the expert to arrive at his restated figures should have been set forth in his original report. That recommendation was adopted by this court on January 31, 2003.

5

submission of expert reports in rebuttal to those submitted by defendants.

II. **Statement of Questions Presented**

Whether the supplemental expert report and affidavit of Mr. Debruyn should be stricken as untimely.

Suggested response: Yes.

III. **Argument**

The supplemental Debruyn report and affidavit were not in submitted in a timely manner and, as such, are in violation of this court's case management order and F.R.C.P. 26(a)(2). As such, Mr. Debruyn's testimony based on the information in the supplemental report and affidavit should be precluded pursuant to F.R.C.P. 37(c)(1).

Rule 37(c)(1) provides that

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(2) is not, unless the failure is harmless, permitted to use as evidence at a trial, at a hearing or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court on motion and after affording an opportunity to be heard may impose other appropriate sanctions.

The failure to disclose in a timely manner is equivalent to failure to disclose. *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004 (8th Cir. 1998). Under Rule 37(c)(1), the non-producing party bears the burden of proving substantial justification for its conduct or that the failure to

6

produce was harmless. *See, Tolerico v. The Home Depot*, 205 F.R.D. 169, 175 (M.D. Pa. 2002). The test of substantial justification is satisfied if there exists a genuine dispute concerning compliance. *Id.* at 175.

Plaintiff has no justification for its failure to produce the supplemental Debruyn report and affidavit on July 22, 2002 in accordance with the deadline set forth in the case management order. The supplemental report and affidavit provide the basis for and methodology used by Debruyn to arrive at his restated financials. The basis for the restated income statements and balance sheets was not a matter on which parties could differ as to whether disclosure was required. Federal Rule of Civil Procedure 26(a)(2)(A) requires that an expert report "provide the substantive rationale in detail with respect to the basis and reasons for the proffered opinions. It must explain factually why and how the witness reached them." *Dunkin Donuts, Inc. v. Patel*, 174 F. Supp. 2d 202, 211 (D.N.J. 2001). Plaintiff could and should have disclosed how Mr. Debruyn arrived at his restated financials for 1997 and 1998 at the time it produced Mr. Debruyn's initial report. Plaintiff also could have provided this information when it was requested to provide documentation from which defendants could ascertain the basis for the restated financials and it declined to do so. There is no substantial justification for plaintiff's failure to disclose the

SWARTZ, CAMPBELL & DETWEILER
ATTORNEYS AT LAW • 1631 NORTH FRONT STREET • HARRISBURG, PA 17102

information contained in the supplemental report and affidavit.

There is also no basis for the supplemental report and affidavit to be considered either a rebuttal report or a supplementation so as to be subject to later deadlines in the Case Management Order. The information contained in the reports was not submitted in rebuttal to anything offered by defendants' experts or to supplement Mr. Debruyn's initial report. Mr. Debruyn did not *supplement* his expert report on September 20, 2002 or again on October 16, 2003. His opinion was not amended or amplified based information that was not previously available to him. He merely disclosed that which should have been disclosed on July 22, 2002 when the report was due.

> Plaintiff would have the Court allow it to file preliminary expert reports and then freely supplement them with information and opinions that should have been disclosed in the initial report. That result would effectively circumvent the requirement for the disclosure of a timely and complete expert report. *See, e.g., Keener v. United States*, 181 F.R.D. 639, 642 (D. Mont. 1998). The concept of preliminary expert reports is contrary to the policies underlying Rule 26. *See In re TMI Litig.*, 922 F. Supp. 997, 1005 n.9; *Smith v. State Farm Fire & Cas. Co.*, 164 F.R.D. 49, 53-54 (S.D. W. Va. 1995). Allowing preliminary expert reports as a matter of course would afford litigants an opportunity to "mold their expert reports to meet [their opponent's] legal challenges." *In re TMI Litig.*, 922 F. Supp. at 1005 n.10.

*Stein v. Foamex Int'l, Inc.*, 2001 U.S. Dist. LEXIS 12211 (E.D. Pa. Aug. 15, 2001).

The deadlines for rebuttal reports and supplementations were not

8

intended to allow plaintiff three additional months to disclose that which was necessary in the first instance to comply with the applicable rules and Case Management Order.

Plaintiff's non-disclosure also was not harmless. A party's misconduct is harmless if it involves an honest mistake, coupled with sufficient knowledge by the other party of the material that has not been produced. *Stallworth v. E.Z. Convenience Stores,* 199 F.R.D. 366, 368 (M.D. Ala. 2001). This connotation of the term "harmless" is derived from the Committee Note to the 1993 amendments to Rule 37(c), which offers as examples of "harmless" violations of Rule 26(a), the inadvertent failure to disclose the name of a potential witness known to all parties, or the failure to list as a trial witness a person listed by another party. As the Committee Notes state:

> Paragraph (1) prevents a party from using as evidence any witnesses or information that, without substantial justification, has not been disclosed as required by Rule 26(a) and 26(e)(1). This automatic sanction provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at trial, or on a motion, such as one under Rule 56. . . .
>
> Limiting the automatic sanction to violations "without substantial justification" coupled with the exception for violations that are "harmless" is needed to avoid unduly harsh penalties in a variety of situations: e.g., the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties; the failure to list as a trial witness a person so listed by another party; or the lack of knowledge of a pro se litigant of the requirement to make disclosures. In the latter situation, however, exclusion would be proper if the requirement for disclosure had

> been called to the litigant's attention by either the court or another party.

