UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA

FEB 10 2003

MARY E. D'ANDREA, CLERK
Per _____
    Deputy Clerk

United States Fidelity and :
Guaranty Company :
 :
v. :
 : Judge Christopher Connor
Bruce J. Brown and Brown, Schultz :
Sheridan & Fritz : No: 01-CIV-813

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE THE EXPERT REPORT AND AFFIDAVIT OF RICHARD FARNSWORTH

Defendants, Bruce J. Brown and Brown, Schultz, Sheridan & Fritz seek an order striking the Expert Report of Richard Farnsworth and his Affidavit which was submitted in support of Plaintiff's opposition to defendants' motion for summary judgment and which plaintiff now seeks to designate as a supplemental report. Alternatively, defendants request that this court preclude USF&G from using Mr. Farnsworth in its case in chief.

I.  Factual Background

This is a claim for negligent misrepresentation against an accountant and his accounting firm. Defendants audited the financial statements for CCI Construction Company for a number of years including the years ended December 31, 1997 and 1998. Plaintiff, USF&G issued surety bonds on CCI's behalf during the period from 1993 to 1999. CCI, in

the winter of 2000, defaulted on those projects in process as of that time and filed for bankruptcy in May of 2000 requiring USF&G to fulfill its obligations under the payment and performance bonds issued on CCI's behalf.

USF&G contends that it would not have issued certain payment and performance bonds had the audited financials for the years ended December 31, 1997 and December 31, 1998 not negligently misrepresented the financial condition of the CCI. Plaintiff seeks to recover the amount it contends it has spent in performing its obligations under the payment and performance bonds issued on CCI's behalf.

Pursuant to the Case Management Order dated August 17, 2001, as amended by order dated May 8, 2002, plaintiff's expert reports were due on July 22, 2002 and defendants' expert reports were due on August 21, 2002.

By letter dated June 5, 2002, plaintiff requested defendants' concurrence in a proposal whereby plaintiff would be permitted to submit expert reports in rebuttal to reports received from defendants. A copy of the letter is attached to Defendants' Motion as Exhibit A. On June 10, 2002, prior to receiving a response from defendants regarding the proposal, USF&G requested leave of court to file expert reports in rebuttal to designations made by Brown Schultz by September 20, 2002. With regard to that motion USF&G advised the court that it intended to submit an

2

expert report as to "what it avers are the various accounting errors by Brown Schultz no later than July 22, 2002. This USF&G believes will be the only expert necessary for USF&G to prove its prima facie case. . . ." Plaintiff indicated that the relief it sought was justified because it was difficult to determine the nature of the expert reports defendants would submit in support of their affirmative defenses upon which defendants would bear the burden of proof. A copy of plaintiff's motion in this regard is attached as Exhibit B to Defendants Motion to Strike the Farnsworth Report and Affidavit.

Magistrate Smyser, by order dated June 14, 2002, prior to any response to the motion being due, granted plaintiff's motion to amend case management order regarding expert reports to permit the filing of rebuttal expert reports. A copy of the June 14, 2002 Order is attached the Defendants' Motion as Exhibit C.

On July 22, 2002, the only expert report submitted by Plaintiff was the Expert Report of Stephen DeBruyn, CPA.

On August 21, 2002, Defendants produced the reports of their experts including the report of Rolf Neuschaefer, a surety bond underwriter. On September 20, 2002, plaintiff produced the expert of report of Richard D. Farnsworth, a surety underwriter. A copy of Mr. Farnsworth's report is attached to Defendants' Motion as Exhibit D. Mr. Farnsworth, in that

3

report, offers the opinion that "it was reasonable and justifiable for USF&G's underwriters to rely on the audited financial statements prepared by Brown Schultz Sheridan & Fritz in reaching their underwriting decisions concerning CCI."[1]  Farnsworth Report at p. 2.

On October 9, 2002, Plaintiff submitted the Affidavit of Richard Farnsworth in opposition to defendants' motion for summary judgment. A copy of the Farnsworth Affidavit is attached to Defendants' Motion as Exhibit E. By letter dated October 16, 2002, Plaintiff purported to designate the Farnsworth Affidavit as constituting an expert report.  A copy of the October 16, 2002 letter is attached to Defendants' Motion as Exhibit F.

The Farnsworth Report and affidavit were submitted months after the July 22, 2002 deadline in the case management order for the submission of expert reports by plaintiff.  The Farnsworth Report and affidavit are being offered to prove an element of plaintiff's case in chief, i.e., reasonable reliance and, as such, do not constitute rebuttal reports to which the September 20, 2002 deadline would apply.  Nor are they "supplementations" to which any "supplementations" deadline would apply. Accordingly, the Farnsworth Report and Affidavit are untimely

---

[1] Mr. Farnsworth only other opinion is that USF&G's underwriting of the CCI account generally conformed to applicable standards of care of the surety industry that were in effect during 1994-1999.

4

pursuant to the Case Management Order and should be stricken for that reason.

II.   Statement of Questions Presented

Whether the expert report and affidavit of Mr. Farnsworth should be stricken as untimely.

Suggested response: Yes.

III.   Argument

The Farnsworth report and affidavit were not in submitted in a timely manner and, as such, are in violation of this court's case management order and F.R.C.P. 26(a)(2). As such, Mr. Farnsworth's testimony should be precluded pursuant to F.R.C.P. 37(c)(1). Alternatively, Mr. Farnsworth should not be permitted to testify in plaintiff's case in chief but rather should only be permitted to testify in response or rebuttal to defendants' expert.

