**ORIGINAL**

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA

FEB 24 2003

MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

United States Fidelity and
Guaranty Company

v.

Bruce J. Brown and Brown, Schultz
Sheridan & Fritz

Judge Christopher Connor

No: 01-CIV-813

## REPLY OF DEFENDANTS TO PLAINTIFF'S OPPOSITIONS TO MOTIONS TO STRIKE THE DEBRUYN SUPPLEMENTAL EXPERT REPORT AND AFFIDAVIT AND THE REPORT AND AFFIDAVIT OF RICHARD FARNSWORTH

Plaintiff claims that the reports of its experts were timely and that, even if not, the failure to produce those reports in accordance with this Court's scheduling orders does not warrant their being stricken. The simple fact, however, is that USF&G has not complied with the Court's scheduling orders with regard to the disclosure of its expert reports and its failure to do so does warrant sanctions.

**The DeBruyn Supplemental Report and Affidavit**

With regard to Mr. DeBruyn's Supplemental Report and Affidavit, USF&G has offered no real explanation as to why the information concerning how Mr. DeBruyn arrived at his restated financials was not provided with his original report. *See Tolerico v. The Home Depot*, 205 F.R.D. 169, 175 (M.D. Pa. 2002) (non-producing party bears the burden of proving substantial justification for its conduct). Plaintiff claims the supplemental report was timely having been submitted by the deadline for

plaintiff to produce rebuttal reports. However, other than a conclusory statement that the supplemental report was being offered to rebut "various assertions" of defendants' experts, Plaintiff fails to indicate what assertions the supplemental report is being offered to rebut. This is not a rebuttal report. Rather, it merely discloses that which should have been included in the original inadequate report. The deadline for rebuttal reports did not apply to this "supplemental report" and, therefore, it was untimely.

Plaintiff purported to designate the DeBruyn's Affidavit as an expert report on October 16, 2002, long after both the deadline for plaintiff's expert reports and rebuttal reports had passed. Plaintiff makes no argument as to the timeliness of its attempted designation of the DeBruyn Affidavit or the reason the information contained therein was not disclosed at the time its initial report was due. As set forth previously, plaintiff "would have the Court allow it to file preliminary expert reports and then freely supplement them with information and opinions that should have been disclosed in the initial report." *Stein v. Foamex Int'l, Inc.*, 2001 U.S. Dist. Lexis 12211 (E.D. Pa. 2001). This would circumvent the requirement for the disclosure of a timely and complete expert report. *Id.*

Finally, Plaintiff's comments with regard to discovery in this matter miss the point. Plaintiff's failure to disclose the information contained in the supplemental report and affidavit is not harmless. This is not a situation where plaintiff has been forthcoming in disclosing the nature of its claims. In this case, the nature of the

2

misrepresentations claimed by plaintiff were not disclosed in discovery or in the course of the depositions of plaintiff's underwriters, thereby ameliorating prejudice to defendants by plaintiff's production of an insufficient expert report. Plaintiff chose instead to wait to produce this information in the form of its expert report. Having chosen this course and then having still failed to produce a report that complied with Rule 26 takes plaintiff's conduct out of the realm of harmless non-disclosures. *See* Advisory Committee Notes to Rule 37, 1993 Amendments.

Plaintiff has not established that its untimely expert disclosures were made with substantial justification or were harmless. As such, the supplemental DeBruyn report and affidavit should be stricken. Alternatively, this court should impose such other sanctions as it deems fit.

### The Farnsworth Report and Affidavit

Plaintiff contends that Mr. Farnsworth's report is a rebuttal report and, therefore, was timely served. However, Mr. Farnsworth's testimony is being offered, at least in part, to support an element of plaintiff's case in chief. His report states that it is his opinion that "it was reasonable and justifiable for USF&G's underwriters to rely on the audited financial statements prepared by Brown, Schultz, Sheridan & Fritz in reaching their underwriting decisions concerning CCI." Farnsworth Report at p. 2. Reasonable reliance is an element of plaintiff's case is chief. *See Bortz v. Noon*, 729 A.2d 555, 561 (Pa. 1999). As such, the deadline for rebuttal reports is inapplicable and it is not timely.

3

If Mr. Farnsworth's report is truly being offered in rebuttal to the opinions of Mr. Neuschaefer, defendants' expert, then Plaintiff should only permitted to use Mr. Farnsworth as a rebuttal witness and not in its case in chief. Plaintiff, in response, appears to argue that as long as it submitted its experts' reports prior to the deadline for rebuttal reports, it can use those experts in its case-in-chief. This is not supported by *Maylie v. National Railroad Passenger Corporation*, 791 F.Supp. 477 (E.D. Pa. 1992), a case relied upon by plaintiff.

In *Maylie*, plaintiff suggests that the court found that certain rebuttal expert witness' testimony regarding a myelogram could have been presented as part of the plaintiff's case in chief. Rather, the court merely noted that the testimony of the rebuttal expert would have been permitted in plaintiff's case in chief *if the expert had included a review of the myelogram in his expert report*, which he did not. It does not support the view that plaintiff, having submitted Mr. Farnsworth's report as a rebuttal report, may use Mr. Farnsworth's testimony in its case in chief.

Plaintiff also has not addressed the timeliness of the Farnsworth Affidavit. Plaintiff's designation of the Farnsworth Affidavit as an expert report on October 16, 2002 is not timely even under the deadline for submission of rebuttal reports. Plaintiff offers no substantial justification for its belated attempt to designate this as an expert report.

Plaintiff, USF&G, has not complied with the Court's scheduling orders with regard to the disclosure of its expert reports and its failure to do so warrants

exclusion of the reports or such other sanctions as this court deems appropriate.

Respectfully submitted,

SWARTZ CAMPBELL, LLC

By: *Kathleen M. Carson*
JEFFREY B. MC CARRON
KATHLEEN M. CARSON

1601 Market Street
Philadelphia, PA 19103
(215) 564-5190

Attorneys for Defendants, Bruce J. Brown and Brown, Schultz, Sheridan & Fritz

5

## CERTIFICATE OF SERVICE

I, Kathleen M. Carson, Esquire, counsel for defendants, Bruce J. Brown and Brown, Schultz Sheridan & Fritz, hereby certify that a copy of Defendants' Reply to Plaintiffs' Opposition to Defendants' Motions to Strike the Supplemental DeBruyn Report, the DeBruyn Affidavit, the Farnsworth Report and the Farnsworth Affidavit, was served upon all counsel listed below by first class U.S. mail, postage prepaid on February 24, 2003

Peter Speaker, Esquire
Thomas, Thomas & Hafer
305 North Front Street
Harrisburg, PA 17101

Peter B. McGlynn, Esquire
Bruce D. Levin, Esquire
Bernkopf, Goodman & Baseman LLP
125 Summer Street, Suite 1300
Boston, MA 02110

Kathleen M. Carson

Date: February 24, 2003