# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES FIDELITY and GUARANTY COMPANY** : | **CIVIL NO. 1:01-CV-0813** |
| **Plaintiff** : | |
| v. : | |
| **BRUCE J. BROWN and BROWN, SCHULTZ, SHERIDAN & FRITZ** : | **(Judge Conner)** |
| **Defendants** : | |

## **M E M O R A N D U M**

Presently before the court is defendants' motion to strike the expert report and affidavit of Richard Farnsworth (Doc. 81) and defendants' motion to strike supplemental expert report and affidavit of Stephen DeBruyn, CPA (Doc. 80). The parties have briefed the issues and the matter is ripe for disposition.

### I.   Factual Background

Plaintiff, United States Fidelity and Guaranty Company ("USF&G"), brings this negligent misrepresentation action against defendants, Bruce J. Brown and the accounting firm of Brown, Schultz, Sheridan & Fritz (collectively "the Brown defendants"). Defendants audited the financial statements for CCI Construction Company ("CCI"). Plaintiff issued surety bonds on CCI's behalf. CCI defaulted on certain construction projects and filed for bankruptcy in May 2000, requiring USF&G to fulfill its obligations under these bonds. Plaintiff alleges that it would not have issued certain payment and performance bonds if it had known that the audited financial statements for 1997 and 1998 misrepresented CCI's financial condition.

On August 17, 2001, Magistrate Judge Andrew Smyser issued a case management order, as amended by order dated May 8, 2002, setting July 22, 2002 as the deadline for submission of plaintiff's expert reports. (Doc. 16). The order further required defendants to present all expert reports by August 21, 2002. <u>Id.</u> On June 12, 2002, USF&G filed a motion to amend the case management order, requesting leave to file rebuttal and supplemental expert reports by September 20, 2002. (Doc. 29). The Magistrate Judge granted this motion by order dated June 14, 2002. (Doc. 31).

On July 22, 2002, plaintiff submitted the expert report of Mr. Stephen DeBruyn, CPA ("DeBruyn"). (Doc. 81, Ex. D). Defendants presented their expert reports, including that of Mr. Rolf Neuschaefer ("Neuschaefer"), a surety bond underwriter on August 21, 2002. On September 20, 2002, plaintiff produced the expert report of Richard D. Farnsworth ("Farnsworth"), a surety underwriter. (Doc. 81, Ex. D). USF&G also submitted DeBruyn's supplemental expert report on this date. (Doc. 80, Ex. G). The affidavits of Farnsworth and Debruyn followed on October, 9, 2002. (Doc. 62).

## II.   **The Farnsworth Report and Affidavit**

Defendants contend that Farnsworth's report and affidavit are untimely, and should be stricken from the record. Federal Rule of Civil Procedure 26(a) requires parties to disclose the identity of expert witnesses according to the schedule created by the court. <u>See</u> FED. R. CIV. P. 26(a). USF&G argues that it submitted the Farnsworth report and affidavit to rebut defendants' surety underwriting expert, thereby complying with the case management order. However, the Brown defendants oppose admission of this report because in addition to rebutting the

2

underwriting expert, plaintiff can utilize Farnsworth's opinion to establish an element of their case-in-chief.

Federal Rule of Civil Procedure 37(c)(1) provides that:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(2) is not, unless the failure is harmless, permitted to use as evidence at a trial, at a hearing or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court on motion and after affording an opportunity to be heard may impose other appropriate sanctions.

FED. R. CIV. P. 37(c)(1). USF&G bears the burden of demonstrating substantial justification for their alleged failure to timely disclose. See Tolerico v. Home Depot, 205 F.R.D. 169, 175 (M.D.Pa. 2002). In addition, plaintiffs must prove that the alleged failure to timely identify Farnsworth did not harm defendants. See id. Assuming, *arguendo*, that USF&G did not timely disclose the Farnsworth report, plaintiff contends that the court should not exclude the report because they satisfy the above standard.

The Third Circuit has promulgated four factors which this court must consider when determining whether to admit an expert's report despite an alleged failure to comply with the Federal Rules of Civil Procedure. They include: 1) the prejudice to the party against whom the excluded witness is to testify; 2) the ability of that party to cure the prejudice; 3) the extent to which the witness would disrupt the orderly and efficient trial of the case; and 4) the party's bad faith or willfulness in failing to comply with the court's order. Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894, 905 (3d Cir. 1977), *overruled on other grounds by* Goodman v. Lukens Steel Co., 777 F.2d 113 (3d Cir.1985); Kotes v. Super Fresh Food Markets, Inc., 157 F.R.D. 18, 20

(E.D.Pa. 1994); Perkasie Industries Corp. v. Advance Transformer, Inc., 143 F.R.D. 73, 75 (E.D.Pa. 1992).

