# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(Harrisburg Division)

| | |
|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY,<br>    Plaintiff<br><br>v.<br><br>BRUCE J. BROWN and<br>BROWN SCHULTZ SHERIDAN & FRITZ,<br>    Defendants | CIVIL ACTION NO. 01- |

FILED
HARRISBURG, PA
MAY 0 9 2001
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

**COMPLAINT OF UNITED STATES FIDELITY AND GUARANTY COMPANY**

**I. INTRODUCTION**

By this action, the United States Fidelity and Guaranty Company ("USF&G"), a performance and payment bond surety to CCI Construction Co. ("CCI"), seeks to recover damages which it has sustained as a result of its extension of surety credit and the issuance of construction surety bonds to CCI in reliance upon audited financial statements prepared by the defendants, Bruce J. Brown and Brown Schultz Sheridan & Fritz ("Brown Schultz"), that contain misrepresentations, omissions and/or inaccurate information.

**II. PARTIES, JURISDICTION AND VENUE**

**A. Plaintiff**

1.  Plaintiff, USF&G is a corporation organized under the laws of Maryland and maintains a principal place of business in St. Paul, Minnesota.

### B. Defendant

2. Defendant, Brown Schultz, is, upon information and belief, a professional corporation formed, upon information and belief, pursuant to the laws of the Commonwealth of Pennsylvania with a principal place of business at 1011 Mumma Road, Wormleysburg, Pennsylvania.

3. Defendant, Bruce J. Brown ("Brown") is, upon information and belief, an individual residing in the vicinity of Harrisburg, Pennsylvania, and is a partner with Brown Schultz, as well as the partner-in-charge of the CCI account.

### C. Jurisdiction and Venue

4. Jurisdiction obtains pursuant to 28 U.S.C. §1332(a), as USF&G is a Maryland corporation with a principal place of business in St. Paul, Minnesota and Brown Schultz and Brown are citizens of the Commonwealth of Pennsylvania and have a principal place of business or residence in Pennsylvania. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

5. Venue obtains pursuant to 28 U.S.C. §1391(a) as Brown Schultz has a principal place of business in the Middle District of Pennsylvania and Brown is, upon information and belief, a resident in the Middle District of Pennsylvania.

### III. FACTUAL BACKGROUND

#### USF&G Issues Bonds To CCI

6. CCI was a contractor engaged in construction work on public and private construction projects and maintained principal offices in Camp Hill, Pennsylvania.

7.  USF&G is in the business of, *inter alia*, issuing payment and performance bonds on behalf of contractor and subcontractor principals engaged in the performance of work on public and private construction projects.

8.  In general, in connection with the issuance of payment and performance bonds, USF&G establishes a "bonding program" for its contractor and subcontractor principals, thereby establishing a surety credit line for each such contractor and subcontractor principal.

9.  In general, payment and performance bonds are issued by USF&G to such contractor and subcontractor principals pursuant to the bonding program established, as described in the previous paragraph.

10. As a condition of the establishment and/or extension of surety credit to CCI and the issuance of the payment and performance bonds to CCI, USF&G required that CCI furnish to it annually an audit report prepared by an independent certified public accountant consisting of, *inter alia*, an audit of CCI's balance sheet and income statement.

11. On information and belief, at all times material and relevant to this action, Brown and Brown Schultz have been engaged in the business of performing work as independent certified public accountants, including, *inter alia*, preparing audited financial statements for construction contractors and subcontractors for use by their bonding companies.

### Relying Upon the Audits, USF&G Issues Bonds

12. Brown and Brown Schultz prepared audited financial statements for CCI for the years ended December 31, 1996, December 31, 1997 and December 31, 1998 (collectively, the "Audited Financial Statements"). Copies of the Audited Financial Statements are attached hereto as Exhibits "A," "B" and "C," respectively.

13. Brown and Brown Schultz knew that the Audited Financial Statements would be provided by CCI to its bonding company, which at all times material and relevant to this action was USF&G.

14. Brown and Brown Schultz knew that CCI's bonding company – USF&G – would rely upon the Audited Financial Statements to determine whether to extend, cancel or modify the surety credit program which USF&G established for CCI and to issue payment and performance bonds to CCI.

15. On or about May 1, 1997, USF&G received a copy of Brown Schultz's Independent Auditor's Report dated February 12, 1997 for CCI for the year ended December 31, 1996 and 1995 (the "1996 Audit Report").

16. In reliance upon the 1996 Audit Report, USF&G agreed to extend surety credit to CCI and, thereafter, USF&G issued payment and performance bonds to CCI for, *inter alia*, the following projects:

| | PROJECT | DESCRIPTION | BOND NO. | BOND DATE | PENAL SUM AMOUNT |
|---|---|---|---|---|---|
| A. | Albemarle – Charlottesville Regional Jail | Additions and Renovations to Regional Jail | 26-0120-12995-98-7 | 2/6/98 | $14,682,402.00 |
| B. | Johnstown | Air Traffic Control Tower | 26-0120-41362-97-1 | 8/15/97 | $ 3,734,530.00 |
| C. | Lord Fairfax | Phase I-Lord Fairfax Community College | 26-0120-41364-97-4 | 1/5/98 | $ 7,409,292.00 |
| D. | Outlook-Hilliard | Construction of Outlook Point at Hilliard | 26-0120-13008-98-0 | 2/23/98 | $ 5,598,750.00 |

17. On or about March 5, 1998, USF&G received a copy of Brown Schultz's Independent Auditor's Report dated February 10, 1998 for CCI for the years ended December 31, 1997 (the "1997 Audit Report").

- 4 -

18. In reliance upon the 1997 Audit Report, USF&G agreed to extend surety credit to CCI and, thereafter, USF&G issued payment and performance bonds to CCI for, *inter alia*, the following projects:

|   | PROJECT | DESCRIPTION | BOND NO. | BOND DATE | PENAL SUM AMOUNT |
|---|---|---|---|---|---|
| A. | Germsplasm Ctr | Phase I and II; National Plant Germsplasm | 26-0120-28306-98-1 | 4/7/98 | $15,647,035.00 |
| B. | James River | Construction of Juvenile Detention Center | 26-0120-08946-99-2 | 1/7/99 | $ 7,220,942.00 |
| C. | Outlook-Chesterfield | Construction of Outlook Point at Chesterfield | 26-0120-29307-98-8 | 6/24/98 | $ 3,919,156.00 |
| D. | Outlook-Westerville | Construction of Outlook Point at Westerville | 26-0120-28312-98-1 | 9/27/98 | $ 5,591,730.00 |
| E. | PA Tpkbldg-Kost Rd | Central Administration Building Renovation | 26-0120-40371-99-1 | 4/30/98 | $28,231,945.00 |
| F. | Perry Point | 80 bed Psychiatric Care Building | 26-0120-13002-98-1 | 3/12/98 | $13,297,844.00 |
| G. | Scott A.F. Base | Aircraft Parking Apron & Jet Fuel Storage | 26-0120-28305-98-5 | 3/30/98 | $18,880,298.00 |
| H. | VCU Life Science | The Life Sciences Building | 26-0120-08953-99-9 | 1/15/99 | $21,927,111.00 |

19. On or about March 1, 1999, USF&G received a copy of Brown Schultz's Independent Auditor's Report dated February 10, 1999 for CCI for the year ended December 31, 1998 (the "1998 Audit Report").

20. In reliance upon the 1998 Audit Report, USF&G agreed to extend surety credit to CCI and, thereafter, issued payment and performance bonds to CCI for, *inter alia*, the following projects:

| | PROJECT | DESCRIPTION | BOND NO. | BOND DATE | PENAL AMOUNT |
|---|---|---|---|---|---|
| A. | Bedford County, State Route 0030 | Road Improvements | 26-0120-08963-99-4 | 6/17/99 | $ 514,976.00 |
| B. | Cambria County SR 0022 | Road Improvements | 26-0120-08959-99-7 | 5/13/99 | $ 835,299.00 |
| C. | Summerdale | Sitework-Laboratory Centers of Excellence | 26-0120-08958-99-1 | 7/7/99 | $ 1,688,139.00 |
| D. | Cool & Cold Aqua | Buried Process Water Lines and Valve | 26-0120-40376-99-3 | 8/12/99 | $ 191,083.00 |
| E. | Cool & Cold Aqua | Construction of National Center | 26-0120-08961-99-1 | 4/15/99 | $12,191,000.00 |
| F. | SR II Perry Cnty | Excavation, Presplit Blasting | 26-0120-08953-99-9 | 3/2/99 | $ 4,126,478.00 |

(The projects and the bonds described in paragraphs 16, 18 and 20 of this Complaint are collectively referred to as the "Projects" and the "Bonds," respectively).

21.     The Audited Financial Statements prepared by Brown Schultz were inaccurate, contained omissions and/or were misleading in whole or in part.

**CCI Defaults And USF&G Incurs Heavy Losses**

22.     On or about September, 1999, CCI advised USF&G that it lacked the financial resources to continue its operations and, consequently, would not be able to complete its work and pay its suppliers and subcontractors relative to the Projects.

23.     Subsequently, USF&G, as the surety for the payment and performance bonds which it issued for the Projects, was required to and did expend substantial sums satisfying the claims of CCI's unpaid vendors, employees and subcontractors, and in completing the Projects.

24.     On or about May 19, 2000, CCI filed for bankruptcy.

25.     As of this date, USF&G has incurred losses of approximately $31,816,895 in connection with the Bonds issued in reliance upon the 1996, 1997 and 1998 Audited Financial Statements.

### IV. USF&G'S CLAIMS AGAINST BROWN AND BROWN SCHULTZ

### Count I – Negligent Misrepresentation

26. USF&G hereby restates and realleges the allegations contained in paragraphs 1 through 25 as if fully set forth herein.

27. At the times relevant and material to this action, Brown and Brown Schultz knew that the Audited Financial Statements would be furnished to USF&G.

28. At the times relevant and material to this action, Brown and Brown Schultz knew that as an inducement to extend surety bond credit to CCI, USF&G would rely on the Audited Financial Statements.

29. Brown and Brown Schultz owed a duty of care to USF&G as an intended recipient of the Audited Financial Statements.

30. USF&G justifiably and reasonably relied upon the Audited Financial Statements.

31. USF&G justifiably and reasonably relied upon the Audited Financial Statements to its detriment.

32. The Audited Financial Statements were inaccurate, misleading and/or contained omissions in whole or in part.

33. As a direct and proximate result of Brown and Brown Schultz's negligent misrepresentations contained in the Audited Financial Statements as aforesaid, USF&G has sustained and continues to sustain damages for which Brown and Brown Schultz are liable to USF&G, together with costs, interest and attorneys' fees.

WHEREFORE, USF&G demands that this Court:

1. Enter judgment against Brown and Brown Schultz in favor of USF&G as to Count I of this Complaint in the amount of its damages, plus interest, costs and reasonable attorneys' fees;

2. Grant USF&G such other and further relief as is proper and just.

UNITED STATES FIDELITY &
GUARANTY COMPANY,
By its attorneys,

_____
Jeffrey Rettig, Esq.
Thomas, Thomas & Hafer
305 North Front Street
Harrisburg, PA 17101
Telephone: (717) 237-7100
Telecopier: (717) 237-7105

and

_____
Peter B. McGlynn, Esquire (BBO No. 333660)
Bruce D. Levin, Esquire (BBO No. 548136)
Bernkopf, Goodman & Baseman LLP
125 Summer Street, Suite 1300
Boston, Massachusetts 02110
Telephone:    (617) 790-3000
Facsimile:    (617) 790-3300

Dated: May 9, 2001
#222654 v1/36432/87

- 8 -

# EXHIBIT A

Exhibits A, B, & C were copies of the 1995 through 1998 audited financial statements which to expedite sending this to you I did not copy /BJB