UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(Harrisburg Division)

|  |  |  |
|---|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY, | ) ) ) ) | |
| Plaintiff | ) ) | CIVIL ACTION NO. 1:01-CV-00813 |
| v. | ) ) | JUDGE CONNER |
| BRUCE J. BROWN and BROWN SCHULTZ SHERIDAN & FRITZ, | ) ) ) | |
| Defendants. | ) ) | |

**UNITED STATES FIDELITY & GUARANTY COMPANY'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S EMERGENCY MOTION TO STRIKE DEFENDANTS' SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT**
**[Electronically Filed]**

United States Fidelity & Guaranty Company ("USF&G") hereby responds to Defendants' Response to Plaintiff's Emergency Motion to Strike Defendants' Supplemental Motion for Summary Judgment (the "Brown Schultz Response") filed by Bruce J. Brown and Brown Schultz Sheridan & Fritz (collectively, "Brown Schultz") on September 18, 2003 and served on USF&G by facsimile at 5:26 p.m. that same day. Summarily, the Brown Schultz Response skirts the germane issue; to wit, whether the Court and USF&G must alter their schedules and endure unnecessary burdens of time and expense so that a late-filed motion served on the eve of trial can be briefed, heard and – after considerable energy and expense – decided.

In further support of this Reply, USF&G avers and asserts as follows:

1. Brown Schultz' claim that USF&G engaged in "case-long disregard of all material deadlines concerning the disclosure of expert witness evidence" was false when first presented to the Court over a year ago and remains false today. As recounted in detail in the Emergency Motion of United States Fidelity & Guaranty Company to Strike Supplemental Motion for Summary Judgment by Bruce J. Brown and Brown Schultz Sheridan & Fritz and Related Pleadings (the "Motion to Strike") this issue has been heard and rejected, heard and rejected and heard and rejected. Moreover, alleged misbehavior by one individual is usually not taken as permission for others to engage in either similar or unrelated wrongs.

2. Assuming, *arguendo*, new information were actually received at the deposition of Steve DeBruyn on May 7, 2003, *Brown Schultz presents no reason whatsoever to explain why a summary judgment motion could not have been prepared and filed between May 7, 2003 and mid-August 2003*. Additionally, that Brown Schultz may have intended to file its motion in late August rather than late September hardly justifies either the motion in question or the means by which it was filed in contravention of pertinent rules and orders. Further, as discussed in the Motion to Strike, the deposition of DeBruyn was preceded by the production of, *inter alia*, two expert reports, an affidavit of DeBruyn filed in opposition to Brown Schultz' summary judgment motion and detailed responses to contention interrogatories. If, *arguendo*, new or different testimony surfaced at the DeBruyn deposition, Brown Schultz would have immediately filed with the Court pleadings expressing its indignation and seeking to have the testimony stricken. Moreover, no reason has been provided to excuse Brown Schultz' failure to follow the Local Rules and the resultant failure to allow both USF&G and the Court to address issues concerning scheduling and the late filing of motions. Instead of fair play, Brown Schultz has not only

resorted to unilateral action in filing its motion without notice or leave but sees fit in the Brown Schultz Response to sneer that if USF&G and/or the Court do not like it then maybe the Court should grant a continuance.

      3.      To date, Brown Schultz has filed, *inter alia*, a lengthy motion to dismiss, a comprehensive motion for summary judgment, an appeal of Magistrate Judge Smyser's recommendations regarding the summary judgment motion and several motions directed at USF&G's experts – all of which have been denied. Brown Schultz' averment that it has new issues to bring to the Court's attention lacks credibility. Certainly, if the circumstances merited it, Brown Schultz has had adequate opportunity to seek pre-trial disposition of this case. Moreover, the length and volume of Brown Schultz' latest pleadings indicate that it has been long in the works and was always intended as last minute harassment. Brown Schultz' insinuation that the magnitude of USF&G's losses gives license to Brown Schultz to cause USF&G to incur an additional $20,000 - $30,000 in legal expense is offensive. Brown Schultz Response, footnote 1.

      4.      Throughout the litigation, USF&G has behaved in a civil and professional manner and, on numerous occasions, has made scheduling concessions for the benefit of Brown Schultz. Likewise, Brown Schultz has extended similar courtesies, at least until trial was imminent. The implication in the Brown Schultz Response that USF&G would not make all reasonable efforts to extend accommodations for another's professional or personal difficulties is outrageous, unwarranted and insulting. Serving important pleadings in violation of the Court's orders, ignoring the Local Rules and serving pleadings late on a Friday night in a manner calculated to increase the burden on the other party is neither an acceptable mode of lawyerly behavior nor a particularly apt way to seek assistance or accommodation.

5. USF&G has gone to considerable trouble and expense to prepare for the trial scheduled to commence on October 20, 2003. The trial date has already been continued once and the case is certainly ripe for trial. Hotel reservation have been booked and local office space acquired. Numerous witnesses, including USF&G's experts, have been asked to clear their calendars for the pertinent period. Counsel have, likewise, arranged their personal and professional schedules around the current trial date. In fact, based on the scheduled trial commencement date of October 20, 2003, USF&G's counsel rescheduled trial dates in other cases. If a continuance were really necessary and appropriate, USF&G avers that the proper method of obtaining one would have been to, *inter alia*, confer with both the Court and all parties to obtain mutually convenient dates, and then to file the appropriate pleadings to reschedule all pertinent pretrial events. Unfortunately, Brown Schultz saw tactical advantage in behaving otherwise and then, after the fact, insulting USF&G and seeking to cover its tracks. In essence, by now seeking a continuance because of its unilateral and improper actions, Brown Schultz appears to be playing the role of the proverbial defendant who murdered his parents and then sought mercy on the grounds that he was an orphan.

WHEREFORE, United States Fidelity & Guaranty Company respectfully requests that the Court enter an Order:

1. Striking the Supplemental Motion for Summary Judgment by Bruce J. Brown and Brown Schultz Sheridan & Fritz and related pleadings;

2. Ruling that USF&G need not file any pleadings in opposition to the Supplemental Motion and related pleadings; and

3. Providing such other and further relief as is just and proper.

        UNITED STATES FIDELITY AND
        GUARANTY COMPANY,
        By its counsel,


        __s/ Bruce D. Levin_____
        Peter B. McGlynn, Esquire
        Bruce D. Levin, Esquire
        Bernkopf, Goodman & Baseman LLP
        125 Summer Street, Suite 1300
        Boston, Massachusetts 02110
        Telephone:   (617) 790-3000
        Facsimile:   (617) 790-3300
        blevin@bgblaw.com
        pmcglynn@bgblaw.com

            and

        Peter Speaker, Esquire
        Thomas, Thomas & Hafer
        305 North Front Street
        Harrisburg, PA  17101
        Telephone:   (717) 237-7100
        Facsimile:   (717) 237-7105
        pjs@tthlaw.com

Dated: September 19, 2003
#276529 v1/36432/87