UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| United States Fidelity and Guaranty Company,<br>    Plaintiff<br>  v.<br><br>Bruce J. Brown and Brown, Schultz Sheridan & Fritz,<br>    Defendants | Hon. Christopher Conner<br><br>No: 01-CIV-813 |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S EMERGENCY MOTION TO STRIKE DEFENDANTS' SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT

Defendants, Bruce J. Brown and Brown Schultz Sheridan & Fritz oppose plaintiff's emergency motion to strike defendants' supplemental summary judgment motion and submit this brief in support of that opposition. The supplemental summary judgment motion is meritorious, warranted, not intended to harass, and was filed with sufficient time to obtain a disposition prior to trial. Accordingly, plaintiff's emergency motion to strike defendants' supplemental summary judgment motion should be denied.[1]

This emergency motion to strike by plaintiff comes after plaintiff's case-long disregard of all material deadlines concerning the disclosure of expert witness

---

[1] It is noteworthy that plaintiff identified budgetary constraints as among the reasons it should not be required to respond to the supplementary summary judgment motion considering plaintiff's alleged damages are allegedly near $30,000,000. Under the circumstances, the cost associated with answering the motion is inconsequential in comparison to the relief demanded and the cost of this lengthy trial and should not be a genuine consideration.

evidence. The expert witness deadline for plaintiff under the case management order was July 22, 2002. By the July 22, 2002 deadline, plaintiff submitted a single report by its auditor expert witness, Steve DeBruyn and no other witness. Defendants timely moved for summary judgment on August 20, 2002 in which defendants contended the expert witness report of Mr. DeBruyn was insufficient. Plaintiff did not produce the expert report of Richard Farnsworth, plaintiff's surety bond underwriting expert until September 20, 2002 which was two months after plaintiff's expert witness discovery deadline, a month after defendants produced the report of their underwriting expert witness, and a month after the summary judgment deadline. It was also not until September 20, 2002, two months after plaintiff's expert witness deadline and one month after the summary judgment deadline and the expert witness deadline for defendants, that plaintiff submitted the second report by Mr. DeBryun. Plaintiff then waited until October 9, 2002 when it responded to defendants' summary judgment motion to submit the affidavits of Mr. DeBruyn and Mr. Farnsworth which supplemented their earlier reports. This Court determined that the timely submitted report of Mr. DeBruyn was indeed deficient, but considered the tardy reports and affidavits.[2]

Defendants moved to strike the tardy reports and affidavits produced by

---

[2]Magistrate Judge Smyser, in his report and recommendation, which this Court adopted, found that while Mr. DeBruyn's supplemental report was timely filed as a rebuttal report, his methodology should have been set forth in his original report. November 5, 2002 Report and Recommendation of Magistrate Judge Smyser at p. 29 n. 2.

plaintiff from Mr. DeBryun and Mr. Farnsworth. This Court decided to allow the reports even though tardy in an order dated March 7, 2003. Thereafter, the parties proceeded with the depositions of the expert witnesses for both sides. The expert witnesses, however, are from out of town (California and Illinois). Through no fault of either party, the depositions of the underwriting expert witnesses were not conducted until March, 2003 and the depositions of the auditor expert witnesses were not conducted until May, 2003. Each deposition lasted at least one full day. It was, therefore, not possible for defendants to move for summary judgment based on the issues and using the evidence presented in the summary judgment motion by the case management order deadline for summary judgment motions, August 22, 2002 considering defendants did not even have reports from the experts until months after the deadline, and did not obtain their testimony until many months later.

  Defendants' intended to file the supplemental motion earlier. The filing of the motion was delayed first by a trial in which Mr. McCarron, defendants' counsel, was involved as defense counsel before Magistrate Judge Mannion in the United States District Court for the Middle District of Pennsylvania located in Wilkes Barre from August 11, 2003 to August 15, 2003 . Then, on August 15, 2003, just before closing arguments, Mr. McCarron learned that his daughter was killed while on a trip in Utah which interfered with Mr. McCarron's ability to complete the motion sooner. The motion, the supporting memorandum, and the statement of uncontested facts was a time consuming project. Defendants filed the supplemental motion as soon as

practicable under the circumstances. Defendants did not set out to harass plaintiff. A review of the motion will reveal the merit of the filing.

The supplemental summary judgment motion is not repetitive of defendants' prior summary judgment motion. The supplemental summary judgment motion is entirely based on evidence which was not obtained until many months after the prior summary judgment motion was decided by the Court. It was not until the testimony was obtained from plaintiff's expert witnesses that defendants had the evidence on which their supplemental summary judgment motion is based.

Without reiterating the arguments set forth in the supplemental summary judgment motion, the basis for the supplemental motion for summary judgment, unlike the prior motions, is that plaintiff cannot sustain its burden at trial because, *inter alia*: Mr. DeBruyn's opinion testimony is insufficient to establish either a breach of duty or causation; his methodology does not satisfy the standards set forth in *Daubert* and its progeny; Mr. DeBruyn's adjustments to the financial statements are admittedly based on speculation and conjecture because, in making his "adjustments" to CCI's financial statements, he did not use information available to defendants at the time they performed their audits of CCI Construction and that he did not perform any of the additional audit procedures or tests he believes should have been performed by defendants and cannot say that they would have affected the outcome of the audits performed by Brown Schultz. If defendants' are correct in their contention that plaintiff's expert witness testimony is insufficient for plaintiff

to sustain its burden of proof, then a lengthy, costly trial will be unnecessary.

    The Court should deny plaintiff's emergency motion to strike plaintiff's supplemental motion for summary judgment. In the alternative, if the supplemental summary judgment motion is considered too close to trial, then defendants request a continuance of the trial to allow for disposition of the supplemental summary judgment motion.

                                   Respectfully submitted

                                   SWARTZ CAMPBELL LLC


                            BY:   s/Kathleen M. Carson
                                   JEFFREY B. MC CARRON
                                   KATHLEEN M. CARSON

Dated: September 18, 2003

## CERTIFICATE OF SERVICE

Kathleen M. Carson certifies that she served a true and correct copy of the Defendants' Response to Plaintiff's Emergency Motion to Strike Defendants' Supplemental Motion for Summary Judgment on this 18th day of September, 2003 on counsel listed below by facsimile and first class, United States mail, postage pre-paid.

Peter Speaker, Esquire
Thomas, Thomas & Hafer
305 North Front Street
Harrisburg, PA 17101

Peter B. McGlynn, Esquire
Bruce D. Levin, Esquire
Bernkopf, Goodman & Baseman LLP
125 Summer Street, Suite 1300
Boston, MA 02110

s/ Kathleen M. Carson