IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES FIDELITY AND GUARANTY COMPANY,** : | **CIVIL ACTION NO. 1:01-CV-0813** |
| : | |
| : | **(Judge Conner)** |
| **Plaintiff** : | |
| : | |
| **v.** : | |
| : | |
| **BRUCE J. BROWN and** : | |
| **BROWN SCHULTZ SHERIDAN &** : | |
| **FRITZ,** : | |
| : | |
| **Defendants** : | |

**O R D E R**

AND NOW, this 24th day of September, 2003, upon consideration of defendants' supplemental motion for summary judgment (Doc. 97), filed on September 12, 2003, and it appearing that a previous case management order explicitly established the deadline for dispositive motions as August 30, 2002 (Doc. 23), that defendants failed to file a motion for extension of this deadline, that defendants failed to file the motion for summary judgment for more than four months after they discovered the evidence giving rise to the motion, that defendants have not presented good cause for this delay,[1] and that the motion requires resolution of testimonial conflicts likely implicating further hearing and

---

[1] In their brief, defendants state that defense counsel experienced the loss of an immediate family member in mid-August, which understandably delayed the filing of the motion. However, defendants do not provide good cause for their failure to file a motion for extension of deadlines or to file a motion for summary judgment in the three months prior to mid-August, after they had discovered the evidence giving rise to the motion. Although the court sympathizes with defense counsel's loss, it does not sufficiently explain the majority of the delay.

continuance of the trial date scheduled for October 20, 2003, the court is of the opinion that resolving these issues at trial would best promote the just, speedy, and inexpensive determination of this action.  See FED. R. CIV. P. 1 ("These rules . . . shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."); FED. R. CIV. P. 16(b) ("A schedule shall not be modified except upon a showing of good cause and by leave of the district judge . . . ."); Eastern Minerals & Chemicals Co., 225 F.3d 330, 340 (3d Cir. 2000) (stating that district court has discretion to deny motion submitted after case management deadline due to "unexplained delay"); In re Sch. Asbestos Litigation, 977 F.3d 764, 794-95 (3d Cir. 1992) (stating that district judge has "considerable flexibility" in setting summary judgment motion deadlines and, if parties fail to follow those deadlines, they "waive[] their right to summary adjudication"). Accordingly, it is hereby ORDERED that:

1. Defendants' supplemental motion for summary judgment (Doc. 97) is DENIED.

2. Defendants' motion to file a brief in excess of page limits (Doc. 95) is deemed MOOT.

3. Plaintiff's motion to strike defendant's supplemental motion for summary judgment (Doc. 99) is deemed MOOT.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge