UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| United States Fidelity and Guaranty Company : | |
| : | |
| v.    : | Hon. Christopher Conner |
| : | |
| Bruce J. Brown and Brown, Schultz Sheridan & Fritz   : | No: 01-CIV-813 |

**DEFENDANTS' MOTION IN LIMINE TO PRECLUDE THE TESTIMONY OF PLAINTIFF'S EXPERT STEVE J. DEBRUYN**

Defendants, Bruce J. Brown and Brown Schultz Sheridan & Fritz move this court for an order precluding the testimony of plaintiff's expert, Steve J. DeBruyn on the grounds that his methodology does not comply with the standards set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 379, 392 (1993) and its progeny and in support thereof state as follows:

1.  Plaintiff, United States Fidelity & Guaranty Company ("USF&G"), brought this action against Bruce J. Brown and Brown Schultz Sheridan & Fritz (collectively "Brown Schultz") for alleged negligent misrepresentations contained in financial statements for the years ended December 31, 1996, 1997 and 1998 prepared by CCI Construction Company's ("CCI") management and which were audited by Brown Schultz.

2.  The action is based on the contention that USF&G issued certain payment and performance bonds for CCI based on the financial statements. Plaintiff

contends that the 1997 and 1998 financial statements misrepresented the financial condition of CCI and that defendants, as CCI's auditor's knew or should have known that CCI's financial statements were, in some way, inaccurate or misleading.

3. Plaintiff, USF&G, is a surety company. Complaint at ¶ 7. Plaintiff issued performance and payment bonds to its insured, CCI, in connection with construction work for which CCI contracted. Complaint at ¶¶ 16, 18, 20.

4. Defendants, Bruce Brown and Brown Schultz Sheridan & Fritz are accountants who audited the financial statements of CCI and issued audit reports concerning the CCI financial statements prepared by the management of CCI. Complaint at ¶ 12.

5. The claim in this action stems from and is based on the audit reports issued by defendants for the financial statements of CCI for the calendar years ending December 31, 1997 and December 31, 1998.[1] Complaint at ¶ 17-20.

6. CCI allegedly defaulted on its construction contracts and plaintiff performed on the bonds. Complaint at ¶ 22. The claimed damages are based on the amount plaintiff allegedly paid on the bonds issued for CCI. Complaint at ¶ 25.

7. Plaintiff, in support of its claim, produced expert witness reports from an accountant/auditor. *See* Expert Reports of Steve J. DeBruyn, CPA dated July 22,

---

[1] The claim was also based on alleged problems with defendants' audit reports concerning CCI Construction's 1996 financial statement. However, this Court entered summary judgment in favor of defendants on the claim to the extent it was based on the 1996 report on financial statements due to the absence of appropriate expert witness evidence.

2002; September 20, 2002 and October 8, 2002. Defendants conducted the depositions of plaintiff's expert witness May 7, 2003.[2]

8. Plaintiff's auditor expert witness, Steve J. DeBruyn, CPA ("DeBruyn") indicated in his original report that certain adjustments should be made to the financial statements for the financial statements of CCI Construction for 1997 and 1998. *See* 7/22/02 DeBruyn Report at p. 3; 9/20/02 DeBruyn Report.

9. According to DeBruyn

> it is my opinion that the audit work performed by Brown Schultz for CCI for the fiscal years ended December 31, 1997 and 1998 did not conform to applicable standards of care of a Certified Public Accountant and this resulted in material misstatements and omission in Brown Schultz's 1997 and 1998 Audit Reports. Specifically, the negligent audit work performed by Brown Schultz resulted in an overstatement of both income and equity in the amount of $815,960 for 1997 and $3,126,508 for 1998.

7/22/02 DeBruyn Report at p. 3.

10. The proposed adjustments indicated by DeBruyn relate to estimated job costs and, therefore, the estimated costs to complete contracts in process, and the inclusion in revenue $1,162,000 on the 1998 financial statement based on a guaranty by an insurer of a payment on an insurance claim. *See* 7/22/02 DeBruyn Report at pp. 5-6; 9/20/02 DeBruyn Report.

11. DeBruyn used a "look back" method, or a modification of the "look back" method to arrive at his proposed adjustments to the estimated costs to

---

[2]Mr. DeBruyn's Reports are attached hereto as Exhibits A through C. The pertinent portions of Mr. DeBruyn's deposition transcript are attached hereto as Exhibit D.

complete contracts in progress reflected in the 1997 and 1998 financial statements. DeBruyn Deposition at pp. at 223; DeBruyn Supplemental Expert Report at p. 1.

    12.    The "look back" method utilizes information obtained subsequent to the event to determine the actual situation and is not a test of the reasonableness of the auditor's assessment of the financial information as of the audit. DeBruyn Deposition at p. 271.

    13.    The proposed adjustments to the financial statements by DeBruyn were entirely based on information developed <u>after the audits were completed</u> and not information known or available to defendants when the audits were performed.[3] DeBruyn Deposition at pp. 137-139.

    14.    The "look back" method is used by the Internal Revenue Service for tax related issues. DeBruyn Deposition at p. 226.

    15.    DeBruyn is not aware of any instance in which the "look back" method has been used other than in connection with tax related issues. DeBruyn Deposition at p. 228.

    16.    There is no support in the accounting literature for the use of the "look back" method used by DeBruyn to derive the proposed adjustments to the 1997 and 1998 financial statements. DeBruyn Deposition at pp. 228-29.

    17.    DeBruyn is not aware of any instance in which the "look back" method

---

[3]The financial statement is the representation of management of the company about the financial condition of the company and the audit report is the auditor's report about the results of the audit of the financial statements. DeBruyn Deposition at pp. 125-126.

was used to evaluate the propriety of the work performed by auditors of financial statements. DeBruyn Deposition at p. 263.

18.  DeBruyn did not limit his use of the "look back" method to data known to be available to defendants when defendants performed their audit work for CCI Construction. DeBruyn Deposition at p. 235.

19.  DeBruyn does not know what information was available to defendants when they performed their audit work; has no reason to believe the documents from which he derived information used to develop adjustments to the financial statements existed when defendants performed the audit of the 1997 and 1998 financial statements; or that the information reflected in those documents was known or available to defendants when they performed their audit of the 1997 financial statement. DeBruyn Deposition at pp. 130-132.

20.  DeBruyn's proposed adjustments to estimated costs to complete are based on information concerning the actual cost to complete the contract once the contract was completed which revealed that the cost to complete was actually greater than the estimates included in the financial statements. DeBruyn Deposition at p. 138.

21.  DeBruyn did not determine the reason for the increased cost to complete for each contract in excess of the estimated cost to complete. DeBruyn Deposition at p. 140.

22.  According to DeBruyn, the reason for the difference between the

estimated cost to complete reflected on the financial statements and the actual cost to complete should be reflected in the CCI records, but he did not review those records. DeBruyn Deposition at p. 141.

23. Without the CCI records, DeBruyn cannot determine the reason for the increased contract costs and whether the increased costs are attributable to conditions of which defendants were or should have been aware when they conducted the audit. DeBruyn Deposition at pp. 141, 148-149, 150-151.

24. While he requested those records he was informed by USF&G that the records were not available. DeBruyn Deposition at p. 116.

25. DeBruyn concedes that he was required to use the same audit procedures employed by, or which should have been employed by, defendants when testing the quality of the work performed by defendants. DeBruyn Deposition at p. 231-32. DeBruyn did not do this.

26. DeBruyn did not re-audit the 1997 and 1998 CCI financial statements. DeBruyn Deposition at p. 293. While DeBruyn opined that additional procedures should have been employed by Brown Schultz to test job costs as a means to scrutinize the amount reflected on the financial statements of CCI as the estimated cost to complete the contract, he did not perform any of these additional procedures. DeBruyn Deposition at pp. 114-116, 120-122.

27. He is unable to determine or express an opinion about whether the results of the audits by defendants of the financial statements of CCI Construction

6

would have been different if additional procedures had been performed by defendants. DeBruyn Deposition at pp. 115-116, 122.

28.     The subsequent information relied on by Mr. DeBruyn was from CCI and was not audited, reviewed, or otherwise evaluated to determine the validity of the information in spite of a determination by DeBruyn that earlier financial information from CCI was not reliable. DeBruyn Deposition at p. 286.

29.     DeBruyn admits that the use of the "look back" method by him may have led to proposed adjustments to the financial statements based on data not available to defendants during defendants' audit of the CCI financial statements. DeBruyn Deposition at p. 235.

30.     Plaintiff's auditor expert's opinion and testimony regarding the adjustments he proposes to CCI's financial statements are inadmissible under Federal Rule of Evidence 702.

31.     Rule 702 as interpreted by *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 379, 392 (1993) and its progeny embodies "three distinct substantive restrictions on the admission of expert testimony: qualifications, reliability and fit." *U.S. v. Mathis,* 264 F.3d 321 (3d Cir. 2001).

32.     Mr. DeBruyn's testimony does not meet the requirements of reliability and fit so as to be admissible.  His look back methodology is not generally accepted. There are no standards with regard to use of this technique to evaluate the propriety of work performed by auditors of financial statements. It does not take into account

the information which was available to the auditors during the audit but rather is based on subsequent information. It is inherently unreliable because it looks to information obtained subsequent to the event to determine the actual situation and, therefore, can lead to adjustments to the financial statements which are simply not warranted based on the information available as of the time of the of the audit. statements.

33.     Mr. DeBruyn's use of the look back method will not assist the trier of fact in determining whether the financial statements contained misrepresentations and whether Brown Schultz ought to have known this. Defendants did not use, and were not able to use, the "look back" method during their audit of the estimated costs to complete contracts in progress since the data necessary for the "look back" method was not available during the audit. DeBruyn did not limit his use of the "look back" method to data known to be available to defendants when defendants performed their audit work for CCI. DeBruyn concedes that his use of this method may have led to proposed adjustments to the financial statements based on data not available to defendants during defendants' audit of the CCI Construction financial statements.

WHEREFORE, defendants respectfully request that this Court grant its motion in limine and preclude the testimony of plaintiff's auditor expert, Steve J. DeBruyn.

Respectfully submitted,

SWARTZ CAMPBELL LLC


BY: s/Kathleen M. Carson
    Jeffrey B. McCarron
    Kathleen M. Carson
    I.D. Nos. 49467/47981
    1601 Market Street
    34th Floor
    Philadelphia, PA 19103
    (215) 299-4272

Attorneys for Defendants

Dated: October 8, 2003

## **CERTIFICATE OF SERVICE**

    I, Kathleen M. Carson, Esquire, counsel for defendants, Bruce J. Brown and Brown, Schultz Sheridan & Fritz, hereby certify that a copy of Defendant's Motion in Limine to Preclude the Testimony of Steve J. DeBruyn and Memorandum in Support thereof, was served upon all counsel listed below by U.S. regular mail and postage prepaid and via overnight mail on October 8, 2003

| | |
|---|---|
| Peter Speaker, Esquire<br>Thomas, Thomas & Hafer<br>305 North Front Street<br>Harrisburg, PA 17101 | Peter B. McGlynn, Esquire<br>Bruce D. Levin, Esquire<br>Bernkopf, Goodman & Baseman LLP<br>125 Summer Street, Suite 1300<br>Boston, MA 02110 |

_____
Kathleen M. Carson

Date:   October 8, 2003