# EXHIBIT A

Case 1:01-cv-00813-CCC   Document 108-5   Filed 10/08/2003   Page 1 of 19

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(HARRISBURG DIVISION)

| | | |
|---|---|---|
| UNITED STATES FIDELITY<br>AND GUARANTY COMPANY,<br>PLAINTIFF | :<br>:<br>:<br>: | NO. 1:01 CV 00813<br>(JUDGE KANE) |
| v. | : | |
| BRUCE J. BROWN AND BROWN,<br>SCHULTZ, SHERIDAN & FRITZ<br>DEFENDANTS | :<br>:<br>:<br>: | |

## EXPERT REPORT OF STEVE J. DeBRUYN, CPA

I am a Certified Public Accountant and am a Partner in the firm of Clifton Gunderson LLP. I also serve as the Construction Contractor Industry Group Leader for Clifton Gunderson LLP. A copy of my *Curriculum Vitae* is attached hereto as Exhibit "A." I am being compensated for my professional services at the rate of $250 per hour.

I have been engaged by Bernkopf, Goodman & Baseman LLP to determine if I could render certain opinions concerning the audit procedures performed by and conclusions reached with respect to the audited financial statements prepared by Brown, Schultz, Sheridan & Fritz ("Brown Schultz") for CCI Construction Company, Inc. ("CCI") for the fiscal years ended December 31, 1996, 1997 and 1998. I have determined that I am able to render such opinions.

In connection with my engagement, I have reviewed the audit procedures and conclusions reached by Brown Schultz as they relate to that firm's audits of CCI for the calendar years ended in 1996, 1997 and 1998 (the "Audit Reports"). In particular, I analyzed whether the

audit procedures and conclusions conformed to Generally Accepted Accounting Principles (GAAP) and Generally Accepted Auditing Standards (GAAS).

In analyzing the Audit Reports, I have reviewed and relied upon the following documents:

- Brown Schultz' audit workpapers for CCI for the fiscal years ended December 31, 1996, 1997, & 1998.
- Brown Schultz' "Permanent File" for CCI.
- AICPA TECHNICAL PRACTICE AIDS, Statement of Position 81-1, Accounting for Performance of Construction - Type and Certain Production-Type Contracts, July 15, 1981;
- AICPA AUDIT AND ACCOUNTING GUIDE FOR CONSTRUCTION CONTRACTORS, May 1, 1997
- Statement on Auditing Standards No. 47, Audit Risk & Materiality In Conducting An Audit (American Institute of Certified Public Accountants, 1983);
- Statement on Auditing Standards No. 57. Auditing Accounting Estimates (American Institute of Certified Public Accountants, 1988);
- FAS No. 5, Accounting for Contingencies; March 1975
- FAS No. 57, Related Party Disclosures; March 1982.
- Statement on Auditing Standards No. 22, Planning and Supervision, (American Institute of Certified Public Accountants 1978).
- Statement on Auditing Standards No 31, Evidential Matter, (American Institute of Certified Public Accountants 1980).
- Depositions of Bruce J. Brown dated January 17, 2002 and a preliminary draft of

the deposition of July 19, 2002; I have also reviewed portions of the deposition of Sherri Phillips, taken on July 10, 2002, and portions of the deposition of Deborah Bowman dated May 21, 2002.

- Various pleadings filed in the above-captioned action;
- 1998 Audited Financial Statements prepared by Brown Schultz for Pennsylvania Contractors Insurance Co., Inc. ("PCIC");
- Brown Schultz' work papers for the audit of "PCIC" for the fiscal year ended December 31, 1998;
- Work in process schedule as of December 31, 1999 prepared by CCI personnel.

In general, for reasons explained below, it is my opinion that the audit work performed by Brown Schultz for CCI for the fiscal years ended December 31, 1997 and 1998 did not conform to applicable standards of care of a Certified Public Accountant and this resulted in material misstatements and omissions in Brown Schultz' 1997 and 1998 Audit Reports. Specifically, the negligent audit work performed by Brown Schultz resulted in an overstatement of both income and equity in the amount of $815,960 for 1997 and $3,126,508 for 1998. It is also my opinion that these misstatements were material to the financial position of CCI.

The primary causes of the material misstatements in the 1997 and 1998 Audit Reports include, but are not limited to, the following:

1.  Brown Schultz' workpapers demonstrate Brown Schultz' failure to properly assess the risk involved with the audit of CCI from 1996 through 1998. Because of this failure to properly identify the risks associated with CCI, Brown Schultz' audit programs and its audit fieldwork were inadequate to provide the required assurance that the Audit Reports were fairly presented in accordance with GAAP. A primary objective of an audit is to identify high-risk

audit areas and plan the audit procedures accordingly. Brown Schultz' workpapers identified high-risk characteristics in both CCI and CCI's individual contracts. Brown Schultz' audit planning work papers for 1996, 1997 and 1998 were virtually identical to each other and did not reflect any of the increasing audit risks inherent in the CCI audit engagement. Further, the audit work performed by Brown Schultz for the fiscal years ended December 31, 1996, 1997 and 1998 did not change materially from year to year. This is significant in light of the fact that the audit risk profile of CCI was increasing in each successive year due to the following:

- A significant dollar volume of work was being performed by CCI's subcontractors.

- Brown Schultz' knowledge of and its documentation of past and present claims and defaults with respect to CCI's subcontractors;

- CCI's expansion in new geographical areas;

- The profit fades noted by Brown Schultz on contracts completed in subsequent years required Brown Schultz to question the reliability of CCI's management's ability to estimate costs-to-complete;

- At the end of 1997 and throughout 1998, CCI was self-performing some of the work which it previously subcontracted to others and purchased a substantial amount (approximately $7 million) of construction equipment;

- CCI was not properly allocating indirect costs to individual contracts;

- The presence of significant related-party transactions.

2. There were inadequate audit procedures performed by Brown Schultz in the areas of contracts-in-progress; specifically, the design and implementation of substantive procedures in connection with accumulated costs and estimated costs to complete. In my opinion, undue

- 4 -

reliance was placed by Brown Schultz on CCI management's assertions with respect to costs to complete and estimated profits. The determination of the accuracy of the accumulated costs to date and the estimated costs-to-complete is critical to contractors like CCI using the percentage of completion method of accounting.

Brown Schultz acknowledged that its testing of contract costs was a test of CCI's cost controls only. This was inappropriate under the circumstances extant here. The testing of 25 costs was a test of transactions which an auditor can use to make qualitative assessments from the results. However, such testing does not replace the need to perform substantive procedures, such as vouching significant contract costs and analytical review. CCI had significant direct costs related to subcontractors and there was documentation contained in Brown Schultz' workpapers relating to past and present claims with subcontractors as well as evidence of subcontractor defaults. Nonetheless, Brown Schultz did not send out any subcontractor confirmations, nor does Brown Schultz' "Permanent Files" or its work papers demonstrate that it read any subcontracts and other similar construction agreements. In addition, Brown Schultz specifically excluded any testing of unrecorded liabilities for any job related expenses. Instead, as noted above, Brown Schultz relied on a test of 25 "haphazardly" selected costs throughout each year and there was no evidence that Brown Schultz performed any analytical procedures related to accumulated job costs.

The estimated costs-to-complete contained in the 1996, 1997 and 1998 Audit Reports were deficient in that they relied on CCI's representations with no documentation substantiating CCI's management estimates other than they had allegedly been verified by Sherri Phillips, CCI's chief financial officer and/or Stan Sechrist, CCI's Vice President - Construction Operations. In 1998, CCI was estimating gross profits on several contracts-in-progress that were

materially higher than the historical or originally projected amounts. Subsequent review revealed that these contracts had significant profit fades and one job - no. 454 - had a loss of $957,000.00, and profit fade from the 1998 workpaper of approximately $2,600,000. Also, Brown Schultz' 1998 workpaper files contained no evidence of any consideration of the allocation of indirect costs to estimated costs to complete despite Brown Schultz' knowledge that CCI was self performing more of its subcontract work than in the past. In addition, there was no follow - up between the documented preliminary analytical review work and the final work, despite a material increase in the net over/underbillings. Brown Schultz also failed to document the reasons for the significant underbillings reported at the end of the 1998 year.

There was no evidence in Brown Schultz' workpapers for the 1996, 1997 and 1998 Audit Reports that Brown Schultz read one or more of the contracts for guarantees, penalty and incentive provisions or cancellation and postponement provisions.

3. There was inappropriate recording and inadequate disclosure of related-party transactions between PCIC and CCI. It is my opinion that Brown Schultz sanctioned the recording of $1,162,460 of revenue in 1998 from PCIC, a related-party to CCI. The transaction involved the guarantee or insurance of a third party contract claim by PCIC; a company owned by the sole owner of CCI. Brown Schultz also performed the audit work on PCIC. The third party contract claim did not meet the recognition standards set forth in SOP 81-1, and in my opinion the guarantee by the related party did not support the recognition of revenue. In addition, the recording and disclosure of the third party transaction was misleading to the user of the 1998 Audit Report. Further, the related-party transaction was recorded as an underbilling instead as a separate line item on the balance sheet. The result was a material misstatement to the 1998 Audit Report of $1,162,460.

In summary, Brown Schultz' workpapers demonstrated that undue reliance was placed on CCI management's assertions; the workpapers fail to demonstrate adequate independent verification, and do not support the conclusions reached by Brown Schultz as they relate to the Audit Reports for calendar years 1997 and 1998. In addition, Brown Schultz' workpapers have numerous other deficiencies including, without limitation, the following:

- Lack of documentation of time to indicate the partner in charge participated in the audit planning in 1998;
- The financial disclosure checklist included in the audit workpapers does not appear to be reviewed;
- Job site visits were not done and considerations not documented; and
- 1998 search for unrecorded liabilities did not go through the last day of fieldwork.

Attached hereto as Exhibit B-1 and B-2 are comparisons of CCI's Balance Sheets and Income Statements containing those adjustments warranted as a result of the defects and deficiencies in the procedures for and preparation of the Audit Reports for CCI for the fiscal years ended December 31, 1997 and 1998.

During my review of the 1996 audit workpapers, I noted that the audit procedures performed were similar to the 1997 and 1998 audits.

This report is subject to revisions based upon any other information which is obtained during discovery in the above-captioned action.

Steve J. DeBruyn, CPA

Dated: July 22, 2002
#240885 v1/36432/87

# EXHIBIT A

# CURRICULUM VITAE

**STEPHEN J. DEBRUYN, CPA**

| | |
|---|---|
| **POSITION** | Partner |
| **EDUCATION** | B.S. in Accounting<br>Southern Illinois University, 1982 |
| **PROFESSIONAL DESIGNATIONS** | Certified Public Accountant, 1984<br>American Institute of Certified Public Accountants<br>Illinois CPA Society |
| **LICENSES** | Licensed CPA - Illinois |
| **YEARS OF EXPERIENCE** | 20 |
| **PRIOR EXPERIENCE** | 7 years with audit staff of large regional firm. Promoted to manager in 1986, joined Clifton Gunderson June, 1989, promoted to Partner in 1993. |
| **SUPERVISORY EXPERIENCE** | Partner in charge of various audit, review and compilation engagements servicing manufacturers, contractor, retail and wholesale industries as well as employee benefit plans.<br><br>Supervision of staff on multiple concurrent engagements. |
| **AREAS OF SPECIALIZATION** | Firm-wide Construction Industry Group Leader<br><br>Audit, accounting and consulting services for various industries and employee benefit plans.<br><br>Corporate finance; merger and acquisition services.<br><br>Peer reviews and internal inspection programs.<br><br>Consulting services in connection with prospective financial statements, executive search, interpretation of financial results, succession of ownership and business valuations. |

**Stephen J. DeBruyn** (continued)

|  |  |
|---|---|
|  | Income tax planning and preparation for corporations, S-corporations, partnerships and L.L.C.s. |
| **OTHER SIGNIFICANT EXPERIENCES IN PUBLIC ACCOUNTING** | Advanced training through experience with previous employer in areas of audit efficiencies, documentation of accounting systems in manual or automated environments. |
|  | Speaker at annual audit and accounting conference. |
|  | Selected to the firms Leadership Career Program class of 1994. |
|  | 1997 Clifton Gunderson Outstanding Performance Award. |
| **PUBLICATIONS** | Speaker at the Clifton Gunderson Annual Audit & Accounting Conference. Sessions on Construction Contractors.<br>　　October, 2000<br>　　October, 1999<br>　　October, 1998 |
|  | <u>Improved Software Keeps Construction Companies Ahead of Competitors</u>, Clifton Gunderson LLP Relationships Magazine, Issue 6 Summer 2002. |
| **PREVIOUS TRIAL EXPERIENCE** | IN RE: Marriage of Lawrence Edward Kuchefski, Petitioner and Sherri Marie Kuchefski, Respondent, Cause #99D284 Circuit Court for the 5th Judicial Circuit of Illinois located in Danville, Illinois, March 2002. |

# EXHIBIT B-1

# CCI CONSTRUCTION COMPANY, INC.
## BALANCE SHEET – DECEMBER 31, 1997

### ASSETS

|  | As Reported | Adjustments | As Restated |
|---|---:|---:|---:|
| **Current assets:** |  |  |  |
| Cash and cash equivalents | $ 1,128,337 | $ - | $ 1,128,337 |
| Investments in marketable securities | 3,702,992 | - | 3,702,992 |
| Accounts receivable, trade: |  |  |  |
|   Customers: |  |  |  |
|     Current | 8,230,674 | - | 8,230,674 |
|     Retained | 1,121,610 | - | 1,121,610 |
|   Shareholder | - | - | - |
|   Affiliates | 3,485 | - | 3,485 |
| Note receivable | 22,569 | - | 22,569 |
| Costs and estimated earnings in excess of billings on uncompleted contracts | 1,072,281 | (429,978) | 642,303 |
| Prepaid expenses | 6,185 | - | 6,185 |
| Shop inventory | 639 | - | 639 |
|     Total current assets | 15,288,772 | (429,978) | 14,858,794 |
| **Property and equipment:** |  |  |  |
| Automobiles and trucks | 427,342 | - | 427,342 |
| Furniture | 553,587 | - | 553,587 |
| Machinery and equipment | 1,323,233 | - | 1,323,233 |
| Other | 72,453 | - |  |
|  | 2,376,615 | - | 2,376,615 |
| Less accumulated depreciation | 920,919 | - | 920,919 |
|  | 1,455,696 | - | 1,455,696 |
|  | $ 16,744,468 | $ (429,978) | $ 16,314,490 |

## LIABILITIES AND SHAREHOLDER'S EQUITY

|  | As Reported | Adjustments | As Restated |
|---|---:|---:|---:|
| **Current liabilities:** | | | |
| Accounts payable, trade: | | | |
| Vendors: | | | |
| Current | $ 7,846,395 | $ - | $ 7,846,395 |
| Retained | 1,078,950 | - | 1,078,950 |
| Notes payable | 815,781 | - | 815,781 |
| Accrued loss on jobs | - | 732,685 | 732,685 |
| Accrued expenses | 808,601 | - | 808,601 |
| Taxes withheld and accrued | 58,023 | - | 58,023 |
| Billings in excess of costs and estimated earnings on uncompleted contracts | 681,924 | (346,703) | 335,221 |
| Total current liabilities (all current) | 11,278,674 | 385,982 | 11,675,656 |
| | | | |
| **Shareholder's equity:** | | | |
| Common stock, $1 par, 1,000 shares authorized; 39 shares issued and outstanding | 39 | - | 39 |
| Capital in excess of par | 9,758 | - | 9,758 |
| Retained earnings | 5,208,489 | (815,960) | 4,392,529 |
| Unrealized gain on marketable securities | 236,508 | - | 236,508 |
| | 5,454,794 | (815,960) | 4,638,834 |
| | $ 16,744,468 | $ (429,978) | $ 16,314,490 |

# CCI CONSTRUCTION COMPANY, INC.
## STATEMENT OF INCOME
### Year Ended December 31, 1997

|  | Original | Adjustments | As Restated |
|---|---|---|---|
| Revenue | $ 34,921,676 | $ (815,960) | $34,105,716 |
| Cost of contracts | 32,617,473 | - | 32,617,473 |
| Gross profit | 2,304,203 | (815,960) | 1,488,243 |
| General and administrative expenses | 1,954,380 | - | 1,954,380 |
| Income from operations | 349,823 | (815,960) | (466,137) |
| Other income | 357,056 | - | 357,056 |
| Net income (loss) | $ 706,879 | $ (815,960) | $ (109,081) |

# EXHIBIT B-2

# CCI CONSTRUCTION COMPANY, INC.
## BALANCE SHEET – DECEMBER 31, 1998

### ASSETS

|  | As Reported | Adjustments | As Restated |
|---|---:|---:|---:|
| **Current assets:** |  |  |  |
| Cash and cash equivalents | $ 2,429,866 | $       - | $ 2,429,866 |
| Investments in marketable securities | 631,481 | - | 631,481 |
| Accounts receivable, trade: |  |  |  |
| Customers: |  |  |  |
| Current | 5,964,311 | - | 5,964,311 |
| Retained | 1,822,224 | - | 1,822,224 |
| Affiliates | 365,756 | - | 365,756 |
| Costs and estimated earnings in excess of billings on uncompleted contracts | 6,341,726 | (2,379,122) | 3,962,604 |
| Prepaid expenses | 170,232 | - | 170,232 |
| Shop inventory | 38,161 | - | 38,161 |
| Total current assets | 17,763,757 | (2,379,122) | 15,384,635 |
| **Property and equipment:** |  |  |  |
| Automobiles and trucks | 1,269,567 | - | 1,269,567 |
| Furniture | 851,738 | - | 851,738 |
| Machinery and equipment | 5,947,290 | - | 5,947,290 |
| Other | 344,128 | - | 344,128 |
|  | 8,412,723 | - | 8,412,723 |
| Less accumulated depreciation | 1,651,485 | - | 1,651,485 |
|  | 6,761,238 | - | 6,761,238 |
| **Other assets:** |  |  |  |
| Cash surrender value of officer's life insurance | 55,453 | - | 55,453 |
| Investments | 34,000 | - | 34,000 |
|  | 89,453 | - | 89,453 |
|  | $ 24,614,448 | $ (2,379,122) | $ 22,235,326 |

## LIABILITIES AND SHAREHOLDER'S EQUITY

|  | As Reported | Adjustments | As Restated |
|---|---:|---:|---:|
| **Current liabilities:** | | | |
| Accounts payable, trade: | | | |
|    Current | $ 10,974,274 | $ - | $ 10,974,274 |
|    Retained | 2,180,967 | - | 2,180,967 |
| Current portion of long-term debt | 1,338,280 | - | 1,338,280 |
| Accrued loss on jobs | - | 1,826,956 | 1,826,956 |
| Accrued expenses | 333,060 | - | 333,060 |
| Taxes withheld and accrued | 91,601 | - | 91,601 |
| Billings in excess of costs and estimated earnings on uncompleted contracts | 288,208 | (263,610) | 24,598 |
| Total current liabilities | 15,206,390 | 1,563,346 | 16,769,736 |
| Long-term debt, net of current portion | 4,164,375 | - | 4,164,375 |
| Total liabilities | 19,370,765 | 1,563,346 | 20,934,111 |
| **Shareholder's equity:** | | | |
| Common stock, $1 par, 1,000 shares authorized; 39 shares issued and outstanding | 39 | - | 39 |
| Capital in excess of par | 9,758 | - | 9,758 |
| Retained earnings | 5,254,834 | (3,942,468) | 1,312,366 |
| Accumulated other comprehensive income (loss), unrealized gain (loss) on marketable securities | (20,948) | - | (20,948) |
| | 5,243,683 | (3,942,468) | 1,301,215 |
| | $ 24,614,448 | $ (2,379,122) | $ 22,235,326 |

# CCI CONSTRUCTION COMPANY, INC.
## STATEMENT OF INCOME
### Year Ended December 31, 1998

|  | Original | Adjustments | As Restated |
|---|---|---|---|
| Revenue | $ 52,534,453 | $ (3,126,508) | $49,407,945 |
| Cost of contracts | 51,145,382 | - | 51,145,382 |
| Gross profit | 1,389,071 | (3,126,508) | (1,737,437) |
| General and administrative expenses | 1,505,700 | - | 1,505,700 |
| Income (loss) from operations | (116,629) | (3,126,508) | (3,238,137) |
| Other income | 175,670 | - | 175,670 |
| Net income (loss) | $ 59,041 | $ (3,126,508) | $(3,067,467) |