UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(Harrisburg Division)

|  |  |  |
|---|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY, | ) ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 1:01-CV-00813 |
| BRUCE J. BROWN and BROWN SCHULTZ SHERIDAN & FRITZ, | ) ) ) | JUDGE CONNER |
| Defendants. | ) ) ) | |

**UNITED STATES FIDELITY & GUARANTY COMPANY'S**
**MOTION-IN-LIMINE TO PRECLUDE TESTIMONY OF RICK CONNER**

United States Fidelity & Guaranty Company ("USF&G") hereby moves for an order precluding the testimony of Rick Conner ("Conner"). Conner was never identified by Bruce J. Brown and Brown Schultz Sheridan & Fritz (collectively, "Brown Schultz") in, *inter alia*, its mandatory disclosures and, as a result, USF&G has been denied the ability to conduct depositions or other discovery regarding Conner's putative knowledge of issues that may be germane to this litigation.

In further support of this Motion, USF&G avers and asserts as follows:

1. Brown Schultz failed to disclose Conner's identity in the Joint Case Management Plan filed with the Court on August 9, 2001. Brown Schultz also failed to list Conner as an "individual likely to have information relevant to claims and defenses" in accordance with Fed. R. Civ. P. 26(a)(1)(A) in its Self-Executing Disclosures of Defendants Bruce J. Brown and Brown, Schultz, Sheridan & Fritz filed with the Court on August 20, 2001 ("Initial

Disclosures"). Additionally, Conner was never identified in any responses by Brown Schultz to several interrogatories seeking the factual basis for Brown Schultz' various affirmative defenses that were propounded in USF&G's Second Set of Interrogatories.

2.  Brown Schultz has never amended or supplemented its Initial Disclosures to identify Conner. In addition, Brown Schultz never identified Conner as a witness or as someone who worked on the Audit Reports in its Responses and Objections to United States Fidelity & Guaranty Company's First Set of Interrogatories. In fact, Brown Schultz never identified Conner as a witness until Brown Schultz produced its list of witnesses at a meeting of counsel on October 3, 2003. This list merely provides that Conner may be called to testify; no hint is given as to the subject of that testimony.

3.  "Under Rule 26(a)(1), a party must, without waiting for a discovery request from the opposing party, provide, *inter alia,* the name and contact information of 'each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment....' Fed.R.Civ.P. 26(a)(1). Additionally, Rule 26(e)(1) imposes a duty upon each party 'to supplement at appropriate intervals its disclosures under [Rule 26(a)] if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known ... [during discovery or in writing].'" *Gallup, Inc. v. Kenexa Corp.*, 2003 WL 22097495 (E.D.Pa. May 28, 2003) (NO. CIV.A. 00-5523); Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(e). Under Fed. R. Civ. P. 37(c)(1), the court has discretion to prohibit a party from introducing non-designated matters in evidence. "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as

evidence at trial, at a hearing, or on a motion any witness information not so disclosed." Fed R. Civ. P. 37 (c)(1).

4. The *Gallup* Court allowed a motion to preclude a witness's testimony because that witness was never identified in the party's initial disclosures, and the initial disclosures were never supplemented to include that witness. In order to overcome the failure to disclose or to timely supplement a disclosure, a party must provide substantial justification. *Gallup*, 2003 WL 22097495. The *Gallup* Court stated that in order to prove "substantial justification," the party must demonstrate that "there is a genuine dispute regarding whether it was under a duty to supplement its disclosures, pursuant to Rule 26(e), as to indicate [a potential witness.]" *Id.* In *Gallup*, the party who failed to supplement its initial disclosures argued that it did not violate this duty to supplement because Gallup knew or should have known of the witness's potential testimony before the close of discovery. *Id.* However, the Court did not find substantial justification, and the motion to preclude the witness's trial testimony was allowed. *Id.* Similarly, here, it is not disputed that Conner was <u>never</u> identified in Brown Schultz's Initial Disclosures. Brown Schultz cannot prove that it was substantially justified in failing to supplement its initial disclosures and identify Conner as a potential witness.

5. USF&G was completely unaware of Conner's putative connection to this case until Brown Schultz produced an affidavit of Conner during the deposition of Brown Schultz' expert, Donald Brenner ("Brenner"), on May 6, 2003. This affidavit was not filed with the Court; rather, it was produced at Brenner's deposition in response to a subpoena directed at all documents upon which Brenner relied in formulating his opinions. This affidavit was dated May 2, 2003, and Brenner testified that he requested the affidavit to be prepared in relation to his testimony. The affidavit consists of only four sentences in which Conner identifies himself as a

principal in the firm of Brown Schultz and states that the 1997 audit was reviewed by the firm of Margolis & Company, P.C. as part of its peer review of Brown Schultz.  Although this affidavit was provided to USF&G on the day of the deposition of Brenner on May 6, 2003, Brown Schultz never at any time supplemented its discovery or Initial Disclosures to identify Conner as a potential witness.  Moreover, on the day of Brenner's deposition, counsel for Brown Schultz never alerted counsel for USF&G that Conner might be a potential witness.  In fact, USF&G was in no way alerted at any time before October 3, 2003 that Conner was a potential witness in the trial of this matter, or, for that matter, had knowledge of any germane issues.

      6.      The trial of the above-captioned matter is scheduled to commence on October 20, 2003.  Brown Schultz added Conner to its witness list on October 3, 2003.  USF&G would be severely prejudiced if Conner were allowed to offer testimony despite its failure to timely identify Conner as a witness.  USF&G did not have the opportunity to depose Conner or to conduct any discovery with respect to Conner's knowledge.  Allowing Conner to testify would be nothing less than "trial by ambush."

      WHEREFORE, United States Fidelity & Guaranty Company respectfully requests that the Court enter an order:

      1.      Barring the introduction of any testimony by Rick Conner; and

      2.      Providing such other and further relief as is just and proper.

        UNITED STATES FIDELITY AND
        GUARANTY COMPANY,
        By its counsel,

        __s/ Bruce D. Levin_____
        Peter B. McGlynn, Esquire
        Bruce D. Levin, Esquire
        Bernkopf, Goodman & Baseman LLP
        125 Summer Street, Suite 1300
        Boston, Massachusetts 02110
        Telephone:   (617) 790-3000
        Facsimile:    (617) 790-3300
        blevin@bgblaw.com
        pmcglynn@bgblaw.com

              and

        Peter Speaker, Esquire
        Thomas, Thomas & Hafer
        305 North Front Street
        Harrisburg, PA  17101
        Telephone:   (717) 237-7100
        Facsimile:    (717) 237-7105
        pjs@tthlaw.com

Dated: October 8, 2003
#277675 v1/36432/87