UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(Harrisburg Division)

| | |
|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY,<br><br>      Plaintiff<br><br>v.<br><br>BRUCE J. BROWN and BROWN SCHULTZ SHERIDAN & FRITZ,<br><br>      Defendants. | CIVIL ACTION NO. 1:01-CV-00813<br><br>JUDGE CONNER |

**UNITED STATES FIDELITY & GUARANTY COMPANY'S
MOTION-IN-LIMINE TO EXCLUDE EVIDENCE OF REINSURANCE**

United States Fidelity & Guaranty Company ("USF&G") hereby moves for an order barring all testimony and documents referring or relating to any funds or reimbursements USF&G has or may receive from its reinsurers. Summarily, any evidence as to the amount of funds or reimbursements USF&G might receive from reinsurers is barred by the collateral source doctrine.

In further support of this Motion, USF&G avers and asserts as follows:

1. Under Pennsylvania's collateral source rule, "payments from a collateral source shall not diminish damages otherwise recoverable from the wrongdoer." *Johnson v. Beane*, 541 Pa. 449 (1995); *Nigra v. Walsh*, 797 A.2d 353 (Pa. Super. 2002). This rule was intended to avoid precluding a claimant from obtaining redress for injury merely because coverage for the injury was provided by some collateral source, e.g. insurance. *Beechwoods Flying Service, Inc.*

*v. Al Hamilton Contracting Corp.*, 504 Pa. 618 (1984). The collateral source rule is regularly applied by federal courts. *See e.g. Steamfilters Local Union No. 420 Welfare Fund v. Philip Morris, Inc.*, 171 F. 3d 912, 929 (3rd Cir. 1999). Although the applicability of the collateral sources rule to *federal law*, such as Title VII, is "somewhat sparse," violation of a federal law is not as issue in this case. *Ferris v. Pennsylvania Federation Brotherhood of Maintenance of Way Employees*, 153 F. Supp. 2d 736 (E.D. Pa. 2001). Here, the Court should apply Pennsylvania law, which unquestionably upholds the collateral source rule. See *Beane*, 541 Pa. 449; *Beechwoods*, 504 Pa. at 622-23.

     2.    The principle behind the collateral source rule is that it is better for the wronged plaintiff to receive a potential windfall than for a tortfeasor to be relieved of responsibility for the wrong. *Moorhead v. Crozer Chester Medical Center*, 564 Pa. (2001). Accordingly, since any payments or potential payments to USF&G from its re-insurers cannot diminish any damages recoverable from Brown Schultz, any testimony or documentary evidence relating to the re-insurance agreements, the amount of coverage, or the amount of any payments made or to be made to USF&G is irrelevant and should be barred.

     3.    Absent direct relevance to an issue raised in the litigation, communications with a re-insurer are not discoverable. *Rhone-Poulenc Rorer, Inc. v. Home Indem. Co.*, 139 F.R.D. at 611. This is particularly true when the party seeking discovery does not seek to recover any damages from the reinsured company. *Id.*, 26 612-134 citing *In re Texas Eastern Transmission Corp.*, No. MDL 76D4 (E.D. Pa. July 26, 1989). Here, the reinsurance agreements or information related to any amounts that USF&G <u>may</u> receive from its re-insurers are not relevant to any issue raised in this litigation. Moreover, Brown Schultz does not seek to recover any damages from USF&G's re-insurers nor, for that matter, does Brown Schultz seek any recovery

from USF&G.  Therefore, all testimony or documents related to or referencing the re-insurance agreements or any amounts paid to USF&G should be barred.

4.　　In its Order dated August 9, 2002 (the "Order"), this Court denied in part and allowed in part Defendants Bruce J. Brown and Brown, Schultz, Sheridan & Fritz' (collectively "Brown Schultz") motion to compel reinsurance documents from USF&G.  A copy of the Order is attached hereto as Exhibit "A."  The Court specifically denied Brown Schultz' request for the insurance treaties and agreements between and among USF&G and its re-insurers concerning the financial, business and legal parameters of their re-insurer/cedent relationship.  The Order provides, *inter alia*, that "[t]hese agreements are not relevant to any claim or defense in this case and the discovery of these agreements does not appear reasonably calculated to lead to the discovery of admissible evidence."  Order, pp. 6-7.  Accordingly, to the extent that Brown Schultz seeks to reference or elicit testimony regarding these reinsurance agreements, it should be barred.

5.　　The Order allowed discovery with respect to correspondence between USF&G and its re-insurers that was created prior to or contemporaneously with USF&G's decision to issue bonds.  Specifically, the Court stated that "discovery of documents in [this category] appear reasonably calculated to lead to the discovery of admissible evidence because these documents may contain statements or information relevant to the issue of what information the plaintiff relied upon when issuing bonds on behalf of CCI."  Order at p. 7.  However, to the extent these documents contained relevant information, that information was limited to the narrow purpose of determining information upon which USF&G relied.  The Court did *not* find the amount relating to any funds or reimbursements USF&G has or may receive from its re-insurers to be relevant for discovery purposes.

6. In addition, the Order allowed discovery with respect to correspondence and other documentation between and among USF&G and its re-insurers concerning losses on the CCI bonds. The Court, however, specifically stated that "these documents are less likely . . . to contain evidence relevant to the issue of what information the plaintiff relied upon when issuing bonds." Order at p. 9. In addition, the Court stated that "we have some doubt about whether documents in this [category] will actually lead to the discovery of admissible evidence. However, when relevance is doubtful but possible, the court should permit discovery." Order at p. 10. Although the Court allowed discovery with respect to these documents, that discovery was for the narrow purpose of determining information upon which USF&G relied. Discovery was not permitted with respect to the amount relating to any funds or reimbursements USF&G has or may receive from its re-insurers.

7. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Thus, merely because the Court allowed limited discovery with respect to certain correspondence between USF&G and its re-insurers, such information was not rendered admissible thereby. In fact, information concerning USF&G's reinsurance remains inadmissible at trial, particularly to the extent it relates to the amount of re-insurance coverage available to USF&G or any amount that USF&G has received or may receive from its re-insurers.

WHEREFORE, USF&G respectfully requests that the Court enter an order:

1. Barring all testimony and documents referring or relating to the amount of funds or reimbursements USF&G has or may receive from its reinsurers; and

2. Providing such other and further relief as is just and proper.

- 5 -

                         UNITED STATES FIDELITY AND
                         GUARANTY COMPANY,
                         By its counsel,

                         _s/ Bruce D. Levin_____
                         Peter B. McGlynn, Esquire
                         Bruce D. Levin, Esquire
                         Bernkopf, Goodman & Baseman LLP
                         125 Summer Street, Suite 1300
                         Boston, Massachusetts 02110
                         Telephone:   (617) 790-3000
                         Facsimile:   (617) 790-3300
                         blevin@bgblaw.com
                         pmcglynn@bgblaw.com

                                and

                         Peter Speaker, Esquire
                         Thomas, Thomas & Hafer
                         305 North Front Street
                         Harrisburg, PA  17101
                         Telephone:   (717) 237-7100
                         Facsimile:   (717) 237-7105
                         pjs@tthlaw.com

Dated: October 8, 2003
#276623 v1/36432/87