# EXHIBIT B

Case 1:01-cv-00813-CCC   Document 113-3   Filed 10/08/2003   Page 1 of 9

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(Harrisburg Division)

| | |
|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY,<br>Plaintiff<br><br>v.<br><br>BRUCE J. BROWN and BROWN SCHULTZ SHERIDAN & FRITZ,<br>Defendants. | CIVIL ACTION NO. 1:01-CV-00813<br><br>JUDGE KANE |

**PLAINTIFF, UNITED STATES FIDELITY & GUARANTY COMPANY'S SECOND SET OF INTERROGATORIES TO THE DEFENDANT BROWN SCHULTZ SHERIDAN & FRITZ**

Pursuant to Fed. R. Civ. P. 33 and Local Rule 33.1, United States Fidelity & Guaranty Company serves these interrogatories to be answered under oath and responded to within the time required by the Federal Rules of Civil Procedure. Please serve all responses on Bruce D. Levin, Bernkopf, Goodman & Baseman, LLP, 125 Summer Street, Boston, Massachusetts 02110.

## I. INSTRUCTIONS

1.  In the event that it is claimed that any communication or document responsive to any interrogatory is privileged or attorney's work product, each such communication or document should be fully identified in writing, except that the substance thereof need not be described to the extent it is claimed to be privileged. To "identify" a communication or document claimed to be privileged means to state: (i) the date on which the document was prepared or the communication occurred; (ii) the author or authors of the document or the person or persons who were parties to the communication; (iii) the addressee of the document, if any; (iv) the title of the

document; (v) the substance of the communication or document to the extent that it is not privileged.

2. When an interrogatory calls upon you to "state the basis" of or for a particular claim, assertion, allegation or contention, you are requested to:

(a) Identify each and every document (and, where pertinent, the section, article or subparagraph thereof), which forms any part of the source of your information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(b) Identify each and every communication which forms any part of the source of your information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(c) State separately the acts or omissions on the part of any person (identifying the acts or omissions to act by stating their nature, time and place and identifying the persons involved) which form any part of your information regarding the alleged facts or legal conclusions referred to in the interrogatory;

(d) State separately all facts which form the basis of your information regarding the alleged facts or conclusions referred to in the interrogatory; and

(e) Identify all persons having knowledge of any of the foregoing subparagraphs (a) through (d).

3. Words underscored in the interrogatories indicate terms subject to the foregoing definitions.

4. These interrogatories require supplemental or amended answers to the extent required by Rule 26 of the Federal Rules of Civil Procedure. In addition, these interrogatories constitute continuing requests for supplemental answers pursuant to Fed. R. Civ. P. 26.

5.    Unless otherwise specified, these interrogatories call for information prepared in or referring to the period from January 1, 1994 to the date of the response hereto.

## II. DEFINITIONS

A.    The word "person" means any natural person, corporation, partnership, firm, group, association, or other organization and, where appropriate, the use of the singular includes the plural and the use of the plural includes the singular.

B.    The term "USF&G" refers to plaintiff United States Fidelity and Guaranty Company, any subsidiary, division or affiliate thereof and any present or former officer, employee, agent, servant, representative or other person acting for or on its behalf.

C.    The term "Brown Schultz" refers to Brown Schultz Sheridan & Fritz, its partners, associates, employees, agents, servants, representatives or other persons acting for or on his behalf.

D.    The term "CCI" refers to CCI Construction Company, Inc., any subsidiary, division or affiliate thereof and any present or former officer, employee, agent, servant, representative or other person acting for or on its behalf.

E.    The term "Ortenzio" refers to John Ortenzio, his agents, servants, representatives or other persons or entity acting for or on his behalf.

F.    The word "communication" means any oral or written transmittal, recording, or transcribing of information, or request for information, or request for information made from one person to another person, whether made in person, by telephone or by any other means, or a document made only for the purpose of recording a communication, idea, design, program, fact, statement, opinion or belief.

G. The word "document" includes without limitation the original, all non identical copies and all drafts of any notes, correspondence, memoranda (including written memoranda of telephone conversations, other communications, discussions, agreements, and any other acts, transactions or activities), manifests, bills of lading, invoices, delivery orders, purchase orders, canceled checks, business records, contracts, receipts, agreements, letters, tabulations, telegrams, evaluations, work papers, work orders, calendars, appointment books, diaries, daily logs, instructions, order forms, records, sound recordings, forms, statements, photographs, x-rays, journals, notices, interoffice and intraoffice communications, books, pamphlets, reports, inspection reports, studies, drawings, photostats, bank records, financial records, e-mail and any other written matter of any kind, including, but without limitation, any marginalia appearing on any documents or any other writing, or other verbal, numerical or pictorial recordings, whether printed, typed, electronically stored, hand written, drawn, recorded on film or tape or within any data processing system or recorded in any other form. A document in the possession, custody or control of another person is considered to be in the possession, custody or control of Brown Schultz if Brown Schultz has a right or privilege to examine it upon request or demand.

H. The word "identify" is defined as follows:

(a) To "identify" a document means to provide a description sufficient to identify that document for purpose of a request to produce or a subpoena duces tecum; and is further a request to state (i) the date the document was prepared; (ii) the identity of the author of the document; (iii) the addressee of the document, if any; (iv) the identification of the person, if any, who provided it to Brown Schultz, or the means by which Brown Schultz acquired knowledge of its contents or obtained access to it; (v) a summary of the substance of the document; and (vi) the name

and address of the person or person having custody or control thereof. If any such document is no longer under Brown Schultz's control, state what disposition has been made of it, by whom, and the date thereof.

(b) To "identify" a natural person is to provide (i) the person's full name; (ii) the person's occupation, job description, or title; (iii) the person's business and residential address or, if unknown, the last known business and residential address; and (iv) the relationship between the person and Brown Schultz.

(c) To "identify" a person other than a natural person is to provide (i) the full name, present or last known address of the principal place of business of the corporation, partnership, proprietorship, association, or other organization to be identified, and (ii) its relationship with Brown Schultz.

(d) To "identify" a communication means to provide (i) a summary of its substance; (ii) the identification of any document or documents embodying, concerning or relating in any way to the communication; (iii) the identification of any person or persons involved in the communication and the nature of their involvement; (iv) the date of the communication; and (v) the place at which the communication was made.

(e) To "identify" an act, occurrence, incident, happening, or event is to provide a complete description of the act, occurrence, incident, happening, or event sufficient to distinguish it from all other acts, happenings, occurrences, incidents, or events and further is to state (i) the person or persons performing the act or involved in the occurrence, incident, happening or event; (ii) the date on which

the act, occurrence, incident, happening, or event occurred; and (iv) the place at which the act, occurrence, incident, event, or happening occurred.

I.  "Audit Reports" means the audited financial statements prepared for CCI for the years ended December 31, 1996, December 31, 1997 and December 31, 1998, and all other interim financial statements, balance sheets, quarterly reports, compilations, *pro forma* and related statements of income and expenses and related information prepared by Brown Schultz and furnished and/or related to CCI.

### III. INTERROGATORIES

1.  Please identify all facts upon which you base the contention that USF&G "does not state a cause of action for which relief may be granted."

2.  Please identify all facts upon which you base the contention that USF&G's "claims are or may be barred in whole or in part by the applicable statute of limitations."

3.  Please identify all facts upon which you base the contention that USF&G "could have avoided its alleged loss without undue burden, expense or humiliation."

4.  Please identify all facts upon which you base the contention that USF&G "failed to mitigate its alleged damages."

5.  Please identify all facts upon which you base the contention that USF&G's "contributory negligence bars recover from defendants."

6.  Please identify all facts upon which you base the contention that USF&G "assumed the risk of loss which forms the basis for this action."

7.  Please identify all facts upon which you base the contention that USF&G "is estopped from litigating in this action issues which have been adjudicated in other proceedings in which plaintiff or its privy was a party."

8. Please identify all facts upon which you base the contention that USF&G "is estopped from asserting a contention or establishing a fact which is different than a contention or fact which plaintiff agreed existed or which plaintiff asserted in other proceedings including its proof of claim in the CCI bankruptcy."

9. Please identify all facts upon which you base the contention that USF&G's "claim is barred in whole or in part by payment and satisfaction from CCI or on behalf of CCI."

10. Please identify all facts upon which you base the contention that USF&G's "claim is barred in whole or in part by any release to which plaintiff was a party."

11. Please identify, by name, address and title, all officers, directors and shareholders of Pennsylvania Contractors Insurance Company.

12. Please identify any and all payment or performance bond claims made relative to the projects identified in paragraphs 16, 18 and 20 of USF&G's Complaint that Brown Schultz contends were settled or paid in bad faith and identify all facts which support that contention.

UNITED STATES FIDELITY &
GUARANTY COMPANY,
By its attorneys,

Peter B. McGlynn, Esquire
Bruce D. Levin, Esquire
Bernkopf, Goodman & Baseman LLP
125 Summer Street, Suite 1300
Boston, Massachusetts 02110
Telephone:   (617) 790-3000
Facsimile:    (617) 790-3300

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each other party by mail (by hand) 4/10/02

and

Jeffrey Rettig, Esquire
Thomas, Thomas & Hafer
305 North Front Street
Harrisburg, PA  17101
Telephone:   (717) 237-7100
Facsimile:   (717) 237-7105

Dated: April 10, 2002
#239482 v1/36432/87

-8-