UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(Harrisburg Division)

|  |  |  |
|---|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY, | ) ) ) ) | |
| Plaintiff | ) ) | CIVIL ACTION NO. 1:01-CV-00813 |
| v. | ) ) | JUDGE CONNER |
| BRUCE J. BROWN and BROWN SCHULTZ SHERIDAN & FRITZ, | ) ) ) | |
| Defendants. | ) ) | |

## UNITED STATES FIDELITY & GUARANTY COMPANY'S
## MOTION-IN-LIMINE TO PRECLUDE TESTIMONY OF MARK HOLTSCHNEIDER

United States Fidelity & Guaranty Company ("USF&G") hereby moves for an order precluding the testimony of Mark Holtschneider ("Holtschneider") and ruling that he not be called as a witness by the defendants. Holtschneider, a USF&G executive, was never identified by Bruce J. Brown and Brown Schultz Sheridan & Fritz (collectively, "Brown Schultz") in, *inter alia*, its mandatory disclosures. Moreover, because he had no involvement with any of the germane facts in the litigation, USF&G did not identify him in any of its disclosures. Brown Schultz' intent to call Holtschneider as a witness is nothing less than harassment and exemplifies the Rambo litigation tactics used by Brown Schultz throughout the course of the litigation.

In further support of this Motion, USF&G avers and asserts as follows:

1.  Brown Schultz failed to disclose Holtschneider's identity in the Joint Case Management Plan filed with the Court on August 9, 2001. Brown Schultz also failed to list

Holtschneider as an "individual likely to have information relevant to claims and defenses" in accordance with Fed. R. Civ. P. 26(a)(1)(A) in its Self-Executing Disclosures of Defendants Bruce J. Brown and Brown, Schultz, Sheridan & Fritz filed with the Court on August 20, 2001 ("Initial Disclosures").  Additionally, Holtschneider was never identified in any responses by Brown Schultz to several interrogatories seeking the factual basis for Brown Schultz' various affirmative defenses that were propounded in USF&G's Second Set of Interrogatories.  For that matter, Holtschneider was never identified by USF&G, largely because his involvement in the litigation is limited to the conduct of the litigation.

2. Brown Schultz has never amended or supplemented its Initial Disclosures to identify Holtschneider despite repeated requests by USF&G.  In fact, Brown Schultz never identified Holtschneider as a potential witness until Brown Schultz produced its list of witnesses at a meeting of counsel on October 3, 2003.  This list merely provides that Holtschneider may be called to testify; no hint is given as to the subject of that testimony.

3. "Under Rule 26(a)(1), a party must, without waiting for a discovery request from the opposing party, provide, *inter alia,* the name and contact information of 'each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment....' Fed.R.Civ.P. 26(a)(1).  Additionally, Rule 26(e)(1) imposes a duty upon each party 'to supplement at appropriate intervals its disclosures under [Rule 26(a)] if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known ... [during discovery or in writing].'" *Gallup, Inc. v. Kenexa Corp.*, 2003 WL 22097495 (E.D.Pa. May 28, 2003) (NO. CIV.A. 00-5523); Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(e).  Under Fed. R. Civ. P. 37(c)(1), the court has discretion to prohibit a party from

- 3 -

introducing non-designated matters in evidence. "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness information not so disclosed." Fed R. Civ. P. 37 (c)(1).

    4.    Holtschneider is Associate Surety General Counsel and Assistant Vice President at USF&G. He was not personally involved in the underwriting process nor active in any of the day to day details of the claims process. Holtschneider was simply not involved in either making decisions regarding the underwriting of bonds on behalf of CCI Construction ("CCI") nor was he materially involved with any issues concerning CCI until well after CCI's defaults. In the main, his involvement has been limited to supervising the litigation on behalf of USF&G. It is difficult to imagine that he can testify to any germane facts let alone any that would not be protected from disclosure by attorney-client privilege or work product doctrine. Sadly, it appears that rather than presenting a defense, Brown Schultz intends merely to harass USF&G's executives.

    WHEREFORE, United States Fidelity & Guaranty Company respectfully requests that the Court enter an order:

    1.    Barring the introduction of any testimony by Mark Holtschneider; and

- 4 -

2. Providing such other and further relief as is just and proper.

                    UNITED STATES FIDELITY AND
                    GUARANTY COMPANY,
                    By its counsel,

<u>s/ Bruce D. Levin</u>
Peter B. McGlynn, Esquire
Bruce D. Levin, Esquire
Bernkopf, Goodman & Baseman LLP
125 Summer Street, Suite 1300
Boston, Massachusetts 02110
Telephone:  (617) 790-3000
Facsimile:  (617) 790-3300
blevin@bgblaw.com
pmcglynn@bgblaw.com

        and

Peter Speaker, Esquire
Thomas, Thomas & Hafer
305 North Front Street
Harrisburg, PA  17101
Telephone:  (717) 237-7100
Facsimile:  (717) 237-7105
pjs@tthlaw.com

Dated: October 8, 2003
#277821 v1/36432/87