IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES FIDELITY AND GUARANTY COMPANY,** | : | **CIVIL ACTION NO. 1:01-CV-0813** |
| | : | |
| | : | **(Judge Conner)** |
| **Plaintiff** | : | |
| | : | |
| v. | : | |
| | : | |
| **BRUCE J. BROWN and BROWN SCHULTZ SHERIDAN & FRITZ,** | : | |
| | : | |
| | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 16th day of October, 2003, upon consideration of defendants' motion in limine to preclude the testimony of plaintiff's expert Steve J. DeBruyn (Doc. 108) on grounds that the expert's "look back" methodology improperly employs actual expenses in reviewing audits based on estimated costs and that the expert suggests that certain audit procedures were necessary to produce acceptable results without having performed the procedures to determine whether they would have altered the results in this case, and following a pretrial conference involving counsel for the parties, and it appearing that the court previously found that plaintiff's expert satisfactorily explained his "look back" methodology (Doc. 71 at 25-28; Doc. 82), that the "look back" method of applying actual costs to review estimated figures is used commonly by the Internal Revenue Service and does not appear to be so inherently unreliable or irrelevant so as to render the results

inadmissible, see Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 594 (1993), that plaintiff's concerns regarding the expert's methodology and conclusions may be addressed through cross-examination, see In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 744-45 (3d Cir. 1994) ("A judge frequently should find an expert's methodology helpful even when the judge thinks that the expert's technique has flaws sufficient to render the conclusions inaccurate . . . [and the judge] may certainly still believe that a jury attempting to reach an accurate result should consider the evidence."), and that the testimony suggesting that plaintiff failed to employ certain necessary auditing procedures relates only to the expert's opinion regarding the applicable standard of care without implicating methodological concerns, see Daubert, 509 U.S. at 595 ("The focus . . . must be solely on principles and methodology . . . ."), it is hereby ORDERED that the motion in limine to preclude the testimony of plaintiff's expert Steve J. DeBruyn (Doc. 108) is DENIED.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge