UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| United States Fidelity and Guaranty Company : : : v. : : Bruce J. Brown and Brown, Schultz Sheridan & Fritz : : | Hon. Christopher J. Conner<br><br>No: 01-CIV-813 |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE
TO BAR EVIDENCE OF PEER REVIEW**

Defendants, Bruce J. Brown and Brown Schultz Sheridan & Fritz submit this response in opposition to plaintiff's motion to preclude evidence of peer review. Plaintiff contends that testimony or documents relating to peer review to which Brown Schultz was subjected is irrelevant and is unreliable.[1] However, peer review is clearly relevant to the matters at issue encompassing one of the audits in question. The extent to which the peer review process has been recently criticized should go to the weight of this evidence and not its admissibility.

Members of the AICPA who are engaged in the practice of public accounting in the United States are required to be practicing as partners or employees of firms enrolled in an approved practice monitoring program or if, practicing in firms not eligible to enroll, are themselves enrolled in such a program if the services perform by such firm or individual issues reports purporting to be in accordance with AICPA

---

[1] There is no question that plaintiff would be attempting to use the peer review reports in the event they contained criticisms of Brown Schultz.

professional standards. One of the objectives of the peer review is to determine if the reviewed firm is complying with its quality control policies and procedures in a way that will provide the firm with reasonable assurance of conforming with professional standards.[2]

Brown Schultz is enrolled in the AICPA Peer Review Program and during the time period at issue was peer reviewed on a triennial basis. The 1998 peer review included a review of the 1997 audit of CCI Construction Company. USF&G, during discovery, was provided with a copy of the peer review report which identifies the Margolis & Company as the entity that performed the peer review and prepared the report, as well as other peer review reports received by Brown Schultz over the years.

Plaintiff is seeking to recover under a negligent misrepresentation theory which requires proof of, among other things, a misrepresentation of material fact made under circumstances in which the person who represented the information should have known, in the exercise of appropriate care, was false. *Bortz v. Noon*, 729 A.2d 555 (Pa. 1999). Plaintiff contends that Brown Schultz did not perform sufficient, appropriate audit procedures. The 1998 peer review, which encompasses the 1997 CCI audit, is relevant to establish the reasonable belief of Brown Schultz that its audit procedures employed in the 1998 CCI audit were sufficient and appropriate to satisfy generally accepted auditing standards ("GAAS") since they were the same as the procedures employed during the peer reviewed 1997 audit for which there was no

---

[2] See AICPA Questions and Answers About the AICPA Peer Review Program available at http://www.aicpa.org/members/div/practmon/questions.htm.

criticism.

Plaintiff's contention that the peer review process is "not designed to measure whether all of a firm's audits were properly done" has no bearing here where the 1997 CCI audit was one of the audits reviewed in the peer review process and is offered for a different purpose.

Based on the foregoing, defendants respectfully request that plaintiff's motion in limine to preclude evidence of peer review be denied.

                                      Respectfully submitted,

                                      SWARTZ CAMPBELL LLC

                              BY:   s/Kathleen M. Carson
                                            JEFFREY B. MC CARRON
                                            KATHLEEN M. CARSON
                                            1601 Market Street
                                            34th Floor
                                            Philadelphia, PA 19103

                                            Attorneys for Defendants

Dated : October 17, 2003

## CERTIFICATE OF SERVICE

      I, Kathleen M. Carson, Esquire, counsel for defendants, Bruce J. Brown and Brown, Schultz Sheridan & Fritz, hereby certify that a copy of Defendant's Opposition to Plaintiff's Motion In Limine to Bar Evidence of Peer Review was served upon all counsel listed below by U.S. regular mail and postage prepaid and via overnight mail on October 17, 2003

| | |
|---|---|
| Peter Speaker, Esquire<br>Thomas, Thomas & Hafer<br>305 North Front Street<br>Harrisburg, PA 17101 | Peter B. McGlynn, Esquire<br>Bruce D. Levin, Esquire<br>Bernkopf, Goodman & Baseman LLP<br>125 Summer Street, Suite 1300<br>Boston, MA 02110 |

                                                s/ Kathleen M. Carson
                                                Kathleen M. Carson

Date: October 17, 2003