## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| United States Fidelity and<br>Guaranty Company | : | |
| | : | |
| | : | Hon. Christopher J. Conner |
| v. | : | |
| | : | |
| Bruce J. Brown and Brown, Schultz | : | |
| Sheridan & Fritz | : | No: 01-CIV-813 |

## DEFENDANTS' PARTIAL OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO BAR EVIDENCE OF PEER REVIEW

Defendants, Bruce J. Brown and Brown Schultz Sheridan & Fritz submits the brief in opposition to plaintiff's motion in limine to preclude evidence of reinsurance.

Plaintiff seeks to bar testimony and documentary evidence of: (1) USF&G's agreements with its reinsurers; (2) the amount of its reinsurance coverage for the bonds at issue; and (3) the payments it has received or will received from its reinsurers with regard to losses sustained on the bonds. To the extent that plaintiff's motion is limited to these categories of information, defendants do not oppose the motion.

However, to the extent that the motion seeks to preclude evidence of communications with reinsurers or potential reinsurers, and particularly those communications to and from reinsurers during the period in which USF&G was underwriting bonds for CCI, defendants oppose the motion. Courts have routinely found communications with reinsurers relevant where, as here, an insurer has raised a claim of misrepresentation. *See, e.g., National Union Fire Insurance Company v.*

*Continental Illinois Corp.*, 116 F.R.D. 78 (N.D. Ill. 1987); *Stonewall Ins. Co. v. National Gypsum Co.,* No. 856 Civ. 9671 (SWK), 1988 U.S. Dist. LEXIS 9938 (September 6, 1988 S.D.N.Y); *Leksi, Inc. v. Federal Ins. Co.*, 129 F.R.D. 99 (D.N.J. 1989); *Rhone Poulenc Rorer Inc. v. The Home Indemnity Co.*, 1991 U.S. Dist LEXIS 16336 (E.D. Pa. Nov. 7, 1991); *Koppers Co. v. The Aetna Cas. and Sur. Co.*, 1994 U.S. Dist. LEXIS 21384 (W.D. Pa. August 18, 1994). In each of those cases, the insurer claimed  misrepresentation by the policyholder as a basis for rescission or as a defense to the policyholder's claim for coverage. Those courts held that communications between the insurers and their reinsurers were relevant for determining what information the insurers actually relied on in issuing the policies. Moreover, Magistrate Smyser has ruled that what was communicated to reinsurers about the CCI account and what was communicated by the reinsurers to CCI during the underwriting process is relevant to the issue of justifiable reliance. *See* August 9, 2002 Order of Magistrate Judge Smyser.

Defendants respectfully request that plaintiff's motion in limine with regard to exclude evidence of reinsurance be denied to the extent that it seeks to preclude evidence of communications between USF&G and its reinsurers.

Respectfully submitted,

SWARTZ CAMPBELL LLC


BY:_____
       JEFFREY B. MC CARRON
       KATHLEEN M. CARSON

**CERTIFICATE OF SERVICE**

I, Kathleen M. Carson, Esquire, counsel for defendants, Bruce J. Brown and

Brown, Schultz Sheridan & Fritz, hereby certify that a copy of Defendants' Partial

Opposition to Plaintiff's Motion to Exclude Evidence of Reinsurance, was served

upon all counsel listed below by first class U.S. mail, postage prepaid on October 17,

2003.

Peter Speaker, Esquire
Thomas, Thomas & Hafer
305 North Front Street
Harrisburg, PA 17101

Peter B. McGlynn, Esquire
Bruce D. Levin, Esquire
Bernkopf, Goodman & Baseman LLP
125 Summer Street, Suite 1300
Boston, MA 02110


_____
Kathleen M. Carson