UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| United States Fidelity and Guaranty Company : : : v. : : Bruce J. Brown and Brown, Schultz Sheridan & Fritz : : | Hon. Christopher J. Conner No: 01-CIV-813 |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO BAR EVIDENCE CONCERNING CERTAIN AFFIRMATIVE DEFENSES RAISED IN THE ANSWER OF DEFENDANTS**

Defendants, Bruce J. Brown and Brown Schultz Sheridan & Fritz submit this brief in opposition to plaintiff's motion in limine to preclude evidence concerning defendants Third, Fourth, Fifth and Sixth Affirmative Defenses.

Plaintiff contends that defendants should be precluded from presenting evidence with regard to those defenses because their responses to plaintiff's contention interrogatories are purportedly inadequate. Plaintiff also contends that testimony and/or documents concerning USF&G's contributory negligence should be barred under the "audit interference rule" arguing that contributory negligence is not a defense to an action against an accountant for professional negligence unless that contributory negligence impeded the accountant from performing its obligations satisfactorily.

First, defendants' responses to plaintiff's interrogatories provide plaintiff with sufficient information concerning the bases for their affirmative defenses of contributory negligence, that plaintiff could have avoided its alleged loss without

undue burden, expense or humiliation, that plaintiff assumed the risk of loss which forms the basis for this action and that plaintiff failed to mitigate its damages. With regard to the first three defenses, defendants set out detailed information in their response to interrogatory number three as to the facts that supported these defenses and incorporated them by reference into the other interrogatory responses. With regard to the defense of failure to mitigate, defendants again incorporated the facts enumerated in response to interrogatory number three and further indicated the facts that USF&G did not pursue affirmative claims of CCI against the project owners with regard to the Scott Air Force Base project and the Albemarle Prison project. Defendants' incorporation by reference to interrogatory number four, instead of interrogatory number three, in response to interrogatories four (failure to mitigate), five (contributory negligence) and six (plaintiff assumed the risk of loss which forms the basis for the action) was simply a typographical error of which plaintiff appears to be aware.

     To the extent that plaintiff contends that defendants should be barred from presenting evidence with regard to these defenses because supplemental responses were not provided to plaintiff, any lack of supplementation by defendants was harmless and Plaintiff's claim that it is being subjected to trial by ambush is without merit. Plaintiff, on August 21, 2002, was provided with defendants' expert reports, including the reports of Rolf Neuschaefer, a bond underwriter and Daniel Coffey, an accountant, whose opinions relate to not only the question of plaintiff's justifiable

reliance but also to the issue of contributory negligence and the other related affirmative defenses.[1] Plaintiff has had the opportunity to depose both of these individuals. Plaintiff also has obtained its own underwriting expert, Richard Farnsworth to counter any testimony of Mr. Neuschaefer. Accordingly, plaintiff simply has not been prejudiced in any way.

Finally, Plaintiff's contention that the "audit interference rule" precludes contributory negligence as a defense in a negligent misrepresentation claim is without support. Under section 552A of the Restatement (Second) of Torts, contributory negligence of a negligent misrepresentation recipient is a complete bar to that recipient's recovery for pecuniary loss. *I & S Assocs. Trust v. LaSalle Nat'l Bank*, 2001 U.S. Dist. LEXIS 17049, *16, n.7 (E.D. Pa. October 23, 2001) (applying Pennsylvania law). Pursuant to the "audit interference rule" contributory negligence is not a defense to an action against an accountant for professional negligence unless that contributory negligence impeded the accountant from performing its obligations satisfactorily. See, *Medical Consultants Network, Inc. v. Cantor & Johnston, P.C.*, 2000 U.S. Dist. LEXIS 19279 (E.D. Pa. 2000). However, Pennsylvania courts have not applied the audit interference rule to a negligent misrepresentation claim against an accountant not in privity with the plaintiff. *Jewelcor Jewelers and Distributors, Inc. v. Corr*, 373 Pa. Super. 536, 551-52 (1988), the only Pennsylvania case cited by

---

[1]Moreover, it should be noted that Plaintiff's own supplementation of its answers to defendants' contention interrogatories was largely limited to simply incorporating by reference its own expert reports and certain affidavits it submitted in opposition to defendants' summary judgment motion.

plaintiff, involved a negligence claim brought by a client against its accountant. Similarly, in *Medical Consultants Network, Inc. v. Cantor & Johnston, P.C.*, 2000 U.S. Dist. LEXIS 19279 (E.D. Pa. 2000), the court applied the audit interference rule because there was sufficient evidence of privity between the plaintiff and the accounting firm. *Id.* at *12-15.[2] No such privity exists here. Therefore, the audit interference rule does not apply.

Based on the foregoing, defendants respectfully request that plaintiff's motion in limine to bar evidence concerning certain affirmative defendants raised in the answer of Bruce J. Brown and Brown Schultz Sheridan & Fritz be denied.

                                                Respectfully submitted,

                                                SWARTZ CAMPBELL LLC


                                       BY:    s/Kathleen M. Carson
                                                     JEFFREY B. MC CARRON
                                                     KATHLEEN M. CARSON

Dated: October 19, 2003

---

[2] It should be noted that even if evidence of plaintiff's negligence may not be admitted to show plaintiffs contributory negligence, evidence of plaintiff's negligence is relevant to plaintiff's justifiable reliance. See *Medical Consultants Network, Inc. v. Cantor & Johnston, P.C.*, 2000 U.S. Dist. LEXIS 19279 (E.D. Pa. 2000).

## CERTIFICATE OF SERVICE

      I, Kathleen M. Carson, Esquire, counsel for defendants, Bruce J. Brown and Brown, Schultz Sheridan & Fritz, hereby certify that a copy of Defendants' Opposition to Plaintiff's Motion In Limine to Bar Evidence Concerning Certain Affirmative Defenses was served upon all counsel listed below by facsimile and first class U.S. mail, postage prepaid on October 19, 2003.

| | |
|---|---|
| Peter Speaker, Esquire | Peter B. McGlynn, Esquire |
| Thomas, Thomas & Hafer | Bruce D. Levin, Esquire |
| 305 North Front Street | Bernkopf, Goodman & Baseman LLP |
| Harrisburg, PA 17101 | 125 Summer Street, Suite 1300 |
| | Boston, MA 02110 |

        s/Kathleen M. Carson
        Kathleen M. Carson

Date:  October 19, 2003