**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES FIDELITY AND GUARANTY COMPANY,** | : | **CIVIL ACTION NO. 1:01-CV-0813** |
| | : | |
| | : | **(Judge Conner)** |
| **Plaintiff** | : | |
| | : | |
| v. | : | |
| | : | |
| **BRUCE J. BROWN and BROWN SCHULTZ SHERIDAN & FRITZ,** | : | |
| | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 20th day of October, 2003, upon consideration of plaintiff's motion in limine to exclude evidence of reinsurance (Doc. 112), and following a pretrial conference involving counsel for the parties, and it appearing that the reinsurance agreements themselves are not relevant to issues in this case other than the issue of damages but that correspondence and other documents related to the reinsurance agreements may be relevant to the issue of plaintiff's reliance on defendants' allegedly negligent auditing services, see Beechwoods Flying Serv., Inc. v. Al Hamilton Contracting Corp., 476 A.2d 350 (Pa. 1984) (stating that, under collateral source doctrine, evidence of reinsurance, to be admissible, must be independently relevant to an issue other than damages); see also FED. R. EVID. 401 (defining "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more

probable or less probable"); <u>Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc.</u>, 171 F.3d 912, 929 (3d Cir. 1999) (applying collateral source doctrine); <u>J.E. Mamiye & Sons, Inc. v. Fidelity Bank</u>, 813 F.2d 610, 615 (3d Cir. 1987) (identifying "reliance" as an element of negligent misrepresentation), it is hereby ORDERED that:

1. The motion in limine (Doc. 112) is GRANTED to the extent that defendants are barred from introducing into evidence reinsurance agreements between plaintiff and its reinsurers.

2. The motion in limine (Doc. 112) is otherwise DENIED without prejudice to plaintiff's right to object to the relevancy of correspondence and other documents related to the reinsurance agreements that defendants seek to introduce during the course of trial.

      <u>S/ Christopher C. Conner</u>
      CHRISTOPHER C. CONNER
      United States District Judge