UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(Harrisburg Division)

| | |
|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY,<br>　　　Plaintiff<br><br>v.<br><br>BRUCE J. BROWN and BROWN SCHULTZ SHERIDAN & FRITZ,<br>　　　Defendants. | CIVIL ACTION NO. 1:01-CV-00813<br><br>JUDGE CONNER |

**UNITED STATES FIDELITY & GUARANTY COMPANY'S MOTION FOR RECONSIDERATION REGARDING ADMISSIBILITY OF EXHIBITS 326 AND 337**

United States Fidelity & Guaranty Company ("USF&G") hereby moves for full admissibility of Exhibits 326 and 337 into evidence. On October 24, 2003, the Court ruled that these two exhibits were admitted only for the limited purpose of showing that such documents were part of USF&G's underwriting file, although the Court stated that they could "be utilized during the course of this proceeding" and might be admitted "for other purposes if the foundation is established." The Court specifically indicated its willingness to revisit the issue. A true and complete copy of the relevant portion of the trial transcript is attached hereto and incorporated herein as Exhibit "A." As discussed in greater detail, *infra*, USF&G avers that the Court has already recognized the establishment of the necessary evidentiary foundation and, accordingly, both exhibits should be admitted into evidence for all purposes.

In further support of this Motion, USF&G avers and asserts as follows:

1.　Exhibit 326, a copy of which is attached hereto and incorporated herein as Exhibit "B," is a true, accurate and complete copy of an interim financial statement of CCI Construction ("CCI") "for the 11 months ending 11-30-1999."

2. Exhibit 337, a copy of which is attached hereto and incorporated herein as Exhibit "C," is a true, accurate and complete copy of a facsimile cover sheet from Tony Phillips, of USF&G's Harrisburg office, to Mike Walter at USF&G's home office dated February 17, 2000. The cover sheet is accompanied by an interim financial statement for CCI "for the months ending 11-00-1999."

3. The admissibility of Exhibits 326 and 337 was addressed – and the proper evidentiary foundation established – during the testimony of James Daily ("Daily") on October 21, 2003. After identifying both documents, Daily testified, *inter alia*, that the exhibits were from USF&G's underwriting file, that he was familiar with USF&G's books and records, particularly the underwriting files, that the exhibits were maintained by USF&G as business records in USF&G's ordinary course of business, that USF&G regularly relied on such documents and that CCI's in-house information was regularly requested by USF&G and, at least up to February 2000, was known to be reliable and accurate. A copy of the pertinent portion of the trial transcript which evidences Daily's testimony as to all necessary foundational elements for admission is attached hereto and incorporated herein as Exhibit "D."

4. USF&G avers that Exhibits 326 and 337 are admissible pursuant to the business records exception to the hearsay rule, Fed. R. Evid. 803(6). The Third Circuit Court of Appeals has held that upon a "require[ed] showing of incorporation, reliance, and verification of trustworthiness," third party records may be admitted as business records under Fed. R. Evid. 803(6). *Falco v. Alpha Affiliates, Inc.* 2000 WL 727116, 16 (D.Del). Under Fed. R. Evid. 803(6), the record custodian or qualified witness required to provide a foundation for the admissibility of the business records need *not* be the creator of the records nor even be an "employee of the entity that created the records." *Id.* at 14-15. In *Falco,* the plaintiff sought to

introduce invoices received from various third parties into evidence under Rule 803(6). *Id.* at 12. The *Falco* court held that a qualified witness must be able to testify to the following foundational elements in order for third party records to be admitted under 803(6):

    (a)    "The entity must regularly incorporate the third party records into its own records kept in the regular course of business activity";

    (b)    "The entity must rely on the accuracy of the third party records"; and

    (c)    "The witness must be able to vouch for the accuracy of the third party records."

    5.    As evidenced by the trial transcript, the Court reviewed a memorandum prepared by USF&G relative to the third party business records exception and then stated that it believed the first two elements of the *Falco* test to have been met. The Court also indicated that counsel would be allowed "to ask further questions on the third element." Exhibit D, p. 406-407. Upon further questioning by counsel, Daily testified, *inter alia*, that: (1) the information on Exhibits 326 and 337 was of the type that USF&G regularly requested of CCI; (2) as of February 17, 2000, USF&G had never had any reason to doubt the accuracy of the information provided by CCI; (3) CCI's representations concerning its financial condition given to USF&G during the period of the bonding relationship up until February 2000 had proven to be accurate and reliable; and (4) USF&G regularly relied upon such information provided by CCI relative to its underwriting decisions. Exhibit D, p. 408-412.

    6.    Other than in the obvious differences in the financial numbers, Exhibits 326 and 337 are indistinguishable from other CCI interim financial statements that have been admitted into evidence. *See* Exhibits 198, 251, 252, 260 and 307. No objections were made to the admission of the delineated exhibits. There is no logical reason why Exhibits 326 and 327 should be treated differently than CCI's other interim financials that, so far, have been admitted

into evidence. Daily's testimony on October 21, 2003 established all prerequisites to admissibility pursuant to Fed. R. Evid. 803(6).

  WHEREFORE, USF&G respectfully requests that the Court enter an order:

1. Admitting exhibits 326 and 337 into evidence for all purposes; and

2. Providing such other and further relief as is just and proper.

            UNITED STATES FIDELITY AND
            GUARANTY COMPANY,
            By its counsel,


              s/  Bruce D. Levin
            Peter B. McGlynn, Esquire
            Bruce D. Levin, Esquire
            Bernkopf, Goodman & Baseman LLP
            125 Summer Street, Suite 1300
            Boston, Massachusetts 02110
            Telephone: (617) 790-3000
            Facsimile: (617) 790-3300
            blevin@bgblaw.com
            pmcglynn@bgblaw.com
              and
            Peter Speaker, Esquire
            Thomas, Thomas & Hafer
            305 North Front Street
            Harrisburg, PA  17101
            Telephone: (717) 237-7100
            Facsimile: (717) 237-7105
            pjs@tthlaw.com

Dated: November 12, 2003

## CERTIFICATE OF SERVICE

  I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by first class, postage prepaid mail on November 12, 2003


              s/  Bruce D. Levin
            Bruce D. Levin

#279685 v1/36432/87