# EXHIBIT A

1108

MS. CARSON: 337.

MR. LEVIN: 337, I'm sorry, we've agreed to the rest and I could quickly read those into the record, and then we could just --

THE COURT: Why don't we do that, Mr. Levin, and I'll look at the two exhibits that are in question.  326 and 337?

MR. LEVIN: And 337, correct, Your Honor, and we are in agreement as to 30, 31, 32, 33, 34, 35, 36, 37, 40, 41, 52, 66, 67, 68, 69, 70, 72, 73, 75, 76, 79, 80, 83, 95, 96, 100.

MR. MCCARRON: I don't see 196 on our list, here.

MR. LEVIN: 96?

MR. MCCARRON: 95 to 100, those numbers.  What's 96?

MR. LEVIN: 96 is a 7-14-94 e-mail from Daily to Salazar from the underwriting file.

MR. MCCARRON: It's fine, Your Honor.

MR. LEVIN: 96, 100, 104, 107, 124, 132, 138, 139, 146, 156, 157, 159, 161.  Yesterday we agreed that 186 would be for identification only.  191, 194, 197, 198, 204, 205, 206, 215, 216, 221 for identification only, 226, 227, 228, 229, 230, 231, 237, 238, 251, 252, 260, 261, 275, 294, 298, 310, 312, 320, 324, 326.

MR. MCCARRON: That's the one I have an issue with, Your Honor.

MR. LEVIN: Excuse me, that's issue.  327.  335, 350, 353, 293, 301, and 307, which leaves us with issues I believe as to 326 and 337.

U.S. District Court, Middle District of PA

1109

THE COURT: Mr. McCarron, would you state the basis for your objection to the admissibility of Exhibit 326 and 337? I looked at them, and they appear to be some interim financial materials that were sent at least in one case to the home office, and in the other case I don't believe there's a cover to it.

MR. MCCARRON: Let me tell you, the issue is the document can be admitted for the limited purpose of serving as a document which was included within the underwriting file for mere purposes of showing that this document, there is a document in the underwriting file. Our issue with respect to both documents, 326 and 337, is that they not be admitted for the truth of the information included within those two exhibits. They are hearsay and there has been no foundation.

THE COURT: Okay. I think I agree with you, and I'll admit them for the limited purpose that you have stated. The rest of the documents will be admitted or identified pursuant to the stipulation of counsel, and obviously, Mr. McGlynn and Mr. Levin, those two exhibits, 326 and 337, can be utilized during the course of this proceeding and I may admit it for other purposes if the foundation is established. Okay?

MR. MCGLYNN: Thank you, Your Honor.

THE COURT: We're in recess until 2:50.

(Recess taken at 2:37 p.m.  Testimony resumed at 2:55 p.m.)

U.S. District Court, Middle District of PA

# EXHIBIT B

GL-R06                                    CCI CONSTRUCTION CO., INC.              OMBINED                    PAGE   1
For the 11 months ending 11-30-1999          INCOME STATEMENT                                          01-11-2000 11:05

| L ACCOUNT # | | CURRENT | % | YEAR-TO-DATE | % |
|---|---|---|---|---|---|
| 4000 | I N C O M E | | | | |
| 4050 | REVENUE - % OF COMPLETED CONTR | 6,746,894.52 | 99.9 | 62,073,199.88 | 99.9 |
| 4055 | REVENUE - SHEET METAL SHOP | 402.00 | | 42,816.53 | |
| 4056 | REVENUE - EQUIPMENT DIVISION | 2,294.16 | | 7,244.25 | |
| 4060 | REVENUE - MISCELLANEOUS JOBS | | | | |
| 4100 | REVENUE - CONSTRUCTION MGMT | | | 2,500.00 | |
| | | ------------ | | ------------ | |
| 4990 | TOTAL INCOME | 6,749,590.68 | 100.0 | 62,125,760.66 | 100.0 |
| 5000 | D I R E C T   C O S T S | | | | |
| 5020 | DIRECT COST - LABOR | 858,509.90 | 12.7 | 10,615,233.98 | 17.0 |
| 5024 | DIRECT COST - FICA EMPLOYER | 62,433.61 | .9 | 810,597.43 | 1.3 |
| 5025 | DIRECT COST - FUTA EXPENSE | 1,041.79 | | 24,373.50 | |
| 5026 | DIRECT COST - SUTA EXPENSE | 7,400.99 | .1 | 149,108.49 | .2 |
| 5027 | DIRECT COST - WORK COMP EXPENSE | 36,052.23 | .5 | 449,705.92 | .7 |
| 5028 | DIRECT COST - LIABILITY INS EXP | 2,512.16 | | 30,482.97 | |
| 5029 | DIRECT COST - UNION FRINGE EXP | 42,047.91 | .6 | 311,863.24 | .5 |
| 5030 | DIRECT COST - EQUIPMENT | 31,629.01 | .4 | 205,923.09 | .3 |
| 5040 | DIRECT COST - RENTED EQUIPMENT | 295,434.66 | 4.3 | 2,095,497.04 | 3.3 |
| 5050 | DIRECT COST - MATERIAL | 701,456.39 | 10.3 | 10,042,885.24 | 16.1 |
| 5060 | DIRECT COST - SUBCONTRACTORS | 4,329,770.29 | 64.1 | 30,659,438.08 | 49.3 |
| 5070 | DIRECT COST - OTHER | 524,094.41 | 7.7 | 3,834,778.72 | 6.1 |
| | | ------------ | | ------------ | |
| 5900 | TOTAL JOB-RELATED COST | 6,892,383.35 | 102.1 | 59,229,887.70 | 95.3 |
| 5990 | GROSS PROFIT | ( 142,792.67) | 2.1 | 2,895,872.96 | 4.6 |
| 6000 | **OVERHEAD** | | | | |
| 6025 | SALARY EXPENSE | | | | |
| 6045 | SALARIES | 121,912.53 | 1.8 | 1,709,862.25 | 2.7 |
| 6047 | OFFICERS' SALARIES | 19,230.77 | .2 | 338,251.63 | .5 |
| 6048 | TOOL MANAGER SALARIES | 2,398.50 | | 22,301.50 | |
| 6065 | BLUE CROSS/BLUE SHIELD | 10,669.64 | .1 | 130,552.40 | .2 |
| 6095 | PAYROLL BURDEN | 9,193.89 | .1 | 195,421.98 | .3 |
| 6105 | 401(K) | 2,631.54 | | 32,666.96 | |
| | | ------------ | | ------------ | |
| 6110 | TOTAL SALARY EXPENSE | 166,036.87 | 2.4 | 2,429,056.72 | 3.9 |
| 6115 | ADMINISTRATIVE EXPENSE | | | | |
| 6125 | ACCOUNTING FEES | 2,600.00 | | 29,100.00 | |
| 6145 | ADVERTISING | | | 269.03 | |
| 6165 | ALPHA MEMBERSHIP | | | 2,600.00 | |
| 6205 | BANK CHARGES | 699.67 | | 7,299.25 | |
| 6225 | BLUEPRINTS AND PLANS | ( 78.40) | | ( 870.99) | |
| 6265 | CC SPONSORED ACTIVITIES | | | 1,275.35 | |
| 6285 | COMPUTER EXPENSE | 246.99 | | 15,833.30 | |
| 6305 | CONTRIBUTIONS | | | 2,420.00 | |
| 6345 | DEPRECIATION | 120,553.00 | 1.7 | 1,286,994.00 | 2.0 |
| 6365 | DODGE REPORTS | | | 19,845.45 | |
| 6370 | DRUG TESTING | 15.00 | | 1,101.00 | |
| 6385 | DUES AND PERMITS | 684.08 | | 7,708.08 | |
| 6405 | EMPLOYEE RECRUITMENT | | | 15,877.70 | |
| 6410 | EQUIP (VEHICLES) REPAIRS & MAIN | 10,081.51 | .1 | 87,045.45 | .1 |
| 6411 | EQUIP - PARTS/INSIDE REPAIRS | 2,974.45 | | 41,991.44 | |
| 6412 | EQUIP - TIRES/TRACKS | 1,490.26 | | 11,618.61 | |
| 6413 | EQUIP - FUEL | 12,690.49 | .1 | 121,329.47 | .1 |

USFG/BS  0157



| Code | Description | | | | |
|------|-------------|---|---|---|---|
| 6414 | EQUIP - OIL/LUBE EXPENSE | 3,265.20 | | 19,455.48 | |
| 6435 | EQUIPMENT - LEASE EXPENSE | 2,912.96 | | 8,738.89 | |
| 6425 | EXPRESS MAIL | 255.64 | | 7,216.56 | |
| 6445 | INSURANCE | | | 31,791.65 | |
| 6465 | LEGAL FEES | 3,138.25 | | 34,423.58 | |
| 6485 | LICENSE FEES & MISC TAXES | 211.00 | | 16,617.46 | |
| 6505 | MBE ADVERTISING | | | | |
| 6525 | MOBIL TELEPHONE | 1,934.66 | | 17,539.16 | |
| 6545 | OFFICE SUPPLIES & EXPENSE | 5,025.11 | | 94,844.87 | .1 |
| 6560 | PIPE FAB SUPPLIES & EXPENSES | 169.87 | | 8,050.07 | |
| 6565 | POSTAGE | | | 1,663.42 | |
| 6585 | PROFESSIONAL SERVICES | 5,459.56 | | 32,000.88 | |
| 6605 | RENT | 18,015.28 | .2 | 173,802.66 | .2 |
| 6624 | REPAIRS & MAINT - EQUIPMENT | | | 1,512.50 | |
| 6625 | REPAIRS & MAINT (OFFICE EQUIP) | | | 4,859.29 | |
| 6635 | SAFETY ITEMS EXPENSE | 43.24 | | 2,920.10 | |
| 6645 | TELEPHONE EQUIPMENT | | | 2.68 | |
| 6665 | TELEPHONE USAGE | 280.83 | | 24,314.47 | |
| 6685 | TEMPORARY HELP | | | 1,783.40 | |
| 6705 | TRADE JOURNALS AND BOOKS | 277.33 | | 9,837.38 | |
| 6710 | TRAINING AND SEMINARS | 1,219.00 | | 8,796.45 | |
| 6715 | TRAVEL - AIR | 511.00 | | 52,505.05 | |
| 6716 | TRAVEL - CAR | 30.72 | | 1,094.81 | |
| 6717 | TRAVEL - MEALS/ENTERTAINMENT | 298.89 | | 5,422.31 | |
| 6718 | TRAVEL - MILEAGE | 1,513.72 | | 15,340.70 | |
| 6719 | TRAVEL - MOTEL | 1,046.59 | | 22,292.15 | |
| 6729 | UNIFORMS - EQUIP DEPT | | | 688.30 | |
| 6730 | UTILITIES - ELECTRIC | 115.31 | | 20,523.46 | |
| 6731 | UTILITIES - GAS | | | 4,675.10 | |
| 6733 | UTILITIES - CLEANING | 1,178.76 | | 11,845.88 | |
| 6734 | UTILITIES - MAINTENANCE | | | 341.32 | |
| 6736 | UTILITIES - SEWER & WATER | 53.35 | | 1,795.88 | |
| 6736 | UTILITIES - TAXES & MISC | 37.05 | | 5,001.06 | |
| 6739 | UTILITIES - TRASH | | | 4,723.85 | |
| | | -------------- | | -------------- | |
| 6990 | TOTAL ADMINISTRATIVE EXPENSE | 198,950.37 | 2.9 | 2,297,857.96 | 3.6 |
| 6965 | TOTAL OVERHEAD | 364,987.24 | 5.4 | 4,726,914.68 | 7.6 |
| 7003 | NET PRFT(LSS) B-4 OTHER INC/EXP( | 507,779.91) | 7.5 ( | 1,831,041.72) | 2.9 |
| | | -------------- | | -------------- | |
| 7005 | **OTHER (INCOME)/EXPENSE** | | | | |
| 7030 | DISCOUNTS TAKEN | ( 786.48) | ( | 28,122.91) | |
| 7100 | CAPITAL (GAINS) LOSSES | | | 2,452.61 | |
| 7105 | INTEREST INCOME(OTHER)-TAXABLE ( | 383.81) | ( | 8,954.66) | |
| 7110 | INTEREST EXPENSE | 51,396.67 | .7 | 441,216.92 | .7 |
| 7120 | INVESTMENT INCOME - NONTAXABLE | | | | |
| 7130 | INVESTMENT INCOME - TAXABLE | | ( | 4,024.38) | |
| 7200 | MISCELLANEOUS INCOME | ( 1,072.83) | ( | 12,388.52) | |
| 7500 | (GAIN)/LOSS ON SALE OF ASSETS | | | 12,822.64 | |
| | | -------------- | | -------------- | |
| 7790 | TOTAL OTHER (INCOME)/EXPENSE | 49,153.55 | .7 | 403,001.70 | .6 |
| | | -------------- | | -------------- | |
| 7800 | NET PROFIT (LOSS) BEFORE TAXES ( | 556,933.46) | 8.2 ( | 2,234,043.42) | 3.5 |
| 8000 | NET PROFIT (LOSS) AFTER TAXES ( | 556,933.46) | 8.2 ( | 2,234,043.42) | 3.5 |
| | | ============== | | ============== | |

USFG/BS 0158

*[handwritten note:]* December - Breakeven on ops & overhead, but loss on sale (1/55) & int. exp (46) = net for the year of (3.4 million).

FEB-02-00 WED 01:39 PM   DJL ASSOCIATES       FAX NO. 7174411605       P. 08

GL-R08                              CCI CONSTRUCTION CO., INC.                    PAGE    1
DATE: 11-30-1999                    BALANCE SHEET                                 01-11-2000 11:08

| Acct | Description | | | |
|------|-------------|--|--|--|
| 1000 | A S S E T S | | | |
| 1002 | *CURRENT ASSETS* | | | |
| 1010 | CASH & INVESTMENTS | ( 794,190.48) | | |
| 1049 | TOTAL CASH & INVESTMENTS | | ( 794,190.48) | |
| 1050 | ACCOUNTS RECEIVABLE: | | | |
| 1100 | ACCOUNTS RECEIVABLE | 11,366,230.52 | | |
| 1110 | A/R RETAINAGE | 4,312,491.18 | | |
| 1120 | A/R & A/P CLEARING ACCOUNT | 1,753.51 | | |
| 1140 | EMPLOYEE RECEIVABLE | 654.61 | | |
| 1141 | ACCOUNTS RECEIVABLE-ORTENZIO | 279.75 | | |
| 1156 | DUE FROM AFFILIATES | 896.15 | | |
| 1157 | TOTAL ACCOUNTS RECEIVABLE | | 15,682,305.72 | |
| 1167 | INVENTORY: | 53,141.98 | | |
| 1168 | INVENTORY | | 53,141.98 | |
| 1192 | OTHER CURRENT ASSETS | | 31,005.56 | |
| 1193 | COSTS & EARNINGS > BILLINGS | | 5,252,198.00 | |
| 1195 | TOTAL CURRENT ASSETS | | 20,224,460.78 | |
| 1196 | *LONG TERM ASSETS* | | | |
| 1200 | OFFICER LIFE INSURANCE POLICY | | 55,452.77 | |
| 1205 | NOTE RECEIVABLE - VEHICLE | | 24,621.53 | |
| 1300 | *FIXED ASSETS* | | | |
| 1301 | OFFICE FURNITURE AND FIXTURES | 1,043,414.15 | | |
| 1302 | MACHINERY AND EQUIPMENT | 6,142,857.91 | | |
| 1303 | AUTOS AND TRUCKS | 1,438,504.34 | | |
| 1304 | SMALL TOOLS | 379,935.47 | | |
| 1305 | SHOP/MECHANICAL EQUIPMENT | 347,101.45 | | |
| 1390 | TOTAL FIXED ASSETS | ~~9,431,087.62~~ | | |
| 1400 | ACCUMULATED DEPRECIATION/AMORT: | | | |
| 1401 | ACCUM DEPR - FURNITURE & FIXTURE | ( 702,332.46) | | |
| 1402 | ACCUM DEPR - MACH & EQUIP | ( 1,450,524.02) | | |
| 1403 | ACCUM DEPR - AUTO & TRUCK | ( 393,671.01) | | |
| 1404 | ACCUM DEPR - SMALL TOOLS | ( 186,562.61) | | |
| 1405 | ACCUM DEPR - SHOP/MECHANICAL | ( 152,189.00) | | |
| 1488 | TOTAL ACCUM DEPR/AMORT | ( 2,885,279.10) | | |
| 1490 | NET FIXED ASSETS | | 6,466,532 ~~6,546,608.52~~ | |
| | Total L.T. Assets | | 6,546,608 | |
| 1999 | TOTAL A S S E T S | | 26,771,069.30 ok | |

7,351,777 (handwritten over total fixed assets)

USFG/BS 0159

GL-R08                              CCI CONSTRUCTION CO., INC.                        PAGE    2
DATE: 11-30-1999                    BALANCE SHEET                              01-11-2000 11:06

| | | | | |
|---|---|---|---|---|
| 2000 | **L I A B I L I T I E S** | | | |
| 2005 | CURRENT LIABILITIES | | | |
| 2099 | ACCOUNTS PAYABLE: | | | |
| 2100 | ACCOUNTS PAYABLE | 916,522.81 | | |
| 2101 | SUBCONTRACTOR A/P | 4,601,488.92 | | |
| 2102 | A/P RETAINAGE | 3,393,956.07 | | |
| | | --------------- | | |
| 2120 | TOTAL ACCOUNTS PAYABLE | | 8,911,967.80 | |
| 2295 | ACCRUED PAYROLL TAXES | | 90,572.56 | |
| 2300 | DIRECT DEPOSIT | .08 | | |
| 2415 | OTHER CURRENT LIABILITIES | | 448,583.04 | |
| 2431 | NOTE PAYABLE - ALLFIRST LINE | 1,200,000.00 | | |
| 2450 | NOTES PAYABLE-CURRENT | | 4,014,141.37 | |
| 2480 | BILLINGS > COSTS & EARNINGS | | 5,849,270.00 | |
| | | | --------------- | |
| 2490 | TOTAL CURRENT LIABILITIES | | 20,514,534.85 | |
| 2870 | NOTES PAYABLE-LONG TERM | | 3,370,527.26 | |
| | | | --------------- | |
| 2990 | TOTAL L I A B I L I T I E S | | 23,885,062.11 | |
| 3000 | **E Q U I T Y** | | | |
| 3100 | CAPITAL SURPLUS | 9,797.00 | | |
| 3200 | RETAINED EARNINGS | 286,513.75 | | |
| 3210 | RETAINED EARNINGS SUB-S CORP | 4,343,092.86 | | |
| 3275 | OTHER ACCUMULATED ADJUSTMENTS | 480,647.00 | | |
| 3300 | CURRENT YEAR EARNINGS | ( 2,234,043.42) | | |
| | | --------------- | | |
| 3800 | TOTAL E Q U I T Y | | 2,886,007.19 | |
| | | | ------------- | |
| 3900 | TOTAL LIABILITIES AND EQUITY | | | 26,771,069.30 |
| | | | | ============= |

USFG/BS 0160

GL-RGB                                        CCI CONSTRUCTION CO., INC.                    PAGE    3
DATE: 11-30-1999                              BALANCE SHEET - SCHEDULE  1              01-11-2000 11:06

| 1003 | CASH: | | |
|------|-------|---|---|
| 1010 | CASH - DAUPHIN CHECKING | ( | 803,842.13) |
| 1011 | CASH - DAUPHIN PAYROLL | ( | 26,138.80) |
| 1013 | CASH - FLEX REIMBURSEMENT ACCT | | 1,490.45 |
| 1016 | INVESTMENT IN EPIC | | 3,000.00 |
| 1017 | INVESTMENT IN RAFFLES | | 31,000.00 |
| 1020 | PETTY CASH | | 300.00 |
| | | | ---------------- |
| 1040 | CASH & INVESTMENTS | ( | 794,190.48) |
| | | | ---------------- |

USFG/BS 0161

FEB-02-00 WED 01:40 PM   DJL ASSOCIATES          FAX NO. 7174411605        P. 11

GL-308
DATE: 11-30-1999

CCI CONSTRUCTION CO., INC.
BALANCE SHEET - SCHEDULE 2

PAGE     5
01-11-2000 11:06

| | | |
|---|---|---|
| 1158 | INVENTORY: | |
| 1160 | SHEET METAL SHOP INVENTORY | 43,767.50 |
| 1161 | PIPE SHOP INVENTORY | 7,029.78 |
| 1165 | FUEL INVENTORY | 2,344.70 |
| | | ---------------- |
| 1167 | INVENTORY: | 53,141.98 |
| | | ---------------- |

USFG/BS 0162

Case 1:01-cv-00813-GCC   Document 151-2   Filed 11/12/2003   Page 11 of 44

GL-RC9
DATE: 11-30-1999

CCI CONSTRUCTION CO., INC.
BALANCE SHEET - SCHEDULE 3

PAGE    5
01-11-2000 11:08

| | | |
|---|---|---|
| 1150 | DUE FROM AFFILIATES | |
| 1153 | DUE TO/FROM CUSTODIAL | 425.53 |
| 1154 | DUE TO/FROM RELIANCE | 470.62 |
| 1156 | DUE FROM AFFILIATES | 896.15 |
| | | --------------- |

USFG/BS 0163

GL-R08
DATE: 11-30-1999

CCI CONSTRUCTION CO., INC.
BALANCE SHEET - SCHEDULE 6

PAGE    6
01-11-2000 11:18

| | | |
|---|---|---|
| 1169 | CURRENT ASSETS: | |
| 1175 | PREPAID RENT | 2,015.28 |
| 1176 | SECURITY DEPOSIT - CALIFORNIA | 2,015.28 |
| 1185 | PREPAID TAXES | 25,100.00 |
| 1190 | PREPAID GENERAL EXPENSES | 1,875.00 |
| 1190 | OTHER CURRENT ASSETS | 31,901.71 |

USFG/BS 0164

GL-R08
DATE: 11-30-1999

CCI CONSTRUCTION CO., INC.
BALANCE SHEET - SCHEDULE 50

PAGE
01-11-2000 11:16

| 2190 | ACCRUED PAYROLL TAXES: | |
|------|------------------------|-----------|
| 1200 | ACCRUED FED W/H | 30,078.91 |
| 2210 | ACCRUED FICA W/H | 28,326.85 |
| 2220 | ACCRUED FUTA | 2,680.92 |
| 2223 | ACCRUED STATE W/H - CAL | 4,522.77 |
| 2228 | ACCRUED SUTA - PA | 12,102.41 |
| 2241 | ACCRUED SUTA - W VA. | 2,787.80 |
| 2243 | ACCRUED STATE W/H - WEST VA | 3,467.91 |
| 2249 | ACCRUED SUTA - MD | 1,696.98 |
| 2250 | ACCRUED SUTA - MO | 131.27 |
| 2251 | ACCRUED STATE W/H - MO | 1,111.00 |
| 2256 | ACCRUED SUTA - OHIO | 382.08 |
| 2258 | ACCRUED STATE W/H - OHIO | 398.75 |
| 2276 | ACCRUED SUTA - VA | 1,627.12 |
| 2282 | ACCRUED SUTA - IL | 1,257.79 |
| | | |
| 2295 | ACCRUED PAYROLL TAXES | 90,572.56 |

USFG/BS 0165

GL-R08                                      CCI CONSTRUCTION CO., INC.                      PAGE    3
DATE: 11-30-1999                            BALANCE SHEET - SCHEDULE 60                 01-11-2000 11:06

| 1296 | OTHER CURRENT LIABILITIES | | |
| 1302 | ACCRUED WORKERS COMP | | 312,804.08 |
| 1307 | ACCRUED CAFETERIA DEDUCTIONS | ( | 44,648.56) |
| 1310 | ACCRUED PAYROLL | | 140,958.50 |
| 1311 | ACCRUED UNION FRINGE PAYABLE | ( | .03) |
| 1315 | ACCRUED 401(K) PLAN | | 10,169.05 |
| 1329 | ACCRUED ACCOUNTING FEES | | 29,300.00 |
| 1315 | OTHER CURRENT LIABILITIES | | 448,583.04 |

USFG/BS  0166

GL-R08
DATE: 11-30-1999

CCI CONSTRUCTION CO., INC.
BALANCE SHEET - SCHEDULE 70

PAGE   3
01-11-2000 11:06

| | | |
|---|---|---|
| 2400 | NOTE PAYABLE-CAT EQUIPMENT | 720,703.23 |
| 2420 | NOTE PAYABLE-CIT | 341,126.38 |
| 2425 | NOTE PAYABLE-DAUPHIN EQUIPMEN | 377,812.62 |
| 2430 | NOTE PAYABLE-LINE OF CREDIT | 2,570,994.96 |
| 2435 | NOTE PAYABLE-MISCELLANEOUS | 3,504.18 |
| | | |
| 2490 | NOTES PAYABLE-CURRENT | 4,014,141.37 |

USFG/BS 0167

GL-ROB                                   CCI CONSTRUCTION CO., INC.                              PAGE   16
DATE: 11-30-1999                         BALANCE SHEET - SCHEDULE 80                      01-11-2000 11:06

| 2900 | LONG TERM N/P-CAT | 1,087,382.34 | |
| 2903 | LONG TERM N/P-CIT | 856,387.03 | |
| 125 | LONG TERM N/P-DAUPHIN EQUIPMENT | 1,410,292.44 | |
| 2935 | LONG TERM N/P-MISCELLANEOUS | 16,465.45 | |
| 2970 | NOTES PAYABLE-LONG TERM | | 3,370,527.26 |

USFG/BS 0168

# EXHIBIT C

# The St Paul

## Facsimile Cover Sheet

**To:** Mike Walter
**Company:** St. Paul Surety-Baltimore Surety Region
**Phone:** 410-578-2020
**Facsimile:** 410-578-2134

**From:** Tony Phillips
**Company:** St. Paul Surety
**Address:** 2605 Interstate Drive, Suite 200
Harrisburg, PA 17110
**Phone:** 717-671-7420
**Facsimile:** 717-671-7402

**Date:** 02/17/00
**# of Pages:** 15 **(including this cover page)**

**Comments:** CCI Construction 12/31/99 in-house financial statement/WIP

**USFG/BS 1010**



The information contained in this facsimile message is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the United States Postal Service. Thank you.

02-17-2000 08:38AM    FROM USF&G HARRISBURG    U  TO    914105782134    P.02

FEB 14 00 MON 11:11 AM    DOL ASSOCIATES    FAX NO. 17744116US    P. 02

For the 13 months ending 13-00-1999

CCI CONSTRUCTION CO., INC.
INCOME STATEMENT

COMBINED

PAGE    1
02-12-2000 23:10

| GL ACCOUNT # | | CURRENT | % | YEAR-TO-DATE | % |
|---|---|---|---|---|---|
| 4900 | I N C O M E | | | | |
| 4950 | REVENUE - % OF COMPLETED CONTR | ( 241,497.00) | 100.0 | 70,570,779.72 | 99.9 |
| 4955 | REVENUE - SHEET METAL SHOP | | | 43,403.81 | |
| 4956 | REVENUE - EQUIPMENT DIVISION | | | 8,159.25 | |
| 4300 | REVENUE - CONSTRUCTION MGMT | | | 2,500.00 | |
| 4990 | TOTAL INCOME | ( 241,497.00) | 100.0 | 70,624,842.78 | 100.0 |
| 5000 | D I R E C T  C O S T S | | | | |
| 5020 | DIRECT COST - LABOR | | | 11,509,497.51 | 16.2 |
| 5024 | DIRECT COST - FICA EMPLOYER | | | 874,410.46 | 1.2 |
| 5025 | DIRECT COST - FUTA EXPENSE | | | 26,258.32 | |
| 5026 | DIRECT COST - SUTA EXPENSE | | | 162,558.05 | .2 |
| 5027 | DIRECT COST - WORK COMP EXPENSE | ( 115,726.00) | 47.9 | 372,709.54 | .5 |
| 5028 | DIRECT COST - LIABILITY INS EXP | | | 32,953.59 | |
| 5029 | DIRECT COST - UNION FRINGE EXP | | | 337,194.16 | .4 |
| 5030 | DIRECT COST - EQUIPMENT | | | 228,896.60 | .3 |
| 5040 | DIRECT COST - RENTED EQUIPMENT | | | 2,562,567.43 | 3.6 |
| 5050 | DIRECT COST - MATERIAL | | | 12,224,331.44 | 17.3 |
| 5060 | DIRECT COST - SUBCONTRACTORS | | | 36,885,891.88 | 52.2 |
| 5070 | DIRECT COST - OTHER | 54,930.00 | 22.7 | 4,765,784.13 | 6.7 |
| 5990 | TOTAL JOB-RELATED COST | ( 60,796.00) | 25.1 | 69,983,053.11 | 99.0 |
| 5990 | GROSS PROFIT | ( 180,701.00) | 74.8 | 641,789.67 | .9 |
| 6000 | * OVERHEAD * | | | | |
| 6025 | SALARY EXPENSE | | | | |
| 6045 | SALARIES | | | 1,855,579.84 | 2.6 |
| 6047 | OFFICERS' SALARIES | | | 373,828.53 | .5 |
| 6046 | TOOL MANAGER SALARIES | | | 24,953.50 | |
| 6965 | BLUE CROSS/BLUE SHIELD | | | 140,637.33 | .1 |
| 6085 | PAYROLL BURDEN | 733.94 | .3 | 211,179.57 | .2 |
| 6105 | 401(K) | | | 35,297.39 | |
| 6111 | TOTAL SALARY EXPENSE | 733.94 | .3 | 2,641,476.16 | 3.7 |
| 6119 | ADMINISTRATIVE EXPENSE | | | | |
| 6125 | ACCOUNTING FEES | | | 31,700.00 | |
| 6145 | ADVERTISING | | | 269.03 | |
| 6163 | ALPHA MEMBERSHIP | | | 3,120.00 | |
| 6205 | BANK CHARGES | | | 8,003.01 | |
| 6225 | BLUEPRINTS AND PLANS | | ( | 670.39) | |
| 6265 | CO SPONSORED ACTIVITIES | | | 1,392.90 | |
| 6285 | COMPUTER EXPENSE | | | 15,949.04 | |
| 6305 | CONTRIBUTIONS | | | 2,420.00 | |
| 6345 | DEPRECIATION | | | 1,395,927.14 | 1.9 |
| 6365 | DODGE REPORTS | | | 19,848.45 | |
| 63?? | DRUG TESTING | | | 1,220.00 | |
| 6385 | DUES AND PERMITS | | | 8,002.33 | |
| 6405 | EMPLOYEE RECRUITMENT | | | 15,877.70 | |
| 6415 | EQUIP (VEHICLES) REPAIRS & MAIN | | | 94,072.66 | .1 |
| 6411 | EQUIP - PARTS/INSIDE REPAIRS | | | 47,671.05 | |
| 6412 | EQUIP - TIRES/TRACKS | | | 17,176.87 | |
| 6413 | EQUIP - FUEL | 12,312.69 | 5.0 | 159,329.33 | .2 |
| 6414 | EQUIP - OIL/LUBE EXPENSE | | | 21,120.38 | |

USFG/BS 1011

FEB 17 2000 16:19    717 671 7429    PAGE.02

02-17-2000 08:38AM    FROM USF&G HARRISBURG        U    TO        914105782134    P.03

| Account | Description | | | | |
|---|---|---|---|---|---|
| 6:35 | EQUIPMENT - LEASE EXPENSE | | 8,738.89 | | |
| 6416 | EQUIP - SALE EXPENSE | | 2,083.92 | | |
| 6425 | EXPRESS MAIL | | 7,554.24 | | |
| 6446 | INSURANCE | | 41,539.12 | | |
| 6465 | LEGAL FEES | | 38,914.88 | | |
| 6485 | LICENSE FEES & MISC TAXES | | 16,662.46 | | |
| 6525 | MOBIL TELEPHONE | | 21,694.61 | | |
| 6545 | OFFICE SUPPLIES & EXPENSE | 7,203.13 | 2.9 | 109,457.48 | .1 |
| 6560 | PIPE FAB SUPPLIES & EXPENSES | | 8,171.48 | | |
| 6585 | POSTAGE | | 2,153.07 | | |
| 6595 | PROFESSIONAL SERVICES | | 33,692.38 | | |
| 6605 | RENT | | 191,817.94 | .2 | |
| 6624 | REPAIRS & MAINT - EQUIPMENT | | 1,512.50 | | |
| 6625 | REPAIRS & MAINT (OFFICE EQUIP) | | 5,389.03 | | |
| 6645 | SAFETY ITEMS EXPENSE | | 2,977.60 | | |
| 6665 | TELEPHONE EQUIPMENT | | 2.60 | | |
| 6685 | TELEPHONE USAGE | | 26,688.32 | | |
| 6705 | TEMPORARY HELP | | 1,783.40 | | |
| 6710 | TRADE JOURNALS AND BOOKS | | 11,905.66 | | |
| 6715 | TRAINING AND SEMINARS | | 9,474.45 | | |
| 6716 | TRAVEL - AIR | | 52,698.05 | | |
| 6717 | TRAVEL - CAR | | 1,094.91 | | |
| 6718 | TRAVEL - MEALS/ENTERTAINMENT | | 5,726.61 | | |
| 6719 | TRAVEL - MILEAGE | | 17,322.45 | | |
| 6726 | TRAVEL - HOTEL | | 24,034.55 | | |
| 6730 | UNIFORMS - EQUIP DEPT | | 1,385.75 | | |
| 6731 | UTILITIES - ELECTRIC | | 24,270.93 | | |
| 6733 | UTILITIES - GAS | | 7,494.55 | | |
| 6734 | UTILITIES - CLEANING | | 11,845.88 | | |
| 6736 | UTILITIES - MAINTENANCE | | 341.32 | | |
| 6736 | UTILITIES - SEWER & WATER | | 2,082.20 | | |
| 6735 | UTILITIES - TAXES & MISC | | 5,001.06 | | |
| | UTILITIES - TRASH | | 5,486.78 | | |
| 6890 | TOTAL ADMINISTRATIVE EXPENSE | 19,515.82 | 8.0 | 2,543,424.95 | 3.6 |
| 6965 | TOTAL OVERHEAD | 20,249.76 | 8.3 | 5,184,901.11 | 7.3 |
| 7008 | NET PRFT(LOSS) B-4 OTHER INC/EXP( | 200,950.76) | 83.2 ( | 4,543,111.44) | 6.4 |
| 7009 | **OTHER (INCOME)/EXPENSE** | | | | |
| 7030 | DISCOUNTS TAKEN | | ( | 28,252.34) | |
| 7100 | CAPITAL (GAINS) LOSSES | | | 2,452.61 | |
| 7105 | INTEREST INCOME (OTHER) -TAXABLE | | ( | 8,977.83) | |
| 7110 | INTEREST EXPENSE | 8,340.18 | 3.4 | 463,297.28 | .6 |
| 7130 | INVESTMENT INCOME - TAXABLE | | ( | 4,024.38) | |
| 7200 | MISCELLANEOUS INCOME | ( | 345.65) | .1 ( | 20,374.40) | |
| 7500 | (GAIN)/LOSS ON SALE OF ASSETS | | | 1,168,581.10 | 1.6 |
| 7700 | TOTAL OTHER (INCOME)/EXPENSE | 7,994.53 | 3.3 | 1,572,702.04 | 2.2 |
| 7500 | NET PROFIT (LOSS) BEFORE TAXES ( | 208,945.29) | 86.5 ( | 6,115,813.48) | 8.6 |
| 7900 | NET PROFIT (LOSS) AFTER TAXES ( | 208,945.29) | 86.5 ( | 6,115,813.48) | 8.6 |

USFG/BS 1012

02-17-2000 08:39AM  FROM USF&G HARRISBURG    U   TO    914105782134   P.04
FEB-14-00 MON 11:12 AM  DJL ASSOCIATES       FAX NO. 1174411000          P. 04

```
GL-838
DATE: 13-00-1999                    CCI CONSTRUCTION CO., INC.                    PAGE  2
                                    BALANCE SHEET                          02-12-2000 23:11

1000        A S S E T S

1002        *CURRENT ASSETS*
                                    --------------
1040        CASH & INVESTMENTS        (   594,857.26)

1049           TOTAL CASH & INVESTMENTS        (    594,857.26)

1050        ACCOUNTS RECEIVABLE:
1100        ACCOUNTS RECEIVABLE          12,230,911.30
1110        A/A RETAINAGE                 4,903,477.69
1140        EMPLOYEE RECEIVABLE               1,973.68
1141        ACCOUNTS RECEIVABLE-ORTENZIO        184.83
1156        DUE FROM AFFILIATES               2,191.66
                                         --------------
1157           TOTAL ACCOUNTS RECEIVABLE              17,138,740.16

1167        INVENTORY:                       54,384.97
                                         --------------
1168           INVENTORY                                 54,384.97

1182           OTHER CURRENT ASSETS                      38,354.36

1183           COSTS & EARNINGS > BILLINGS            4,158,685.00
                                                    --------------
1185           TOTAL CURRENT ASSETS                  20,795,315.23

1196        *LONG TERM ASSETS*

1200        OFFICER LIFE INSURANCE POLICY            62,094.00
1205        NOTE RECEIVABLE - VEHICLE                24,621.53

1300        *FIXED ASSETS*
1301        OFFICE FURNITURE AND FIXTURES   1,040,346.51
1302        MACHINERY AND EQUIPMENT         1,181,976.51
1303        AUTOS AND TRUCKS                1,153,516.12
1304        SMALL TOOLS                       317,193.27
1305        SHOP/MECHANICAL EQUIPMENT         347,101.45
                                            --------------
1390           TOTAL FIXED ASSETS           4,126,849.39

1400        ACCUMULATED DEPRECIATION/AMORT:
1401        ACCUM DEPR - FURNITURE & FIXTURE( 716,766.60)
1402        ACCUM DEPR - MACH & EQUIP       (  396,493.16)
1403        ACCUM DEPR - AUTO & TRUCK       (  341,643.25)
1404        ACCUM DEPR - SMALL TOOLS        (  162,519.74)
1405        ACCUM DEPR - SHOP/MECHANICAL    (  160,079.00)
                                            --------------
1488           TOTAL ACCUM DEPR/AMORT       ( 1,777,501.75)        USFG/BS 1013
                                            --------------
1490        NET FIXED ASSETS                            2,349,347.64
                                                       --------------

1999           TOTAL A S S E T S                        23,144,662.87
                                                       ==============
```

FEB 17 2000 16:20                                    717 671 7429      PAGE.04

SL-RCB
DATE: 13-00-1999

CCI CONSTRUCTION CO., INC.
BALANCE SHEET

PAGE    2
02-12-2000 23:11

| Code | Account | | |
|------|---------|---|---|
| 2000 | L I A B I L I T I E S | | |
| 2005 | CURRENT LIABILITIES | | |
| 2099 | ACCOUNTS PAYABLE: | | |
| 2100 | ACCOUNTS PAYABLE | 2,951,006.31 | |
| 2101 | SUBCONTRACTOR A/P | 6,130,086.78 | |
| 2102 | A/P RETAINAGE | 3,764,423.64 | |
| 2120 | TOTAL ACCOUNTS PAYABLE | | 12,845,516.73 |
| 2295 | ACCRUED PAYROLL TAXES | | 202,668.00 |
| 2415 | OTHER CURRENT LIABILITIES | | 320,629.67 |
| 2431 | NOTE PAYABLE-ALLFIRST LINE OF | 1,200,000.00 | |
| 2450 | NOTES PAYABLE-CURRENT | | 3,782,351.64 |
| 2486 | BILLINGS > COSTS & EARNINGS | | 4,402,180.00 |
| 2490 | TOTAL CURRENT LIABILITIES | | 22,753,346.04 |
| 2270 | NOTES PAYABLE-LONG TERM | | 1,387,079.70 |
| 2990 | TOTAL L I A B I L I T I E S | | 24,140,425.74 |
| 3000 | E Q U I T Y | | |
| 3100 | CAPITAL SURPLUS | 9,797.00 | |
| 3200 | RETAINED EARNINGS | 286,513.75 | |
| 3210 | RETAINED EARNINGS SUB-S CORP | 4,343,092.86 | |
| 3275 | OTHER ACCUMULATED ADJUSTMENTS | 480,647.00 | |
| 3300 | CURRENT YEAR EARNINGS | ( 6,115,813.48) | |
| 3800 | TOTAL E Q U I T Y | | ( 995,762.87) |
| 3900 | TOTAL LIABILITIES AND EQUITY | | 23,144,662.87 |

USFG/BS 1014

GG-R08
DATE: 12-00-1999

CCI CONSTRUCTION CO., INC.
BALANCE SHEET - SCHEDULE 1

PAGE   3
02-12-2000 23:11

| | | | |
|---|---|---|---|
| 1003 | CASH: | | |
| 1010 | CASH - DAUPHIN CHECKING | ( | 573,734.41) |
| 1011 | CASH - DAUPHIN PAYROLL | ( | 55,522.05) |
| 1013 | CASH - FLEX REIMBURSEMENT ACCT | | 100.00 |
| 1016 | INVESTMENT IN EPIC | | 3,000.00 |
| 1017 | INVESTMENT IN RAFFLES | | 31,000.00 |
| 1022 | PETTY CASH | | 300.00 |
| | | | ------------- |
| 1040 | CASH & INVESTMENTS | ( | 594,857.26) |
| | | | ------------- |

**USFG/BS  1015**

GL-RD8
DATE: 13-CO-1999

CCI CONSTRUCTION CO., INC.
BALANCE SHEET - SCHEDULE 2

PAGE    4
02-12-2000 23:11

| | | |
|---|---|---|
| 2158 | INVENTORY: | |
| 2160 | SHEET METAL SHOP INVENTORY | 54,384.97 |
| | | -------------- |
| 1167 | INVENTORY: | 54,384.97 |
| | | -------------- |

USFG/BS  1016

FEB-14-00 MON 11:12 AM    DJL ASSOCIATES    FAX NO. 1174411000    P. 08

GL-R08    CCI CONSTRUCTION CO., INC.    PAGE  5
DATE: 13-06-1999    BALANCE SHEET - SCHEDULE 3    02-12-2000 23:11

| 1150 | DUE FROM AFFILIATES | |
| 1153 | DUE TO/FROM CUSTODIAL | 376.20 |
| 1154 | DUE TO/FROM RELIANCE | ( 45.64) |
| 1155 | DUE TO/FROM MECH LAND CO | 1,867.10 |
| 1156 | DUE FROM AFFILIATES | 2,197.66 |

**USFG/BS 1017**

GL-RO8
DATE: 13-00-1999

CCI CONSTRUCTION CO., INC.
BALANCE SHEET - SCHEDULE 6

PAGE   6
02-12-2000 23:11

| 1169 | CURRENT ASSETS: | | |
|------|----------------|-----------|-----------|
| 5175 | PREPAID RENT | 2,015.28 | |
| 1176 | SECURITY DEPOSIT - CALIFORNIA | 2,015.28 | |
| 1185 | PREPAID TAXES | 25,100.00 | |
| 1190 | PREPAID GENERAL EXPENSES | 9,223.80 | |
| 1192 | OTHER CURRENT ASSETS | | 40,552.02 |

USFG/BS 1018

02-17-2000 09:41AM    FROM USF&G HARRISBURG    U    TO    914105782134    P.10

CCI CONSTRUCTION CO., INC.
BALANCE SHEET - SCHEDULE 50

SE-RUN
DATE: 12-00-1999

PAGE
02-12-2000 23:11

| | | | |
|---|---|---|---|
| 2290 | ACCRUED PAYROLL TAXES: | | |
| 2200 | ACCRUED FED W/H | 57,394.00 | |
| 2210 | ACCRUED FICA W/H | 53,592.89 | |
| 2220 | ACCRUED FUTA | 4,877.66 | |
| 2222 | ACCRUED SUTA - CAL | 196.51 | |
| 2223 | ACCRUED STATE W/H - CAL | 6,607.92 | |
| 2225 | ACCRUED STATE W/H - PA | 2,570.83 | |
| 2226 | ACCRUED LOCAL W/H - PA | 4,817.40 | |
| 2227 | ACCRUED OST W/H - PA | 1,110.00 | |
| 2228 | ACCRUED SUTA - PA | 21,787.09 | |
| 2232 | ACCRUED STATE W/H - DEL | 36.47 | |
| 2241 | ACCRUED SUTA - W VA. | 4,911.32 | |
| 2243 | ACCRUED STATE W/H - WEST VA | 5,547.10 | |
| 2248 | ACCRUED SUTA - MD | 3,071.83 | |
| 2249 | ACCRUED STATE W/H - MD | 9,728.80 | |
| 2250 | ACCRUED SUTA - MO | 161.13 | |
| 2251 | ACCRUED STATE W/H - MO | 1,341.00 | |
| 2256 | ACCRUED SUTA - OHIO | 520.00 | |
| 2258 | ACCRUED STATE W/H - OHIO | 485.40 | |
| 2275 | ACCRUED STATE W/H - VA | 14,773.69 | |
| 2276 | ACCRUED SUTA - VA | 3,282.40 | |
| 2281 | ACCRUED STATE W/H - ILLINOIS | 3,130.65 | |
| 2282 | ACCRUED SUTA - IL | 2,723.91 | |
| | | | |
| 2295 | ACCRUED PAYROLL TAXES | | 202,660.00 |

USFG/BS  1019

GL-200
DATE: 13-00-1999

CCI CONSTRUCTION CO., INC.
BALANCE SHEET - SCHEDULE 60

PAGE   6
02-12-2000 23:11

| 2296 | OTHER CURRENT LIABILITIES | | |
|------|----------------------------|--|--|
| 2301 | ACCRUED WORKERS COMP | 190,594.18 | |
| 2307 | ACCRUED CAFETERIA DEDUCTIONS | ( 40,624.70) | |
| 2310 | ACCRUED PAYROLL | 130,079.77 | |
| 2311 | ACCRUED UNION FRINGE PAYABLE | 186.85 | |
| 2313 | ACCRUED FRINGE FUND ACCOUNT | 6,079.45 | |
| 2315 | ACCRUED 401(K) PLAN | 2,411.12 | |
| 2325 | ACCRUED ACCOUNTING FEES | 31,900.00 | |
| | | | |
| 2415 | OTHER CURRENT LIABILITIES | | 320,629.67 |

**USFG/BS 1020**

GL-RC8

DATE: 13-00-1999

CCI CONSTRUCTION CO., INC.
BALANCE SHEET - SCHEDULE 70

PAGE    9
02-12-2000 23.!!

| | | |
|---|---|---|
| 2420 | NOTE PAYABLE-CAT EQUIPMENT | 53,065.32 |
| 2423 | NOTE PAYABLE-CIT | 145,972.70 |
| 2425 | NOTE PAYABLE-ALLFIRST EQUIPMN | 286,049.17 |
| 2430 | NOTE PAYABLE-LINE OF CREDIT | 3,292,551.45 |
| 2435 | NOTE PAYABLE-MISCELLANEOUS | 4,713:00 |
| | | |
| 2450 | NOTES PAYABLE-CURRENT | 3,782,351.64 |

USFG/BS 1021

GL-K08
DATE: 13-OC-1999

CCI CONSTRUCTION CO., INC.
BALANCE SHEET - SCHEDULE 80

PAGE    10
02-12-2000 23:11

| | | |
|---|---|---|
| 2820 | LONG TERM N/P-CAT | 144,827.52 |
| 2823 | LONG TERM N/P-CIT | 253,805.53 |
| 2825 | LONG TERM N/P-ALLFIRST EQUIPMENT | 973,570.50 |
| 2835 | LONG TERM N/P-MISCELLANEOUS | 14,876.15 |
| 2870 | NOTES PAYABLE-LONG TERM | 1,387,079.70 |

USFG/BS 1022

02-17-2000 08:42AM    FROM USF&G HARRISBURG    U    TO    914105782134    P.14

## CCI CONSTRUCTION CO., INC.
### WORK IN PROCESS
#### — December '99 —

| JOB NUMBER | B DESCRIPTION | C CONTRACT AMOUNT | D TOTAL COST WHEN COMPLETE | E ACTUAL COST JOB TO DATE | ESTIMATED COST TO COMPLETE | H (E/D) % OF COMPLETION | I INCOME EARNED TO DATE | J BILLED TO DATE | K (OVER) UNDER BILLING | C-D-L PROJECTED GROSS PROFIT AMOUNT | L/C/M PROJECTED GROSS PROFIT % |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 45400 | ALBEMARLE PRIS. | (4,582,917) | 15,344,471 | (12,681,611) | 2,662,660 | 81.58% | 11,697,236 | 12,014,311 | 117,075 | 681,500 | 5.698% |
| 48000 | AQUA WATER LINES | 191,037 | 89,915 | 992 | 167,923 | .1% | 263 | 0 | (2,263) | 25,168 | 13.17% |
| 47700 | COLE & COLD AQUA | 12,319,069 |  |  |  |  |  |  | (617,632) | 625,396 | 5.08% |
| 46700 | EPRI #1 | 4,069,423 | 11,692,616 | 3,274,467 | 10,583,248 | 9.49% | 1,161,511 | 1,216,331 | 499,580 | 281,482 | 6.93% |
| 46500 | GEISINGER/PLASM CTR | 16,155,581 | 2,978,539 | 3,850,950 | 84,462 | 85.06% | 3,493,892 | 3,353,672 | 60,844 | 233,369 | 1.46% |
| 45100 | JAMES RIVER | 7,242,081 | 18,922,012 | 3,634,620 | 6,071,422 | 61.85% | 9,398,494 | 10,065,998 | 852,346 | (192,846) | -2.68% |
| 46100 | LORD FAIRFAX | 2,250,740 | 7,434,477 | 7,965,660 | 3,851,057 | 46.87% | 3,138,941 | 4,951,632 | 9,655 | (754,142) | -10.43% |
| 46200 | OSTL IDH DH Haefield | 5,719,495 | 7,984,868 | 3,940,204 | 21,222 | 99.78% | 7,611,302 | 7,220,317 | 81,531 | 93,512 | 1.00% |
| 45900 | OSTL DH Murrysville | 22,594,222 | 4,061,553 | 3,601,849 | 121,369 | 97.01% | 3,992,239 | 4,953,770 | 6,928 | 49,656 | 1.54% |
| 47300 | PA TURNPIKE | 1,767,698 | 5,679,439 | 11,291,026 | 2,077,591 | 63.43% | 3,658,010 | 3,667,008 | 225,261 | 1,474,472 | 6.31% |
| 46500 | PA TRNPK DG-HOST RD | 12,969,654 | 21,139,461 | 11,291,026 | 19,330,733 | 8.56% | 1,939,624 | 2,156,875 | 73,212 | 83,556 | 5.98% |
| 47000 | PERRY POINT | 4,349,602 | 12,013,054 | 3,944,387 | 375,815 | 77.45% | 1,369,135 | 1,442,347 | 457,270 | 100,842 | 7.96% |
| 47500 | SR11 PERRY CNTY | 806,337 | 4,504,702 | 728,198 | 799,792 | 93.34% | 12,134,262 | 12,692,012 | 162,885 | 988,700 | -3.54% |
| 45800 | SR 22 CAMBRIA CNTY | 19,772,016 | 874,936 | 1,717,438 | 84,425 | 87.91% | 3,824,127 | 3,799,651 | (26,576) | (6,600) | -0.76% |
| 47600 | SCOTT A.F. BASE | 1,942,371 | 18,979,468 | 18,700,567 | 146,729 | 83.53% | 722,705 | 865,560 | 162,164 | 792,532 | 4.01% |
| 46600 | SUMMERDALE | 22,092,407 | 1,867,273 | 1,717,438 | 270,916 | 98.53% | 19,687,843 | 15,532,886 | (4,143,657) | 75,098 | 3.97% |
| 46600 | YCU LIFE SCIENCE | 166,003,679 | 20,654,978 | 6,676,194 | 149,936 | 91.98% | 1,786,511 | 1,786,874 | 128,164 | 727,892 | 5.42% |
|  |  |  | 156,176,113 | 92,064,231 | 14,189,784 | 32.00% | 7,062,581 | 8,822,931 |  | 2,122,925 |  |
|  |  |  |  |  | 62,081,882 |  | 93,225,955 | 93,175,083 | (85,920) |  |  |

DISTRIBUTION:
Doug McAninch
Shane Miller
John Ordenzo
Stan Phillips

### SUMMARY

|  | CCI |  |  | ADJUSTMENT FOR LOSS JOBS | SUMMARY |
|---|---|---|---|---|---|
| S & EARNINGS>BILLINGS | (4,177,415) |  |  | 18,731 | (4,158,685) |
| /BSS>COSTS & EARNINGS | 4,123,523 |  |  | 278,657 | 4,402,180 |
|  |  |  |  |  | 243,495 |
| UNDER BILLINGS | 224,765 |  |  | 296,897 |  |

## CCI-CONSTRUCTION MANAGEMENT WORK-IN-PROCESS

| JOB NUMBER | DESCRIPTION | TOTAL BILLED | TOTAL CREDITS | TOTAL PROFIT |
|---|---|---|---|---|
| 43600 | BIENVILLE FAC | 41,729 | 19,922 | 22,427 |
| 45209 | PA TURNPIKE COMMISSION | 226,634 | 78,704 | 146,130 |

### CONSTRUCTION MGMT DIVISION TOTAL:
| 268,363 | 98,626 | 170,698 |

USF&G/BS 1023

2/12/00  4:37 PM                    DEC 99 WIP - AUDIT.xls

717 671 7429    PAGE.14

# EXHIBIT D

strategic plan as to how they planned to continue operations in the
future.

Q. Was there additional information that was requested of CCI,
information of a financial nature, sir?

A. I'm sorry, say that again.

Q. Was there additional information of a financial nature that was
requested from CCI
by USF & G

A. Yes.

Q. And directing your attention, please, to Exhibits 326 and 327?

A. Yes.

Q. Can you identify those two exhibits, sir?

A. 326 is an interim financial statement for eleven months ending
November 30, 1999.  It's an in-house statement from CCI.

Q. And these were located in the underwriting files of USF & G?

A. Yes.

Q. This is information that is submitted by CCI to USF & G as part
of its standard practice of obtaining interim financial information
from its accounts?

A. Yes.

Q. And this information is maintained by
USF & G as a regular business practice?

A. Yes.

U.S. District Court, Middle District of PA

Q. And this is information prepared by CCI, correct?

A. Yes.

Q. Does this information indicate the financial health of CCI at the points in time reflected on these two exhibits, 326 and 327?

A. Well, it shows they're losing $2,230,000.

MR. MCCARRON: Objection. Unresponsive to the question. Let me just assert an objection here, Your Honor. We agreed both with respect to authenticity of the underwriting file to the extent that we agreed that the documents contained in the underwriting file were the documents which were maintained by USF & G in the underwriting file. However, with respect to this document in particular, we do not agree that it's admitted for any other purpose or that it should be allowed to be introduced for any other purpose other than the mere fact it is included in the underwriting file. We don't dispute that it was included in that underwriting file.

THE COURT: And your evidentiary point is what, that it's not admissible on what grounds?

MR. MCCARRON: Because it's otherwise hearsay, someone else's record. It's not,

it's interim financial information received by CCI to which this witness can't verify or confirm or authenticate.

THE COURT: That's where I thought you were headed. I just needed you to state it for the record. Mr. McGlynn, I'm inclined to

agree with Mr. McCarron, and I'm not sure that you can sponsor this exhibit through this witness.

MR. MCGLYNN: If I may, Your Honor, there is a third party records rule that is recognized by the Federal Rules of Evidence, and in this particular instance so long as we can lay the appropriate foundation that this information was gathered as part of a regular base, course of business of USF & G, which Mr. Daily testified it was, that this material was routinely submitted to USF & G as part of the business practice that it had of getting this information from his bonding accounts, including CCI, and quite frankly I think there could be a strong argument that Mr. McCarron's objection is waived because he has not -- he certainly can still object to the admissibility, but he's never raised this objection with respect to numerous other similar interim financial information that this witness has testified to over the course of five or six hours. So our contention, and I do have a memorandum, if I may approach, that deals with this.

(Brief pause.)

THE COURT: I'm reviewing your memorandum on the admissibility of third party records as business records under Rule 8036, and it indicates that the foundational elements are threefold. The entity must regularly incorporate the third party records into its own records kept in the regular course of business activity. I think

that's been established.

Number two, the entity must rely on the accuracy of the third

party records.  I think that there is sufficient testimony on the

record that USF & G relied on the accuracy of records submitted to

it, particularly the financial records submitted to it, and number

three, the witness must be able to vouch for the accuracy of the

third party records, and that I thought was the part that

Mr. McCarron was focused on and that's the part I was most concerned

about, can this witness vouch for the accuracy of the third party

records, does he have the ability to do that.

MR. MCGLYNN: Well, with the court's permission I can lay that

foundation, and

this is not, this is consistent with the foundation that has been

laid with respect

to other similar records where Mr. Daily has indicated that they got

this interim information for years, that it was used and compared

with the audit reports both before and after the interim financial

statements.  There was never a time when anything they received from

CCI turned out to be unreliable or incorrect.  So quite simply I was

going to lay the foundation as to the reasons for this information

coming in and they had no reason to not rely on it based upon the

prior history of this relationship.

THE COURT: Mr. McCarron, did I misstate the nature of your

objection?

     MR. MCCARRON: No.

     THE COURT: You're concerned about the third element?

     MR. MCCARRON: Yes.

     THE COURT: Why don't you --

     MR. MCCARRON: Let's say, Your Honor, I don't necessarily agree that the first test has been -- I'm sorry, the second, first test, first item has been satisfied simply to the extent that this is not for instance a medical bill that depends on a doctor submitted invoice correctly and he therefore can testify that it was incorporated for their own records. The second one I agree they did rely on, but it's mainly the third one that he can't substantiate the accuracy of and

I must say that concerning the nature of this case, if they're willing to say that interim information or any information received from CCI was accurate was this one audit and all the prior ones there wouldn't be, this case wouldn't be here. So it goes right to the heart of the matter.

     THE COURT: Well, I'm going to allow Mr. McGlynn to establish a foundation regarding the witness's ability to vouch for the accuracy of the third party records. I do believe that the first element is established. I do believe that USF & G regularly incorporated financial information of CCI into its underwriting files and

certainly took them into consideration when deciding whether to
continue the bonding program.  So I believe the first two elements
exist, and I'll allow you to ask further questions on the third
element.

      MR. MCGLYNN: Thank you, Your Honor.

      BY MR. MCGLYNN:

Q. Mr. Daily, directing your attention to Exhibit 335?

A. 335?

Q. Yes, sir.

A. Yes.

Q. In that letter Mr. Salazar is requesting certain financial
information from CCI, correct?

A. Correct.

Q. And did you ever see a 12-31-1999 audited financial statement
for CCI?

A. No.

Q. The other, the information that Mr. Salazar is looking for is
designed to elicit how this company is going to fare at the end of
1999, correct?

A. Yes.

Q. Was the information that, financial information which is shown
on exhibit --

      THE COURT: Excuse me.

U.S. District Court, Middle District of PA

Q.  -- Exhibit 326 and 326 --

THE COURT: Excuse me, I'm having technical difficulties.

MR. MCGLYNN: All right.  Is this a good time to take a break,
Your Honor?

THE COURT: It is.  I'm having problems with my realtime.
Let's take our afternoon break and reconvene at twenty of 3:00.

MR. MCGLYNN: Thank you.

THE COURT: We're in recess until twenty of 3:00. You may step
down, Mr. Daily, and stretch your legs.

(Recess taken at 2:26 p.m.  Testimony resumed at 2:40 p.m.)

THE COURT: Thank you. Please be seated. Mr. McGlynn, you may
continue.

BY MR. MCGLYNN:

Q. Thank you, Your Honor.  I hope your technical glitch has been
resolved.  Mr. Daily,
I direct your attention to Exhibits 326 and 337, please.

A. All right.  I have 326, and --

Q. 337.

A. 337?

Q. 326.  What is this, sir?

A. This is a November 30, 1999 interim in-house 11-month statement
for CCI Construction Company, Incorporated.

Q. And this bears a fax transmission date up at the top, does it


U.S. District Court, Middle District of PA

not?

 A. Yes.

 Q. And it's February 2, 2000?

 A. Correct.

 Q. And can you identify the document that is premarked Exhibit

337?

 A. That's a fax transmittal from Tony Phillips to Mike Walter of

the same information.

 Q. Are you sure it's the same information, sir?

 A. Well, no, it's not.

 Q. Do you know what period this financial statement was forming

part of 337 addresses, sir?

 A. Well, it says it's for the thirteen months ending 13001999.

 Q. You have seen this information before, sir?

 A. I don't remember.

 Q. Was this information taken out of the underwriting files of USF

& G home office?

  THE COURT: I don't know how he could testify to that if he

hasn't seen it before or doesn't recall seeing it before.

 Q. Mike Walter was your boss, sir?

 A. Yes.

 Q. Where was Mike Walter located?

 A. In Baltimore.

Q. In fact, he sat quite close to your office.

A. Right next to me, yes.

Q. And you saw this in the Baltimore office, sir, this document?

MR. MCCARRON: Objection.

A. Yes.

Q. And did you have any discussions with Mike Walter or Tony Phillips about this document, sir?

A. I don't think so.

Q. Do you know whether or not this particular document was located in the files of USF & G underwriting in Baltimore, sir?

A. It would have been.

Q. Sir, are you aware of the circumstances under which this information reflected in Exhibit 326 and 337 came into USF & G?

A. Yes.

Q. Can you please tell the court what those circumstances were?

A. We had asked for more current information.  CCI wanted additional bonding and we were looking for information to see whether or not we wanted to do that.

Q. CCI was no longer bonded -- strike that. CCI had not issued -- strike that.  USF & G had not issued bonds for CCI since September of 1999, sir?

A. Correct.

Q. And what was it that CCI wanted to do?

A. Well, they wanted to continue the relationship. I don't think there's no indication that we had discussed any numbers as to job size work program at this point. We wanted to see the information first

Q. And the information that you wanted to see, is that reflected in 326 and 337?

A. Yes.

Q. And is this information that is of the type of information that USF & G regularly requested of among others CCI?

A. Yes.

Q. And is this the type of interim information that you've talked about during today's and yesterday's proceedings, sir?

A. Yes.

Q. Up until -- strike that. As of this date, and the date I'm referring to is in Mr. Walter's memorandum, February 17, 2000, had you, the information that you had previously received from CCI of a financial nature since the inception of the relationship, had there been any reason to doubt the accuracy of that information?

A. No.

Q. Had the representations concerning CCI's financial condition given to USF & G during the period of the bonding relationship, had any of that up until this point proven to be inaccurate, sir?

A. No.

MR. MCCARRON: Objection.  At what point?

Q. I believe I said during the inception, from the inception up
until this point.  If I was unclear, Your Honor, I'll restate it.

THE COURT: Why don't you just indicate up to what point by
month and year.

Q. Thank you, Your Honor.  Mr. Daily, had
the information concerning the CCI's financial condition as given to
you by CCI, the inception of the relationship up until February 2000,
proved to be inaccurate

A. Beg your pardon?

Q. I'll rephrase.  From the inception of the bonding relationship
up to February of 2000 had the financial information that you had
been provided by CCI shown to be inaccurate?

A. No.

Q. What if any reliance was USF & G placing on the information
reflected in 326 and 327 as part of the consideration to restart
CCI's bonding program?

THE COURT: I think you meant to say 337.  You said 327.

Q. I'm sorry, sir.  I may be getting a little tired.  337, sir.
326 and 337.

A. We were looking for the information to support our
consideration of further of surety credit.

Q. And this is the information that you received in support of

CCI's request for a restart of their bonding program, sir?

A. Yes.

Q. Thank you.  Now, Mr. Daily, I would like you to turn to what has been premarked as Exhibit 186.

    MR. MCCARRON: 186?

Q. 186.

A. Okay.

Q. Would you please review 186 for me, please?

A. This is --

Q. I want you to review it first, please.  Review the information contained therein.

    (Brief pause.)

A. All right.

Q. Have you reviewed that material, sir?

A. Yes.

Q. And, Mr. Daily, I'm going to ask you to direct your attention to the columns on each of the first three pages of Exhibit 186 entitled "As Restated."  Would you do that for me, please?

A. Yes.

Q. And also to direct your attention to the middle column which is entitled "adjustments. "

A. Yes.

Q. Would you do that for me, sir?