UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| United States Fidelity and Guaranty Company | : | |
| | : | |
| v. | : | Hon. Christopher Conner |
| | : | |
| Bruce J. Brown and Brown, Schultz Sheridan & Fritz | : | No: 01-CIV-813 |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION REGARDING ADMISSIBILITY OF EXHIBITS 326 AND 337**

Defendants, Bruce Brown and Brown Schultz Sheridan & Fritz submit this brief in opposition to plaintiff's motion for reconsideration of this court's decision regarding the admissibility of Exhibits 326 and 337. Exhibit 326 is purportedly an interim financial statement of CCI Construction Company for the period ending 11-30-99. Exhibit 337 is purportedly interim financial information prepared by CCI Construction Company for the period ending 13-00-1999. *See* Exhibits B and C to Plaintiff's Motion for Reconsideration. The documents were admitted for the limited purpose of showing that they were included in USF&G's underwriting file. They were not admitted for the truth of the information included within the exhibits. *See* Trial Transcript at p. 1109.

Both exhibits are inadmissible hearsay. While plaintiff contends that the exhibits are admissible under Federal Rule of Evidence 803(6), plaintiff has not

produced a witness to give the foundation testimony required by that rule.

Federal Rule of Evidence 803(6) requires that the "custodian or other qualified witness" provide testimony sufficient to lay a foundation for admissibility of the records. The Third Circuit has permitted the admission of third party records incorporated into the business records of an entity under Rule 803(6) if a custodian or other qualified witness from that entity testifies to three requirements:

> First, the entity must regularly incorporate the third party records into its own records kept in the ordinary course of business activity. Second, the entity must rely on the accuracy of the third party records. <u>Third, and most important, the witness must be able to vouch for the accuracy of the third party records.</u>

*Falco v. Alpha Affiliates, Inc.*, 2000 U.S. Dist. LEXIS 7480 (D. Del. Feb. 9, 2000). The Third Circuit requires a showing of incorporation, reliance and verification of trustworthiness of the incorporated records. *Id.* at p. 17. Since the trustworthiness of the evidence is the justification of the business records exception, the verification must provide a strong assurance of accuracy. *Russo v. Abington Memorial Hospital Healthcare Plan*, 1998 U.S. Dist. LEXIS 18595 (Nov. 16, 1998 E.D. Pa.).

Mr. Daily in the testimony cited by plaintiff, did not vouch for the accuracy of the exhibits 326 and 337. There is no evidence before this Court as to any verification measures undertaken by USF&G with regard to the information in these exhibits. Mr. Daily merely testified that, prior to February of 2000, he personally did not have a reason to doubt the accuracy of CCI prepared financial information. He does not reference any measures either he or anyone else at USF&G undertook to

assure or verify the accuracy of the information contained in Exhibits 326 or 337. Mr. Daily's testimony does not establish the foundation necessary for the admission of these exhibits for the truth of the matters contained therein.

Moreover, USF&G's suggestion that it can, through one of its employees, vouch for the accuracy of CCI's financial information while at the same time maintaining this lawsuit which is based on the contention that Brown Schultz, by negligently performing its audits of CCI, failed to detect material misstatements in financial statements prepared by CCI is disingenuous at best.[1]  If USF&G, in fact, believes and can verify that the CCI financial statements are accurate and were accurate during the entire time of its bonding relationship with CCI, then this lawsuit is and always has been baseless.

Finally, Plaintiff's argument that because defendants did not object to the admission of other CCI interim financial information, Exhibits 326 and 337 should also be admissible is without merit.  Defendants are free to object or not object to any

---

[1] Indeed, Tony Phillips, USF&G's Harrisburg branch office manager and an underwriter on the CCI account testified in his deposition that he had lost confidence in the financial information being provided to him by CCI in late 1999 or early 2000.  Mr. Phillips was asked:

Q. Do you still believe that CCI provided reliable financial information?

A. Not being a CPA I couldn't determine when I lost my confidence in the information that CCI provided to us as being completely accurate with the exception of information provided to us in late '99 or early 2000 that kept changing on a negative basis.

May 29, 2002 Deposition of Tony Phillips, p. 262:21-263:6.

exhibit. The fact that defendants did not choose to object to one exhibit does not make another similar exhibit admissible. Defendants timely asserted objections to the exhibits at issue. The absence of objections to other exhibits did not lead to a waiver of the objections defendants asserted.

Based on the foregoing, plaintiff's motion for reconsideration should be denied.

Respectfully submitted,

SWARTZ CAMPBELL LLC

BY:  s/Kathleen M. Carson
     Jeffrey B. McCarron
     Kathleen M. Carson
     1601 Market Street
     34th Floor
     Philadelphia, PA 19103

Attorneys for Defendants Bruce J. Brown and Brown Schultz Sheridan & Fritz

Dated: November 15, 2003

## **CERTIFICATE OF SERVICE**

     I, Kathleen M. Carson, Esquire, counsel for defendants, Bruce J. Brown and Brown, Schultz Sheridan & Fritz, hereby certify that a copy of Defendants' Response in Opposition to Plaintiff's Motion for Reconsideration Regarding Admissibility of Exhibits 326 and 327 was served upon all counsel listed below on November 15, 2003 in the manner set forth below"

| | |
|---|---|
| Peter Speaker, Esquire<br>Thomas, Thomas & Hafer<br>305 North Front Street<br>Harrisburg, PA 17101 | Via First Class Mail |
| Peter B. McGlynn, Esquire<br>Bruce D. Levin, Esquire<br>Bernkopf, Goodman & Baseman LLP<br>125 Summer Street, Suite 1300<br>Boston, MA 02110 | Via Facsimile and First Class Mail |

                                                                s/Kathleen M. Carson
                                                                Kathleen M. Carson

Date: November 15, 2003