Advisory Committee Notes, 1993 Amendments. This is not a situation similar to the examples given in the notes to Rule 37 such as the failure to list as a trial witness a person so listed by another party. Plaintiff's nondisclosure of the information contained in the Supplemental Debruyn Report and Affidavit was done with a disregard for the requirements of F.R.C.P. 26 and the Case Management Order. Plaintiff bears the burden on the question of whether Brown Schultz negligently performed the audits of CCI which resulted in the financial statements misrepresenting the financial condition of CCI in some material way. Even if plaintiff could establish that its non-disclosure was an "honest" mistake, plaintiff cannot show that defendants had sufficient knowledge of the material that has not been produced. See *Stallworth*, 199 F.R.D. at 369.

Plaintiff did not produce the information contained in Mr. Debruyn's initial report, supplemental report or affidavit in the course of discovery. Plaintiff did not identify the restated financial information in discovery notwithstanding the fact it had been asked to state the manner is which the audited financials for the years at issue misrepresented the financial condition of the CCI. Plaintiff did not indicate the problems with the financial statements identified by Debruyn in his Supplemental Report and Affidavit in their answers to

10

interrogatories.

Defendants had no opportunity to examine plaintiff's underwriters with regard to the effect those restated financials would have had on their underwriting decisions. While the underwriters were questioned at length concerning the impact of the problems with the financial statements as indicated in the answers to interrogatories, the underwriters were unable to conclude as to the underwriting impact of the problems with the financial statements as indicated in plaintiff's answers to interrogatories. Indeed, plaintiff's underwriters testified that they could not determine to what extent a change in the audited financial statements would have effected their underwriting of payment and performance bonds for CCI. *See, e.g.*, Excerpts of Depositions of James Dailey, Anthony Phillips and Steve Salazar attached to Defendants' Motion as Exhibit J.

The last possible moment for this information to be disclosed was at the time plaintiff's expert reports were due on July 22, 2002. After this point, defendants should be able to rely on the factual record in pursuing summary judgment and in having its own experts prepare their reports. See *Trost v. Trek Bicycle Corp.*, 162 F.3d at 1008 (finding prejudice where defendant had prepared summary judgment motion partially premised on the lack of expert opinion to support plaintiff's claims). This is particularly true where, as here, defendants put

11

plaintiff on notice of the deficiency of their expert report and requested Mr. Debruyn's workpapers to make their determination with regard to the basis for the restated financials proposed by Mr. Debruyn. As such, exclusion of the Supplemental Report and the Affidavit is proper under Rule 37.

This failure to fully disclose the basis for plaintiff's expert opinion at the time it was due and then again after Plaintiff was requested to provide documentation to explain how it arrived at the restated balance sheets and income statements has prejudiced defendants. Defendants should have been permitted to file summary judgment with the knowledge that those experts necessary to plaintiff's case in chief, their opinions, and the basis for those opinions have been fully disclosed. More importantly, the fact that the information contained in the supplemental report and affidavit were not timely disclosed prevented defendants own experts from reviewing that information when rendering their own reports.

The preclusion of expert testimony is an appropriate sanction where, as here, the failure to comply with the case management order did not result from a good faith inability to produce the required information. *Sitkoff c. BMW of North America, Inc.*, No. 93-3804, 1995 U.S. Dist. Lexis 9824 (E.D. Pa. 1995)

## IV. Conclusion

The Supplemental Expert Report and the Affidavit of Stephen Debruyn were not submitted until long after they were due, without leave of court and without good cause. The non-disclosure was without substantial justification and was not harmless. Accordingly, this court should preclude plaintiff from using as evidence at trial the information in the Supplemental Report of Mr. Debruyn and Affidavit.

Respectfully submitted,<br>
SWARTZ, CAMPBELL, LLC<br>
<br>
BY: <i>Kathleen M. Carson</i><br>
Jeffrey B. McCarron<br>
Kathleen M. Carson<br>
1601 Market Street<br>
Philadelphia, PA 19103<br>
Attorneys for Defendants

Dated: February 7, 2003

## CERTIFICATE OF SERVICE

I, Kathleen M. Carson, Esquire, counsel for defendants, Bruce J. Brown and Brown, Schultz Sheridan & Fritz, hereby certify that a copy of the Memorandum of Law in Support of Defendants' Motion to Strike Supplemental Expert Report and Affidavit of Stephen Debruyn, CPA, was served upon all counsel listed below by first class U.S. mail, postage prepaid on February 7, 2003:

Peter Speaker, Esquire
Thomas, Thomas & Hafer
305 North Front Street
Harrisburg, PA 17101

Peter B. McGlynn, Esquire
Bruce D. Levin, Esquire
Bernkopf, Goodman & Baseman LLP
125 Summer Street, Suite 1300
Boston, MA 02110

*Kathleen M. Carson*
Kathleen M. Carson

Date: February 7, 2003

SWARTZ, CAMPBELL & DETWEILER
ATTORNEYS AT LAW • 1631 NORTH FRONT STREET • HARRISBURG, PA 17102