Rule 37(c)(1) provides that

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(2) is not, unless the failure is harmless, permitted to use as evidence at a trial, at a hearing or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court on motion and after affording an opportunity to be heard may impose other appropriate sanctions.

The failure to disclose in a timely manner is equivalent to failure to disclose. *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004 (8th Cir. 1998). Under

Rule 37(c)(1), the non-producing party bears the burden of proving substantial justification for its conduct or that the failure to produce was harmless. *See, Tolerico v. The Home Depot*, 205 F.R.D. 169, 175 (M.D. Pa. 2002). The test of substantial justification is satisfied if there exists a genuine dispute concerning compliance. *Id.* at 175.

Plaintiff has no justification for its failure to produce the Farnsworth report and affidavit on July 22, 2002 in accordance with the deadline set forth in the case management order. It is clear from plaintiff's own correspondence that it was fully aware of the fact that, to the extent it would be using expert testimony to establish an element of its prima facie case, it was required to make the disclosures required by F.R.C.P. 26 on July 22, 2002. Mr. Farnsworth's report was submitted on the issue of reasonable reliance, an element of plaintiff's case. As such, it should have been produced on July 22, 2002.

The failure to produce the required information was not harmless. A party's misconduct is harmless if it involves an honest mistake, coupled with sufficient knowledge by the other party of the material that has not been produced. *Stallworth v. E.Z. Convenience Stores*, 199 F.R.D. 366, 368 (M.D. Ala. 2001). This connotation of the term "harmless" is derived from the Committee Note to the 1993 amendments to Rule 37(c), which offers as examples of "harmless" violations of Rule 26(a), the inadvertent failure to

disclose the name of a potential witness known to all parties, or the failure to list as a trial witness a person listed by another party. As the Committee Notes state:

> Paragraph (1) prevents a party from using as evidence any witnesses or information that, without substantial justification, has not been disclosed as required by Rule 26(a) and 26(e)(1). This automatic sanction provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at trial, or on a motion, such as one under Rule 56. . . .
>
> Limiting the automatic sanction to violations "without substantial justification" coupled with the exception for violations that are "harmless" is needed to avoid unduly harsh penalties in a variety of situations: e.g., the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties; the failure to list as a trial witness a person so listed by another party; or the lack of knowledge of a pro se litigant of the requirement to make disclosures. In the latter situation, however, exclusion would be proper if the requirement for disclosure had been called to the litigant's attention by either the court or another party.

Advisory Committee Notes, 1993 Amendments. This is not a situation similar to the examples given in the notes to Rule 37 such as the failure to list as a trial witness a person so listed by another party. Defendants submitted their expert reports without the knowledge that plaintiff would be attempting to use expert testimony to establish the element of reasonable reliance and without the opportunity to address Mr. Farnsworth's contentions in this regard. In addition, defendants submitted their summary judgment motion based on the record as it existed at the close of discovery and subsequent to time plaintiff was

7

required to produce its expert disclosures under F.R.C.P. 26. It was not until after defendants had moved for summary judgment that plaintiff produced Mr. Farnsworth's report.

The preclusion of expert testimony is an appropriate sanction where, as here, the failure to comply with the case management order did not result from a good faith inability to produce the required information. *Sitkoff c. BMW of North America, Inc.,* No. 93-3804, 1995 U.S. Dist. Lexis 9824 (E.D. Pa. 1995). The Farnsworth Report and Affidavit should be stricken because they were not produced in accordance with the Case Management Order and F.R.C.P. 37. Alternatively, plaintiff should not be permitted to use the information contained in the Farnsworth Report and Affidavit in its own case but should be limited to using the information, if at all, in rebuttal to expert testimony submitted by defendants.

IV. Conclusion

The Expert Report and the Affidavit of Mr. Farnsworth were not submitted until long after they were due and were submitted without leave of court and without good cause. The non-disclosure was without substantial justification and was not harmless.

Accordingly, this court should preclude plaintiff from using as evidence at trial the testimony of Mr. Farnsworth or, alternatively, to

SWARTZ, CAMPBELL & DETWEILER
ATTORNEYS AT LAW • 1631 NORTH FRONT STREET • HARRISBURG, PA 17102

preclude plaintiff from using Mr. Farnsworth's testimony to establish its prima facie case.

                                  Respectfully submitted,

                                  SWARTZ, CAMPBELL, LLC

                                  BY: _Kathleen M. Carson_____
                                          Jeffrey B. McCarron
                                          Kathleen M. Carson
                                          1601 Market Street
                                          Philadelphia, PA 19103
                                          Attorneys for Defendants

Dated: February 10, 2003

## CERTIFICATE OF SERVICE

I, Kathleen M. Carson, Esquire, counsel for defendants, Bruce J. Brown and Brown, Schultz Sheridan & Fritz, hereby certify that a copy of the Memorandum of Law in Support of Defendants' Motion to Strike Supplemental Expert Report and Affidavit of Richard Farnsworth, was served upon all counsel listed below by first class U.S. mail, postage prepaid on February 10, 2003:

Peter Speaker, Esquire
Thomas, Thomas & Hafer
305 North Front Street
Harrisburg, PA 17101

Peter B. McGlynn, Esquire
Bruce D. Levin, Esquire
Bernkopf, Goodman & Baseman LLP
125 Summer Street, Suite 1300
Boston, MA 02110

*Kathleen M. Carson*
Kathleen M. Carson

Date: February 10, 2003