Substantial justification exists when there is a genuine dispute concerning the need for compliance with the court order in question. See id. While portions of the Farnsworth report support USF&G's case-in-chief, other aspects appear to rebut the opinion of defendants' underwriting expert. (Doc. 81, Ex. D). As a result, plaintiff may have believed that submission of the entire report by the September 20, 2002 rebuttal deadline complied with the case management order. The court finds that any delay in filing the Farnsworth report was substantially justified.

USF&G has also successfully demonstrated that any delay in filing the Farnsworth report did not harm the Brown defendants. See Tolerico, 205 F.R.D. at 175. A party's failure to timely disclose is harmless if it involves an honest mistake, combined with sufficient knowledge by the other party of the material that has not been produced. Id. at 176. Defendants learned of the Farnsworth report before completion of summary judgment briefing. In addition, the Brown defendants will depose Farnsworth in March 2003, before trial of the matter. (Doc. 85). The court finds that any delay in filing the Farnsworth report did not harm the Brown defendants.

Applying these factors to the present matter, the court finds that exclusion of the Farnsworth report is not warranted. As mentioned above, defendants learned of the report in time to object to its admission during summary judgment briefing, and the upcoming deposition will cure any existing prejudice. See id. Admission of Farnsworth's testimony would not disrupt the upcoming trial. See id. Finally, the

court finds that plaintiff's failure to timely file the Farnsworth report was not in bad faith. See id.

In the alternative, defendants argue that the court should preclude plaintiff from utilizing Farnsworth's testimony to support its prima facie case during trial. (Doc. 84). Plaintiff contends that because it timely designated Farnsworth as a rebuttal expert, his testimony may be utilized to support their substantive prima facie case. (Doc. 85). The Third Circuit has held that Rule 26(a)(2), "make[s] no distinction between the permissible uses of 'regular' experts and 'rebuttal' experts." Callahan v. A.E.V., Inc., 182 F.3d 237, 259 (3d Cir. 1999) (holding that plaintiffs may use rebuttal expert to support their prima facie case). For the foregoing reasons, the court will deny defendants' motion to strike the expert report and affidavit of Richard Farnsworth.

### III.    The DeBruyn Report and Affidavit

USF&G submitted the original expert report of DeBruyn on July 22, 2002. (Doc. 80, Ex. E). Plaintiffs aver that the original report contained restated balance sheets and income statements, but did not include information explaining how DeBruyn formulated these restated amounts. (Doc. 83). On September 20, 2002, USF&G filed DeBruyn's supplemental expert report, which illustrated his methodology. (Doc. 80, Ex. G). Utilizing the same arguments presented above, defendants assert that the court should preclude DeBruyn's testimony pursuant to the Federal Rules of Civil Procedure.

In the report and recommendation, the Magistrate Judge clearly stated that plaintiff timely filed DeBruyn's supplemental report. (Doc. 71, p. 29 n.2). The court notes that the Magistrate Judge specifically provided for submission of *supplemental*

5

expert reports until September 20, 2002.  (Doc 31).  The Magistrate Judge also found that any untimeliness did not harm defendants.  Id. at 31.  In the absence of harm to the nonmoving party, Rule 37(c) does not allow for exclusion of evidence.  See FED. R. CIV. P. 37(c)(1); Tolerico, 205 F.R.D. at 175.  For the reasons set forth in the Magistrate's report and recommendation, the court will deny defendants' motion to strike the supplemental expert report and affidavit of Stephen DeBruyn.

     S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:        March 7, 2003

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES FIDELITY and GUARANTY COMPANY** | : : : | **CIVIL NO. 1:01-CV-0813** |
| **Plaintiff** | : : | |
| v. | : : | **(Judge Conner)** |
| **BRUCE J. BROWN and BROWN, SCHULTZ, SHERIDAN & FRITZ** | : : : : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 7th day of March, 2003, upon consideration of defendants' motion to strike the expert report and affidavit of Richard Farnsworth (Doc. 81), and defendants' motion to strike the supplemental expert report and affidavit of Stephen DeBruyn, CPA (Doc. 80), and in accordance with the accompanying memorandum, it is hereby ORDERED that:

1. Defendants' motion to strike the expert report and affidavit of Richard Farnsworth, is DENIED.

2. Defendants' motion to strike the supplemental expert report and affidavit of Stephen DeBruyn, CPA is DENIED.

      S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge